**SEEGERWEISS**LLP

77 Water Street, New York, NY 10005   P 212.584.0700   F 212.584.0799   www.seegerweiss.com

May 10, 2017

Hon. Edward M. Chen
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102

      **Re:**   *In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices and Products Liability Litigation*, MDL No. 2777

Dear Judge Chen:

      In accordance with Pretrial Order No. 1, I respectfully apply for appointment as Plaintiffs' Co-Lead Counsel, or, alternatively, to the Plaintiffs' Steering Committee ("PSC") in this case. Enclosed are my resumé (Exhibit A) and a list of counsel who support my appointment (Exhibit B).

      I am a founding partner of Seeger Weiss LLP. Our firm represents clients nationwide in complex litigation flowing from all manner of corporate misconduct—including fraud strikingly similar to the type that injured the class members here. As explained in greater detail below, I serve on the PSC (and other committees) in *In re Volkswagen "Clean Diesel" Mktg., Sales Practices and Prods. Liab. Litig.*, MDL No. 2672 (N.D. Cal.). Our firm has invested substantial resources investigating the defeat devices at issue in this MDL—including retaining an expert to examine the vehicle models in question—and was central to preparing the seminal complaint in these proceedings.[1]

      I've had the privilege to lead or serve on the PSC in many MDL proceedings. For example, in addition to my work in on *Volkswagen "Clean Diesel,"* I served as Co-Lead Counsel and chief negotiator for the plaintiffs in *In re NFL Players' Concussion Injury Litig.*, MDL No. 2323 (E.D. Pa.). I am extraordinarily proud of the results obtained for the class members in those proceedings—results made possible by focusing on the medical care class members needed, not just on numbers.

      I believe I've come to earn the trust of my peers, adversaries, and the judges before whom I have appeared, by virtue of my disciplined, earnest, and honest approach to litigation and conflict resolution. It would be my privilege to apply my experience to the plaintiffs' benefit here.

      Below are responses to Your Honor's specific requests for information.

---

[1] Seeger Weiss also is a member of the Executive Committee for the plaintiffs in *In re: Mercedes-Benz Emissions Litig.*, 2:16-cv-00881 (D.N.J.), which seeks injunctive relief and damages arising from the use of defeat devices in Mercedes-Benz vehicles.

**Relevant Experience and Court Appointments (Items 1-3)**

As noted above, I serve on the PSC and Settlement Committee in *Volkswagen "Clean Diesel."*[2] The classes in that MDL seek injunctive as well as monetary relief. My colleagues and I worked intensively for the better part of a year to work out comprehensive settlements in that matter. To date, we've obtained settlements with Volkswagen worth more than $15 billion for class members, including an optional "buyback" program for car owners, plus billions more in environmental relief. The settlements were structured so that Volkswagen, and not the class members, will pay class counsel's fees and costs. The work I and my firm did in *Volkswagen "Clean Diesel"* affords me and my colleagues intimate knowledge of not just the law and science relevant here, but the economics and corporate and government constituencies. I and my firm will bring this experience to bear to ensure that the interests of the class members here are protected in a fair, efficient, and effective process.

I also will bring to this matter my work as court-appointed Co-Lead Counsel for the plaintiffs in *In re NFL Players' Concussion Injury*, which alleged groundbreaking claims for declaratory, injunctive, and monetary relief. The case presented significant legal and procedural challenges, including federal preemption, causation, and sub-classing issues. It was a potential quagmire that could have delayed the relief our class members urgently needed. As chief negotiator, I was able to navigate these complexities and successfully lead settlement negotiations to obtain an uncapped fund valued at approximately $1 billion and a medical testing program—results overwhelmingly supported by the class. Similarly, in *In re Zyprexa Prods. Liab. Litig.*, MDL No. 1596 (E.D.N.Y.), in which I was appointed as Liaison Counsel, I was one of the chief negotiators of a $700 million settlement, followed by a $500 million second-round settlement that benefitted tens of thousands of individuals.[3]

My success at the negotiating table is built on my success in the courtroom. Counsel know I am fully willing and capable of taking large and complex cases to trial. My successes in bellwether trials have led to global settlements. For example, *In re Vioxx Prods. Liab. Litig.*, MDL No. 1657 (E.D. La.), in which I was appointed as Co-Lead Counsel, settled for $4.85 billion just months after my colleagues and I obtained a $47.5 million bellwether jury verdict. Similarly, in *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, MDL No. 2047 (E.D. La.), I was appointed Chair of the Plaintiffs' Trial Committee and lead trial counsel in a string of bellwether trials. The successful verdicts in those cases paved the way for a national settlement valued at approximately $1 billion.[4]

