UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CHRYSLER-DODGE-JEEP ECODIESEL MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION. | Case No. 17-md-02777-EMC<br><br>**PRETRIAL ORDER NO. 3: ORDER APPOINTING PLAINTIFFS' LEAD COUNSEL, PLAINTIFFS' STEERING COMMITTEE, AND GOVERNMENT COORDINATING COUNSEL** |

On April 14, 2017, the Court issued Pretrial Order No. 1 in which it, *inter alia*, set a hearing date for selection of Plaintiffs' Lead Counsel and Steering Committee. The Court also set guidelines as to how applications for such positions should be made. *See* Docket No. 6 (Order § 5). The Court received more than thirty applications in response. On June 14, 2017, the Court held the hearing on the matter.

Having carefully considered the written applications and the applicants' oral statements, the Court hereby issues the following order regarding appointment of Plaintiffs' Lead Counsel and Steering Committee. The Court also addresses, in this order, appointment of Government Coordinating Counsel. Finally, in this order, the Court lays out specific litigation tasks to be completed by the parties.

## I. COUNSEL FOR PLAINTIFFS

All appointments herein are personal to the individual attorney appointed. While the Court expects that the individual attorneys will draw upon their firms, including their firms' resources, to assist them with their duties, each individual attorney is personally responsible for his or her duties. The Court may add or replace individual attorneys, if and as circumstances warrant.

A. <u>Lead Counsel</u>

    1. The Court appoints Elizabeth J. Cabraser (of Lieff, Cabraser, Heimann & Bernstein) as Plaintiffs' Lead Counsel and Chair of the Steering Committee ("PSC"). Ms. Cabraser has extensive experience with multidistrict litigation as well as class action litigation, consumer litigation, and complex litigation. The Court concludes that appointment of additional co-lead counsel is not necessary in this case. Mr. Cabraser has demonstrated her ability to serve as sole lead counsel in the VW multidistrict litigation. There is a consensus among VW PSC attorneys that Ms. Cabraser has been extremely effective in leading the VW team. She enjoys the support of a great number of fellow applicants, including those involved in the VW multidistrict litigation.

    2. The Court vests Ms. Cabraser, as Lead Counsel, with the authority described below. Although Lead Counsel has ultimate authority as described below, the Court expects Lead Counsel to consult and work collaboratively with the PSC in decision-making.

- To oversee case management and develop and implement a litigation plan;
- To sign and file all pleadings related to all actions;
- To sign and file motions or other requests for relief related to all actions, or to sign and file briefs in opposition to Defendants' motions or other requests for relief;
- To propound and/or respond to discovery (including the taking or defending of depositions);
- To conduct any investigation needed to support Plaintiffs' claims;
- To retain experts or consultants;
- To appear at status conferences and hearings;
- To enter into stipulations;
- To engage in settlement discussions with Defendants, interact with the settlement master (once appointed), and enter into settlement;
- To create a trial team to try the case on the merits and to try the case on the merits;
- To create the structure for the PSC (*e.g.*, establishing subcommittees), delegate tasks to the

PSC, and bind the PSC[1];

- To schedule and set agendas for PSC meetings and keep minutes or transcripts of these meetings;
- To establish and maintain a repository for litigation documents (preferably, electronic) and to make such documents available to class members or their representatives upon reasonable request;
- To maintain records of receipts and disbursements advanced by PSC members and report in writing to the PSC concerning receipts and disbursements;
- To prepare a protocol regarding attorneys' fees, expenses, and/or costs (for approval by the Court) and to bind the PSC to such Court-approved protocol;
- To appoint (if necessary) a Liaison Counsel, to be charged with essentially administrative matters;
- To retain the services of an attorney not part of the PSC to perform any common benefit work and to expand the PSC, provided that (a) the Court approves the appointment and (b) the attorney agrees to be bound by the Court-approved protocol regarding attorneys' fees, expenses, and/or costs[2];
- To carry out tasks ancillary and necessary to the above duties and any other duty as the Court may order.

B.  PSC

   1.  The Court appoints the following attorneys as members of the PSC (listed in alphabetical order):

---

[1] Lead Counsel may delegate tasks to attorneys within her firm but the Court's expectation is that a significant amount of substantive work will be delegated to PSC members. PSC members may delegate tasks to attorneys within their own firms. In addition, PSC members may delegate tasks to attorneys from outside firms provided that (a) Lead Counsel approves and (b) the attorneys agree to be bound by the Court-approved protocol regarding attorneys' fees, expenses, and/or costs. The Court reiterates that, although delegation is permissible, appointment here is of individuals.

[2] The Court recognizes the needs of the litigation may expand or exceed that estimated by the Court and that Lead Counsel is in a good position to determine those needs. The Court further recognizes there is a wealth of talent, experience, and expertise among the applicants who because of manageability and efficiency concerns were not named to the PSC.

