

# STATE OF NEW YORK
## OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

DAVID E. NACHMAN
SENIOR ENFORCEMENT COUNSEL
EXECUTIVE DIVISION

August 23, 2017

*Via UPS Next Day Air*

The Honorable Edward M. Chen
United States District Court
Northern District of California
San Francisco Courthouse
Courtroom 5 – 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Mr. Kenneth R. Feinberg
Feinberg Law Offices
The Willard Office Building
1455 Pennsylvania Avenue, NW
Suite 390
Washington, DC 20004-1008

*In re: Chrysler-Dodge-Jeep Ecodiesel Marketing, Sales Practices, And Products Liability Litigation*, No. 17-md-02777 EMC – This Correspondence Relates To All Actions

Dear Judge Chen and Mr. Feinberg:

We write on behalf of a coalition of more than 40 states and jurisdictions (the "States") that are diligently pursuing their investigation and potential claims relating to the design, importation, marketing and sale by Fiat Chrysler ("Fiat") of approximately 104,000 diesel engine automobiles that are alleged to contain multiple illegally undisclosed Auxiliary Emissions Control Devices and "defeat devices." It is alleged that these devices concealed from consumers across the country and the relevant state and federal authorities that the vehicles were emitting three to twenty times more nitrogen oxide than they were permitted by law to emit. Below, we describe the potential claims the States are investigating and confirm the States' willingness to participate in discussions with Mr. Feinberg, Fiat, and the other parties to the Fiat Multidistrict Litigation that is before the Court.

First, we would like to advise the Court that most of the States, as well as many of the undersigned counsel recently were part of a multi-month coordinated investigation of Volkswagen, Audi and Porsche for similar conduct involving defeat devices designed to evade nitrogen oxide emissions limits. During that investigation, the participating states engaged in a mediation process with Volkswagen and its affiliates, as well as other private and government parties to the Volkswagen Multidistrict Litigation. Although that mediation, which was conducted by Settlement Master former FBI Director Robert Mueller, did not result directly in a resolution of the states' claims against Volkswagen and its affiliates, it nevertheless played an important role in moving the parties' discussions forward towards an eventual settlement of most states' consumer and environmental claims.

Honorable Edward M. Chen Page 2
Mr. Kenneth R. Feinberg

      Although Fiat, unlike Volkswagen, has not conceded any liability, the information that is publicly available and already has been developed in the States' investigation provides reason to believe that Fiat may have committed violations of law on a large scale in at least three areas of vital interest to all the States:  (a) our interest in protecting consumers against deception and ensuring an honest commercial marketplace, as reflected in the Unfair and Deceptive Acts and Practices ("UDAP") statutes universally adopted by the States in one form or another, (b) our interest in protecting the environment and the health and safety of our citizens, as reflected in the States' environmental laws and regulations, including low emission vehicle regulations and auto inspection and maintenance regimes, and the States' various rules forbidding tampering and requiring accurate and truthful reporting and record-keeping, and (c) our interest in upholding the States' regulatory requirements and protecting against systematic efforts to evade or subvert state law.

      The States' UDAP statutes provide broad injunctive and remedial powers that authorize the States to seek, and courts to fashion, full and robust relief for the car owners who purchased or leased the affected diesel vehicles.  Indeed, the States are well-positioned to help ensure that the remedial program for consumers ultimately agreed upon or directed by a court also recognizes the need to protect the environment and reduce excess emissions going forward.

      In addition to the broad remedial authority they extend, the States' UDAP statutes provide for substantial penalties – potentially totaling, in aggregate, many hundreds of millions of dollars – designed to serve as both a specific deterrent against repetition by the offending parties, as well as a general deterrent for any other party contemplating such a systematic and longstanding disregard of law as may have occurred here.

      The States' environmental and inspection and maintenance laws and regulations also provide for substantial penalties – again, potentially totaling in the many hundreds of millions of dollars – if Fiat is found to have violated:  the federal EPA emissions standards accepted by many States; the "California standards" adopted into their respective regulatory schemes by a number of States under the authority of Section 177 of the Clean Air Act, 42 U.S.C. § 7507; and the anti-tampering and inspection and maintenance provisions of all or most States.  It bears emphasizing that state regulation plays an important complementary role to the authority of the EPA and Department of Justice, and will need to be accommodated in any global resolution of the multiple legal and policy issues presented by Fiat's alleged conduct.

      In addition, certain of the States are actively investigating the role of Bosch in connection with Fiat's diesel emissions, as well as the diesel emissions of other car manufacturers.  Whether the states' concerns regarding Bosch's conduct is an appropriate subject for the mediation is a matter that the States are prepared to discuss with the mediator.

      As the Court is aware, the States have not commenced any actions and are not parties in this Multidistrict Litigation.  As was the case at the same point in the investigation of Volkswagen and its affiliates, currently the States are actively pursuing their investigation, including through the service of numerous subpoenas and civil investigatory demands directed at Fiat and third parties, the review of voluminous document productions and returns of service, and discussions with other governmental entities.  The States are actively considering all

Honorable Edward M. Chen  Page 3
Mr. Kenneth R. Feinberg

appropriate enforcement options.  Equally, however, the States are prepared to see whether a global negotiated resolution of the Fiat matter is possible on terms commensurate with the seriousness of Fiat's alleged conduct and that does justice to the legitimate interests of consumers, the States, the EPA, CARB and any other relevant government agencies.

As was the case during the states' Volkswagen investigation, the interests and potential claims of the States are closely related to the claims that have been asserted by both the private and governmental parties in this Multidistrict Litigation.  We believe any truly global resolution of the claims asserted in this litigation will need to address the defendants' exposure to the substantial remedial and penalties claims of the States.  The States therefore welcome the opportunity to take part in proposed discussions and, although not parties to these consolidated actions and not intending to become parties, stand ready to participate constructively in those discussions.

Pursuant to the Court's directive in its Pretrial Order Number 9, filed August 9, 2017, this letter will be filed on the docket.

Respectfully yours,

David E. Nachman
Senior Enforcement Counsel – Executive Division
Office of the New York Attorney General

and

Corey L. Maze
Special Deputy Attorney General
Office of the Alabama Attorney General

Brendan T. Flynn
Assistant Attorney General
Office of the Connecticut Attorney General

Cassandra Halm
Assistant Attorney General
Office of the Illinois Attorney General

Patrick Henry McCormally
Assistant Attorney General
Office of the Maryland Attorney General

Gillian Feiner
Managing Attorney
Office of the Massachusetts Attorney General

Honorable Edward M. Chen                                                                                                    Page 4
Mr. Kenneth R. Feinberg

                                        Althea Cullen
                                        Assistant Attorney General
                                        Office of the Oregon Attorney General

                                        Nanette DiNunzio
                                        Assistant Attorney General
                                        Office of the Texas Attorney General

                                        John Nelson
                                        Assistant Attorney General
                                        Office of the Washington Attorney General

Cc (by UPS Next Day Air):

Leigh Rendé
    U.S. Department of Justice

Elizabeth J. Cabraser
    Lieff Cabraser Heimann & Bernstein – Plaintiffs' Lead Counsel

Robert J. Giuffra Jr.
    Sullivan & Cromwell – for FCA

David E. Brodsky
    Cleary Gottlieb – for Bosch

Judy Fiorentini
    Office of the California Attorney General