The judges presiding over the cases referenced above are:

- *In re Volkswagen "Clean Diesel"*:  Hon. Charles R. Breyer, 415-522-2062
- *In re NFL Players' Concussion Injury*:  Hon. Anita B. Brody, 215-597-3978
- *In re Zyprexa*: Hon. Jack B. Weinstein, 718-613-2520
- *In re Vioxx & In re Chinese-Manufactured Drywall*:  Hon. Eldon E. Fallon, 504-589-7545

---

[2]  I also serve on the Discovery and Trial Committee in *Volkswagen "Clean Diesel."*

[3]  I respectfully refer the Court to my resumé for a more complete description of my experience.

[4]  Currently, I am preparing for trial in *In re Testosterone Replacement Therapy Prods. Liab. Litig.*, MDL No. 2545 (N.D. Ill.). Trial is scheduled to begin the first week of June and run through the third week. As such, I respectfully request exemption from Paragraph 3 of Pretrial Order No. 1 and apologize in advance that I will not be able to appear at the May 24 conference or the June 14 hearing before Your Honor. My partner, Jennifer Scullion, will appear in my absence. Ms. Scullion is admitted in California and is an experienced trial lawyer with more than 20 years of class action and complex litigation experience. She will be working closely with me throughout this litigation.

### Willingness and Ability to Commit the Required Time and Resources (Items 4 & 6-8)

I would be honored to serve as Co-Lead counsel and/or as a member of the Plaintiffs' Steering Committee for any of the subcategories of claimants.  My firm possesses ample personnel, funding, and other resources to prosecute this matter in a timely and efficient manner.  As noted above, we have invested substantial sums in vehicle testing and experts for this matter.  Likewise, in addition to our time, we have invested millions of dollars in cases such as *Volkswagen "Clean Diesel," NFL Players' Concussion Injury*, and other cases in which we have leadership positions.  Following conclusion of the upcoming trial in *In re Testosterone Replacement Therapy*, I will personally be ready, able and eager to devote additional significant time to this matter.

### Cooperation With Other Counsel (Item 5)

With each appointment, a court entrusts me with the responsibility to shepherd the litigation to an efficient and effective outcome.  I maintain the highest standards of decorum, cooperation, and collegiality among plaintiff and defense counsel alike.  I will not tolerate any lesser standard from plaintiffs' counsel with whom I work.  The depth of my commitment to honest, practical cooperation is shown, in significant part, by the settlements I have helped broker in even the most high-pressure, publicly scrutinized cases, such as *Volkswagen "Clean Diesel"* and *NFL Players' Concussion Injury*.

### Other Considerations and Recommendations Concerning PSC (Items 9 & 10)

I believe deeply that, when carried out with skill, mutual respect, and common sense, litigation serves a critical role in our democracy.  I am therefore committed to sharing the experience, knowledge, and insight I have gained with my current and future colleagues by teaching, speaking, and writing on mass torts, MDLs, and class actions, as outlined in my resumé.  Equally important, I am focused on ways to <u>improve</u> how the bar and the bench work together to best achieve the end goal—ensuring that wronged parties get fair and effective representation and relief.  Toward that end, I serve on the Board of Advisers for the Center on Civil Justice at New York University School of Law and the Advisory Council for the Duke Conferences (part of the Duke Law School Center for Judicial Studies), through which my colleagues and I contribute to the development of best practices for MDLs.

With respect to leadership in this matter, I believe the plaintiffs will be served best through the combined leadership of Elizabeth Cabraser, Steve Berman, Lynn Sarko, and myself as Co-Lead Counsel.  Each of us has devoted our time and experience to investigate, shape, and bring these cases, and has proven leadership and expertise in *Volkswagen "Clean Diesel," Mercedes-Benz Emissions Litig.*, and many other automotive and consumer protection cases.  I also suggest an additional Executive Committee of up to ten lawyers.  Along with the Court's open application process, this tiered PSC structure will ensure that class members benefit from the expertise of the above individuals, as well as from a diversity of experience and backgrounds.  A tiered PSC also will allow for necessary subcommittees and additional opportunities for leadership among PSC members.

Respectfully submitted,

/s/  Christopher A. Seeger
CHRISTOPHER A. SEEGER

Encl.
cc:     All Counsel of Record (via ECF)