- Steve W. Berman (of Hagens, Berman, Sobol, Shapiro LLP).
- David S. Casey (of Casey, Gerry, Schenk, Francavilla, Blatt & Penfield LLP);
- Rachel L. Jensen (of Robbins, Geller, Rudman & Dowd LLP);
- W. Daniel ("Dee") Miles, III (of Beasley, Allen, Crow, Methvin, Portis & Miles P.C.).
- Joseph F. Rice (of Motley Rice LLC);
- Lynn Lincoln Sarko (of Keller Rohrback L.L.P.);
- Stacey P. Slaughter (of Robins Kaplan LLP);
- Roland Tellis (of Baron Budd, P.C.);
- Lesley E. Weaver (of Bleichmar, Fonti & Auld LLP).

2. The Court has selected the above members based on various factors, including but not limited to experience, resources, the scope of the class (*e.g.*, geographic spread, categories of class members), the support of other attorneys, and diversity. The Court has attempted to balance the desire for continuity with the interest in diversity and to provide opportunities for new attorneys to leadership positions. As noted above, Lead Counsel may seek to expand or alter the PSC with Court approval.

3. Members of the PSC shall carry out only those tasks approved by Lead Counsel. Tasks that are not approved will not be compensated. That being said, as noted above, Lead Counsel shall consult and work collaboratively with the PSC in decision-making, including but not limited to decisions regarding the structure of the PSC.

## II. **GOVERNMENT COORDINATING COUNSEL**

1. The Judicial Panel on Multidistrict Litigation transferred to this Court *United States v. Fiat Chrysler Automobiles, N.V.*, No. 17-11633 (E.D. Mich.) to be a part of this multidistrict litigation. *See* Docket No. 154 (conditional transfer order). In light of the U.S. Government interests in this multidistrict lawsuit, the Court appoints Leigh P. Rendé (of the Environmental Enforcement Section, Environment and Natural Resources Division of the U.S. Department of Justice) as Government Coordinating Counsel for the interests of the United States.

2. As Government Coordinating Counsel, Ms. Rendé shall act on behalf of the U.S. Government interests and ensure that the appropriate U.S. Government decision makers are

participating. Ms. Rendé shall confer with Lead Counsel/the PSC and Defendants to achieve the greatest possible efficiencies and effectiveness.

### III. LITIGATION TASKS

Having appointed Plaintiffs' Lead Counsel, the PSC, and Government Coordinating Counsel, the Court now turns to litigation tasks that are time sensitive.

1. Plaintiffs' Lead Counsel shall file a protocol for attorneys' fees, expenses, and/or costs for the Court's approval. The purpose of the protocol is to ensure that the fees, expenses, and/or costs incurred are reasonable and necessary to the litigation. The protocol shall address, *e.g.*, the exercise of billing judgment; the maintenance of contemporaneous, detailed time records; the periodic reporting of fees, expenses, and/or costs to Lead Counsel and/or the Court; staffing; PSC meetings; and Court hearings. Lead Counsel is encouraged to review the guidelines approved by the Court in *In re CarrierIQ*, No. 12-md-2330 EMC (N.D. Cal.) (Docket Nos. 108, 110). The protocol shall be filed within two weeks of the date of this order.

2. Plaintiffs' Lead Counsel and Defense Counsel shall meet and confer to discuss adoption of a hearing transcript protocol similar to that adopted in the VW multidistrict litigation. *See In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672 CRB (JSC) (Docket No. 1333) (order regarding production of transcripts of court proceedings). The parties shall file a stipulation and proposed order on the hearing transcript protocol within two weeks of the date of this order.

3. Plaintiffs' Lead Counsel shall file a consolidated amended complaint within thirty (30) days of the date of this order. Defense Counsel shall have thirty (30) days to file a response to the consolidated complaint once it is filed. If Defense Counsel files a motion to dismiss, the briefing and hearing schedule shall comply with the Civil Local Rules absent stipulation by the parties and approval by the Court.

4. Defense Counsel shall file a response to the U.S. Government's complaint no later than the filing of Defendants' response to the Plaintiff's consolidated amended complaint. If Defense Counsel files a motion to dismiss, the briefing and hearing schedule shall comply with the Civil Local Rules absent stipulation by the parties and approval by the Court.

5. Although Defense Counsel has indicated that it intends to file a motion to dismiss, the Court orders all parties (including Government Coordinating Counsel) to hold a Rule 26(f) conference. Matters to be discussed include a discovery plan, a preservation order, an electronically stored information ("ESI") order, a protective order, and the scheduling of anticipated motions and trial. The Rule 26(f) conference shall take place within thirty (30) days of the date of this order. The Court shall thereafter hold a case management conference on Tuesday, August 8, 2017, at 10:00 a.m. A joint case management conference statement shall be filed no later than a week prior to the conference.

6. The Court shall address selection of a settlement master in a separate order.

This order disposes of Docket Nos. 64, 68-69, 73, 77-79, 81-85, 87-91, 93, 95, 97-98, 100-01, 104, 106-08, 110, 112-13, and 124.

**IT IS SO ORDERED**.

Dated: June 19, 2017

_____
EDWARD M. CHEN
United States District Judge