1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CHRYSLER-DODGE-JEEP ECODIESEL MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | No. 3:17-md-02777-EMC<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>The Honorable Edward M. Chen |

1.    <u>PURPOSES AND SCOPE</u>

1.1    Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted. Accordingly, the Parties hereby stipulate to and petition the United States District Court for the Northern District of California (the "Court") to enter the following Stipulated Protective Order (the "Order").

1.2    The purpose of this Order is to facilitate the production of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material to be kept confidential, and ensure that protection is afforded only to material entitled to such treatment, pursuant to the Court's inherent authority, its authority under Fed. R. Civ. P. 16 and 26, the judicial opinions interpreting such Rules, and any other applicable law. Except as otherwise stated in this Order, a Party shall produce, in response to a valid discovery request, otherwise discoverable information in its possession, custody or control that is Confidential or Highly

Confidential, and such information shall be handled in accordance with the procedures set forth herein.

1.3     This Order shall govern the practice and procedure in those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation (the "Panel") pursuant to its Transfer Order of April 5, 2017 (Docket No. 1), any "tag-along" actions transferred to this Court by the Panel pursuant to the Panel's Rules of Procedure, and all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto.

1.4     This Order and all subsequent Protective Orders shall be binding on all Parties and their counsel in all cases currently pending or subsequently transferred to *In re Chrysler-Dodge-Jeep Ecodiesel Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2777, and any other persons or entities who become bound by this Order by signifying their assent though execution of the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A hereto, and shall govern each case in this MDL proceeding unless the Order explicitly states that it does not apply to specific cases or that it applies only to specific cases.

1.5     The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in subsection 11.7 below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2.     <u>DEFINITIONS</u>

The following definitions apply for purposes of this Order:

2.1     <u>Action</u>:  any and all cases that have been or subsequently are consolidated into *In re Chrysler-Dodge-Jeep Ecodiesel Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2777, for pre-trial proceedings, including any "tag-along" actions transferred to this Court by the Panel pursuant to the Panel's Rules of Procedure, and all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto.

2.2     Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3     Confidential Information:  Discovery Material (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.4     Counsel:  Attorneys of the U.S. Department of Justice executing tasks and responsibilities in connection with this Action, the Court-appointed Plaintiffs' Steering Committee, Outside Counsel of Record, and In-House Counsel, as well as employees and support staff of these categories of attorneys (including, but not limited to, paid or unpaid, temporary or permanent law clerks, paralegals, and administrative or clerical personnel).

2.5     Designating Party:  a Party or Non-Party that designates documents, information, or items that it produces in disclosures or in responses to discovery as Protected Material.

2.6     Discovery Material:  all items, documents or information, including of any Non-Party, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, answers to interrogatories, documents, responses to requests for admissions, tangible things, and informal exchanges of information), that are produced or generated in connection with any discovery in this Action, whether formally or informally.

2.7     Expert:  a person retained by a Party or its Counsel to serve as an expert witness or consultant or technical advisor in connection with this Action (as well as his or her employees and support staff).

2.8     Foreign Private Data:  any personal or private information that a Party believes in good faith to be subject to foreign (i.e., non-U.S.) data protection laws or other foreign privacy obligations that would otherwise prohibit a Producing Party from disclosing such information to one or more of the Receiving Parties.  Foreign Private Data constitutes Highly Confidential Information under the terms of this Order.

2.9     Highly Confidential Information:  Discovery Material that (a) is Foreign Private Data, or (b) meets the definition of "Confidential Information" and which the Designating Party

reasonably believes to be (i) information reflecting product design or development, non-public technical research, pricing and business strategy documents concerning a particular product or line of products, financial statements reflecting sales data, product margin data, cost and expense data, and/or profit and loss data, sales information relating to specific customers or classes of customers, non-public scientific research; (ii) as to any governmental Parties, information the disclosure of which absent the protections afforded herein to Highly Confidential Information may harm the United States or any state or foreign government's ability to investigate and/or enforce applicable laws; or (iii) information the disclosure of which absent the protections afforded herein to Highly Confidential Information could create a substantial risk of serious harm that could not be avoided by less restrictive means. Nothing herein precludes any Party from seeking additional protections not currently contemplated by this Order to be applied to any particular document or category of documents, including Highly Confidential Information.

2.10    In-House Counsel:  attorneys who are employees of a Party to this Action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel, or counsel employed by the U.S. government.

2.11    Liaison Counsel:  Plaintiffs' Lead Counsel, counsel for the Defendants, and Government Coordinating Counsel.

2.12    Non-Party:  any natural person, partnership, corporation, association, or other governmental or legal entity not named as a Party to this Action, and their counsel.

2.13    Non-Party Protected Material: Discovery Materials produced by a Non-Party that a Party or producing Non-Party has designated as Protected Material as defined in subsection 6.4.

2.14    Outside Counsel of Record:  attorneys who are not employees of a Party to this Action but have been retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm or governmental agency which has appeared on behalf of that Party.

2.15    Party:  any party to this Action who or that has appeared, or subsequently appears, in this Action.

2.16　Personally Identifiable Information:  any personal or private information that a Party or Non-Party believes in good faith to be subject to federal or state privacy obligations that would otherwise prohibit the Producing Party from disclosing such information to one or more of the Receiving Parties.  Examples of such data protection laws include, but are not limited to, The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information) and The Health Insurance Portability and Accountability Act and the regulations thereunder, and 45 C.F.R. Part 160 and Subparts A and E of Part 164 (medical information).

2.17　Privileged Material:  Discovery Material protected from disclosure under the attorney-client privilege, work product doctrine, or any other privilege or protection afforded or recognized by Rule 26 of the Federal Rules of Civil Procedure or Rule 501 of the Federal Rules of Evidence, including any such privilege or protection under applicable U.S. or foreign law, regulation, or statute.

2.18　Producing Party:  a Party or Non-Party that produces Discovery Material in this Action.

2.19　Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, graphic support services, coding, translating, preparing exhibits or demonstrations, document review, and processing, organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.20　Protected Material:  Discovery Material (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and that has been designated as Confidential Information or Highly Confidential Information in accordance with the provisions of this Order.

2.21　Receiving Party:  a Party that receives Discovery Material from a Producing Party.

2.22　Submitting Entity:  any entity or individual that has submitted information to the United States which the entity or individual claims is protected from public disclosure, or which the United States has informed the entity or individual would be protected from public disclosure by applicable federal law.

3.     SCOPE

3.1     The protections conferred by this Order apply to Protected Material (as defined above) and also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, translations, or compilations of Protected Material; and (3) any oral, written, or electronic communications, testimony or presentations, including for purposes of settlement, by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Order do not cover information that is in the public domain at the time it is disclosed to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order.  Nevertheless, information that is in the public domain may otherwise be designated as Confidential or Highly Confidential under this Order and subject to the protections of this Order if the Designating Party notifies the other Parties that it believes that the information is in the public domain as a result of improper or unlawful actions and that it either has instituted, or, within 10 calendar days, will institute, steps to protect the information, including attempting to have the information removed from the public domain.

3.2     This Order and its protections apply for pre-trial purposes only.  The Parties will meet and confer at the appropriate time regarding any use of Protected Material at trial, which use shall be governed by a separate agreement or order.

3.3     Nothing in this Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose.

3.4     Nothing in this Order prohibits the United States from using or disclosing, for purposes other than this litigation, documents or information that the United States obtains outside of this litigation, subject to any confidentiality restrictions outside of this litigation that govern those documents or information.

3.5     This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to seek a modification of this Order.

4.    <u>DURATION</u>

4.1    Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    If a Producing Party has a good faith belief that Discovery Material qualifies for protection under Rule 26(c) of the Federal Rules of Civil Procedure, the Producing Party may designate such Discovery Material as Confidential Information or Highly Confidential Information by marking such Discovery Material in accordance with subsection 5.4.1.

5.2    A Producing Party may also designate Discovery Material as Confidential Information or Highly Confidential Information where the Discovery Material:  (1) has not been subject to a full page-by-page review for information that may qualify for protection under Federal Rule of Civil Procedure 26(c); and (2) was obtained from a source that may contain information that may qualify for protection under Federal Rule of Civil Procedure 26(c).

5.3    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see, e.g.*, subsection 5.4.4 below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated at the time the material is disclosed or produced.  The Parties shall make Confidential and Highly Confidential designations in good faith to ensure that only those documents or testimony that merit Confidential or Highly Confidential treatments are so designated.  Either designation may be withdrawn by the Designating Party.  A Producing Party may revoke its designation of Discovery Material as Confidential Information or Highly Confidential Information by providing another copy of such Discovery Material without the markings required by subsection 5.4.1. The Producing Party must revoke its designation of Discovery Materials as Confidential Information or Highly Confidential

Information if he, she or it intends to use the materials in litigation and determines that such Discovery Materials do not contain Confidential Information or Highly Confidential Information. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.4     Designation in conformity with this Order requires the following:

5.4.1   *Marking*.  All or any part of a document, image file, tangible thing, discovery response, or pleading disclosed, produced, or filed by a Producing Party may be designated as Confidential Information or Highly Confidential Information, by branding each page or image with the words, as applicable, "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER (MDL 2777)" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER (MDL 2777)."    With respect to tangible items, the appropriate legend shall be marked on the face of the tangible item, if practicable, or by written notice to the Receiving Party at the time of disclosure, production or filing that such tangible item is, or contains, Confidential Information or Highly Confidential Information.  With respect to documents produced in native format and electronically stored information ("ESI"), designation shall be executed in a manner consistent with an ESI Protocol to be entered in this Action.

5.4.2   A Designating Party may request a court reporter to separately bind transcript pages containing Confidential or Highly Confidential Information with the appropriate legend ("SUBJECT TO PROTECTIVE ORDER – CONFIDENTIAL (MDL 2777)" or "SUBJECT TO PROTECTIVE ORDER – HIGHLY CONFIDENTIAL (MDL 2777)") affixed to the relevant pages.  Any additional court reporter charges for this treatment of the transcript shall be borne by the Designating Party.

5.4.3   A Receiving Party shall exercise good faith efforts to ensure that any copies, print-outs of natively produced documents or data, translations, excerpts, summaries, or compilations include a confidentiality legend that matches the confidentiality designation the Designating Party applied to the document, discovery response, transcript, or pleading.

5.4.4   *Timing*.  Except as otherwise provided herein, documents and other objects must be designated before disclosure or production.  In the event that a Producing Party designates some or all of a witness's deposition or other pre-trial testimony (or related exhibits) as Confidential Information or Highly Confidential Information, such designation may be made on the record of the deposition or hearing or within thirty (30) calendar days after receipt of the final transcript of such deposition or hearing.  The specific page and line designations over which confidentiality is claimed must be provided to Liaison Counsel within thirty (30) calendar days of receipt of the transcript in final form from the court reporter, provided, however, that Liaison Counsel will consider reasonable requests for an extension of the deadline.  Deposition or pre-trial testimony shall be treated as Highly Confidential until the deadline or, if applicable, extended deadline for designation has expired.  After the expiration of that period, the transcript shall be treated only as actually designated.

5.4.5   Notwithstanding anything to the contrary in this Order, a party may disclose prior deposition testimony to a witness during his or her deposition in accordance with subsubsection 7.2.1(c) of this Order.  Notwithstanding any other provision in this Order, portions of each transcript containing testimony related to a document containing Protected Material of a Non-Party shall be treated as Protected Material. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order. Counsel shall exclude from depositions any person who is not authorized by the Order to receive Protected Material or anyone who would be authorized but who refuses to sign the Acknowledgement of Understanding and Agreement to Be Bound (Exhibit A), but only during periods of examination or testimony directed to or comprising Protected Material.

5.4.6   For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "SUBJECT TO PROTECTIVE ORDER - CONFIDENTIAL (MDL 2777)" or "SUBJECT TO PROTECTIVE ORDER - HIGHLY CONFIDENTIAL (MDL 2777)."  If only a portion or

portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.5 <u>Inadvertent Failure to Designate</u>.  Accidental or inadvertent disclosure of Protected Material—including Protected Material inadvertently disclosed by failure to redact as set forth in Section 10—does not waive the confidential status of such information or any privilege or other protection attached thereto, provided, however, that a failure to timely designate deposition testimony as required by subsection 5.4.4 of this Order (subject to any agreed extensions), even if inadvertent, waives any protection for deposition testimony, except for deposition testimony related to Non-Party Protected Material as provided in Section 2.  In the event that Protected Material is inadvertently disclosed without appropriate designations, any Party or Non-Party may thereafter reasonably assert a claim or designation of confidentiality, and the Producing Party shall promptly provide replacement media.  Thereafter, the Receiving Party must promptly return the original information and all copies of the same to the Producing Party, or destroy the original information and all copies, and make no use of such information.  In the event that Protected Material is inadvertently disclosed to any person and such disclosure is not permitted by the terms of this Order, the Party making the inadvertent disclosure will make all reasonable efforts to ensure the original and all copies of inadvertently disclosed information are not used and are promptly returned or destroyed. No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Protected Material.  If a Party identifies a document (not previously marked or identified as Protected Material) that appears on its face or in light of facts known to the Party to contain Protected Material of any person, the party identifying the information is under a good-faith obligation to notify the Producing Party and/or the interested person of the disclosure. Such notification does not waive the identifying Party's ability to subsequently challenge any assertion that the document contains Protected Material.  If the Producing Party or other interested person wishes to assert that the document contains Protected Material, it shall provide such notice and replacement copies endorsed in compliance with this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  A challenge to a designation of confidentiality may be made at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the confidentiality designation is made.

6.2    Form of Challenges.  The Challenging Party shall object to the propriety of the designation of specific material as Confidential or Highly Confidential by providing written notice to the Designating Party of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific subsection of this Order.  Subject to subsection 6.4, the Designating Party or its counsel shall thereafter, within fourteen (14) calendar days, respond to such challenge in writing by either: (i) agreeing to remove the designation; or (ii) stating the reasons for such designation.  Counsel may agree to reasonable extensions.

6.3    Meet and Confer.  If the Challenging Party continues to dispute the designation(s) at issue, it shall notify the Designating Party in writing within seven (7) calendar days thereafter. Counsel may agree to reasonable extensions.  The Parties shall attempt to resolve each challenge in good faith by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient).  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

6.4    Non-Party Protected Material.

6.4.1    If a Party challenges the United States' designation of Non-Party Protected Material submitted prior to the commencement of this Action to the United States pursuant to 40 C.F.R. Part 2, Subpart B, the United States must respond to the challenge within forty-five (45) calendar days. Within fourteen (14) calendar days of the challenge, the United

States shall notify or make reasonable efforts to notify the Non-Party. The United States shall not be required to respond to the challenge until fourteen (14) calendar days after having notified the Non-Party. The Non-Party shall be permitted to intervene to defend the designation pursuant to the procedures and standards set forth in this subsection.

6.4.2    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in the Party's possession, and the Party is subject to an agreement with the Non-Party not to produce such information, then the Party shall: (1) promptly notify in writing the Party requesting the Protected Material that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; (2) promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and (3) make the information requested available for inspection by the Non-Party. If the Non-Party fails to object or seek a protective order from the appropriate court within fourteen (14) calendar days (or the notification period contained in any agreement with a Non-Party, whichever is longer) of receiving a notice and accompanying information pursuant to this subsection, the Receiving Party may produce the Non-Party's Protected Material responsive to the discovery request, and such information shall be produced with the same designation as the one made by the Non-Party.

6.4.3    The terms of this Order, including the provisions on challenging confidentiality designations set forth in subsections 6.1–6.3, are applicable to all Protected Material produced by any Non-Party in this Action.  Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

6.4.4    A Non-Party's use of this Order to designate Protected Material does not entitle that Non-Party to access to any other Protected Material produced by any Party or other Non-Party in this Action.

6.5     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party may move the Court for an order withdrawing the designation as to the specific designations on which the Challenging Party and the Designating Party could not agree, within fourteen (14) calendar days of the Parties agreeing that the meet-and-confer process will not resolve their dispute.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed in subsection 6.3.

6.6     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  While a challenge is pending, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court orders otherwise.

7.     ACCESS TO AND DISCLOSURE AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in this Action only for prosecuting, defending, or attempting to settle this Action, including any appeal(s), so long as such use is permitted herein, except that (1) the Parties may use information as otherwise authorized by an order of the Court, and (2) the United States may use Protected Material in accordance with the requirements of subsection 11.11.  Any Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  After the final disposition of the Action, a Receiving Party must comply with the provisions of Section 12 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of Protected Material.  Except as stated in the subsections below, or otherwise ordered by the Court or permitted in writing by the Designating Party, the Parties shall not disclose Protected Material to any other person.

7.2.1     Disclosures Pursuant to Signed Exhibit A. The Parties may disclose or permit the disclosure of Protected Material to persons within categories listed below provided that each person signs Exhibit A, "Acknowledgment of Understanding and Agreement to Be

Bound." Counsel for the Party disclosing the Protected Material shall retain all signed acknowledgements for a period of three years after the termination of the litigation, including all appeals, and the acknowledgements need not be produced unless the requesting person establishes prima facie evidence of a violation of this Order.

(a)     Consultants, investigators, or Experts employed or retained by the Parties or their counsel to assist in the prosecution or defense of claims asserted in this Action;

(b)     Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including Professional Vendors;

(c)     Potential or actual witnesses in this Action to whom disclosure is reasonably necessary. During their depositions, witnesses in this Action to whom disclosure is reasonably necessary may receive a copy of documents containing Protected Material during the deposition and for the purpose of reviewing their transcript, but may not retain a copy;

(d)     Mediators and their staff to whom disclosure is reasonably necessary for this Action;

(e)     Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action; and

(f)     Outside counsel or counsel for the United States assisting in the prosecution or defense of claims asserted in the Action, but who do not fall within the definition of Counsel.  For law firms serving as outside counsel to a Party, a supervising partner may sign Exhibit A on behalf of the firm's employees and support staff (including, but not limited to, paid or unpaid, temporary or permanent law clerks, paralegals, and administrative or clerical personnel) that are working under his or her direction.

7.2.2    Disclosures Without Signed Exhibit. The Parties may disclose or permit the disclosure of Protected Material, without the requirement to sign Exhibit A, to persons within categories listed below.

        (a)    The Receiving Party and employees, officers, and directors of that Receiving Party but only to the extent that counsel determines in good faith that the employee's assistance is reasonably necessary to the prosecution or defense of this Action;

        (b)    Counsel;

        (c)    The Court and its personnel, and any appellate court or other court (and their personnel) before which the Parties appear in this Action;

        (d)    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

        (e)    Special masters or discovery referees appointed by the Court.

7.3    Restrictions on Use of Highly Confidential Information.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Highly Confidential Information only to the persons identified in Sections 7.2.1 and 7.2.2(b)-(e) in accordance with the terms set forth therein, except that disclosure may not be made to a Receiving Party's Expert unless the Expert first signs an undertaking stating that he or she is not currently employed by any Party (excluding any retention for this Action) and that he or she will not use any Protected Materials in connection with any work or services he or she may perform for any entity that directly competes with any of the Defendants in vehicle manufacturing or in the design, programming, or calibration of electronic engine control units or emission control equipment.

7.4    Restriction on Disclosure in Actions Outside the United States.  Except, with respect to governmental Parties only, as specifically provided in subsection 11.11 or where disclosure is otherwise authorized by United States law, treaty, convention, or international mutual agreement, no Discovery Material shall be disclosed, shared, distributed, or otherwise provided in any manner to legal counsel in pending or threatened litigation against any of the

Defendants outside of the United States through any other provision of this Order, regardless of whether such legal counsel can be classified as a consultant or affiliate of any U.S. attorney of record in any legal proceeding against any of the Defendants within the United States.

7.5     Control of Documents. Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure or use of Protected Material.

7.6     Depositions.  Counsel for any Designating Party shall have the right to exclude from depositions any person who is not authorized by the Order to receive Protected Material, but only during periods of examination or testimony directed to or comprising Protected Material.

8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

8.1     If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, the Receiving Party must:

8.1.1     Promptly notify in writing the Designating Party unless prohibited by law from doing so.  Such notification shall include a copy of the subpoena or court order;

8.1.2     Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

8.1.3     Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

8.2     If the Designating Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's written permission.  The Designating Party shall bear the burden and expense of seeking protection of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

9.1    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Producing Party (and, if different, the Designating Party) of the unauthorized disclosures; (b) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (c) make all reasonable efforts to retrieve all unauthorized copies of the Protected Material.

10.    <u>REDACTIONS ALLOWED</u>

10.1    Any Producing Party may redact from Discovery Material matter that the Producing Party claims is (i) Privileged Material (to be addressed in a separate Order); (ii) Personally Identifiable Information of employees, customers and other third parties; or (iii) Foreign Private Data that must be redacted in accordance with the relevant foreign law(s). The Producing Party shall mark each redaction with a legend stating "REDACTED," and specify the basis for the redaction as appropriate, or a comparable notice. Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked. If counsel for the Producing Party agrees or if the Court orders that Discovery Material initially redacted shall not be subject to redaction or shall receive alternative treatment, and the Discovery Material is subsequently produced in unredacted form, then that unredacted Discovery Material shall continue to receive the protections and treatment afforded to documents bearing the confidentiality designation assigned to it by the Producing Party. Foreign Private Data shall not be redacted from Discovery Material to the extent it directly identifies an individual named as a Party, except by agreement of the Parties or further order of the Court.

10.2    The right to challenge and process for challenging the designation of redactions of Foreign Private Data shall be the same as the right to challenge and process for challenging the designation of Confidential Information and Highly Confidential Information as set forth in Section 6.

10.3    Nothing herein precludes any Party from redacting entirely nonresponsive highly confidential business information from otherwise responsive documents on a case-by-case basis.

The right to challenge and process for challenging the designation of redactions of nonresponsive highly confidential business information shall be the same as the right to challenge and process for challenging the designation of Confidential Information and Highly Confidential Information as set forth in Section 6 above.

11. <u>MISCELLANEOUS</u>

    11.1   <u>Effect of this Order.</u>

        11.1.1  This Order constitutes a court order within the meaning of 40 C.F.R. § 2.209(d), the Privacy Act, 5 U.S.C. § 552a(b)(11), the Health Insurance Portability and Affordability Act of 1996 (HIPAA) implementing regulations, 45 C.F.R. § 164.512(a), (e)(1)(i), the Trade Secrets Act, 18 U.S.C. § 1905, and the Clean Air Act, 42 U.S.C. § 7542.

        11.1.2  With respect to the matter covered by this Order (confidentiality), no person may withhold documents, information, or other materials from discovery in this litigation on the ground that they require protection greater than that afforded by this Order, unless that person moves for an order providing such protection.

        11.1.3  Nothing in this Order may be construed or presented as a final judicial determination that any Protected Material is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedures or otherwise until such time as the Court may rule on a specific document or issue.

        11.1.4  Nothing in this Order shall be construed as authorizing or encouraging a Party to disobey a lawful directive from another court.

    11.2   <u>Documents Requested or Demanded by Non-Parties.</u>

        11.2.1  If the United States is served with a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, or any Party is served with a discovery request or subpoena issued in other litigation, that seeks documents, ESI, or other material designated as Protected Material by another Producing Party, the Party served with the request or subpoena must, within ten (10) business days of determining that the request seeks Protected Material:

(a)     Notify the Producing Party and provide a copy of the request or subpoena; and

(b)     Inform the person responsible for the FOIA, discovery request or subpoena of this Protective Order and provide that person with a copy of this Protective Order.

11.2.2  The Parties shall not produce Protected Material in response to any FOIA, discovery request, subpoena or other request or demand except in compliance with this Order (e.g., with the consent of the Producing Party) or following a decision by the Court removing the designation as Protected Material.

11.2.3  Nothing in this Order prohibits a party from filing a motion with the Court seeking modification of this Order to allow the disclosure of Protected Material. Any such motion must be served on the Parties in accordance with the Federal Rules of Civil Procedure and must describe in reasonable detail the proposed disclosure.

11.3     Otherwise discoverable information that is protected by the HIPAA implementing regulations shall, in response to a valid discovery request, be designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER (MDL 2777)" pursuant to this Order.  All such HIPAA-protected records must be destroyed or returned to the United States pursuant to Section 12 and 45 C.F.R. § 164.512(e)(1)(v) and may not be used in any related proceeding absent a separate protective order authorizing their disclosure in such proceeding.  This subsection does not preclude any Party from challenging that any Discovery Material meets these criteria.

11.4     This Order shall not govern the production or designation of classified information, sensitive security information, information on classified computer systems, or enforcement-sensitive government documents and information relating to ongoing criminal investigations.  This subsection does not preclude any Party from challenging that any Discovery Material meets these criteria.

11.5     Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  Any Party, entity, or person covered by this Order may at any time apply to the Court for relief from any provision of this Order.  Subject to

- 19 -

the agreement of the Parties or an order of the Court, other entities or persons may be included in this Order by acceding to its provisions in a writing served upon Liaison Counsel, with such writings to be filed with the Court if so directed.

11.6    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use as evidence any of the material covered by this Order.

11.7    <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.

11.8    <u>Hearings and Appeals</u>.

11.8.1  In the event that a Receiving Party intends to utilize Protected Material during a pre-trial hearing or a filing, such Receiving Party shall provide written notice no fewer than five (5) calendar days prior to the hearing to the Producing Party and/or the Designating Party and to the Court, except that shorter notice may be provided if the Receiving Party could not reasonably anticipate the need to use the document at a hearing five (5) calendar days in advance, in which event notice shall be given immediately upon identification of that need.  The use of such Protected Material during the pre-trial hearing shall be determined by agreement of the relevant Parties or by Order of the Court.

11.8.2  In the event that any Protected Material is used in any court proceeding in this Action or any appeal in connection with this Action, except for the use of Protected

Material during trial, the manner of which shall be determined pursuant to subsection 3.2, such Protected Material shall not lose its protected status through such use. Counsel shall comply with all applicable local rules and shall confer on such procedures that are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings, including petitioning the Court to close the courtroom.

11.9    Reservations. Entering into, agreeing to, or complying with the provisions of this Order shall not: (1) operate as admission that any particular material contains Protected Material; or (2) prejudice any right to seek a determination by the Court (a) whether particular material should be produced, or (b) if produced, whether such material should be subject to the provisions of this Order.

11.10   Rights to Inspect Certificates (Exhibit A). Unless otherwise provided herein, except in the event of a good-faith claim of violation of this Order, the Parties agree not to request copies of the certificates (attached hereto in their unexecuted form as Exhibit A) or to determine the identities of the persons signing them.

11.11   The Parties agree that Discovery Material may be shared by the United States with any state or federal law enforcement or regulatory agency with jurisdiction over matters related to this Action without limitation, provided that (a) such agency signs the "Agency's Agreement To Be Bound by Stipulated Protective Order" (Exhibit B) with respect to the particular Discovery Material that may be shared, (b) the United States provides the Producing Party with a copy of such Exhibit B at least 24 hours in advance of sharing the Discovery Material with the agency, and (c) upon request of the Producing Party, the United States provides the Producing Party with information sufficient for the Producing Party to identify the Discovery Material that was provided to each such state or federal law enforcement or regulatory agency. This subsection has no applicability to materials provided to the United States outside of this MDL proceeding. Nothing in this subsection precludes any state or federal law enforcement or regulatory agency that receives Discovery Material pursuant to this subsection from using that material in accordance with the agency's applicable statutes, rules and regulations, or from seeking materials or information outside of this MDL proceeding pursuant to applicable law.

12. <u>FINAL DISPOSITION</u>

     12.1   <u>Order Continues in Force.</u> Unless otherwise agreed or ordered, this Order will remain in force after dismissal or entry of final judgment not subject to further appeal.

     12.2   <u>Obligations at Conclusion of Litigation.</u> Within ninety (90) calendar days after the final disposition of this Action, as defined in Section 4, each Receiving Party, including its employees, attorneys, consultants and experts, must use commercially reasonable efforts to destroy or return to the Producing Party all Protected Material, except (1) backup tapes or other disaster recovery systems that are routinely deleted or written over in accordance with an established routine system maintenance practice, or (2) documents that the United States Environmental Protection Agency believes are required to be preserved either as part of its federal records or pursuant to other statutory, regulatory or legal authorities.  As used in this subsection, "all Protected Material" includes all originals, copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, upon request of the Producing Party or Designating Party, each Receiving Party except for EPA must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90-day deadline that states that the Receiving Party has complied with this Section 12.2. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product (including all emails attaching or referring to Protected Materials), and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

| | |
|---|---|
| 1 | Dated: August 30, 2017 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |

Dated: August 30, 2017     Respectfully submitted,

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By: /s/ *Elizabeth J. Cabraser*
        Elizabeth J. Cabraser

275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
ecabraser@lchb.com

*Plaintiffs' Lead Counsel and Chair of the Plaintiffs' Steering Committee*

Dated: August 30, 2017     SULLIVAN & CROMWELL LLP

By: /s/ *Robert J. Giuffra, Jr.*
        Robert J. Giuffra, Jr.

Robert J. Giuffra, Jr.
William B. Monahan
Darrell S. Cafasso
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
giuffrar@sullcrom.com
monahanw@sullcrom.com
cafassod@sullcrom.com

*Counsel for Fiat Chrysler Automobiles N.V., FCA US LLC, V.M. Motori S.p.A., and V.M. North America, Inc.*

Dated: August 30, 2017     CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: /s/ *Matthew D. Slater*
        Matthew D. Slater

Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Ave., N.W.
Washington, DC 20006
Telephone: (202) 974-1500
Facsimile: (202) 974-1999
mslater@cgsh.com

*Counsel for Robert Bosch LLC*

- 23 -

Dated:  August  30, 2017          U.S. DEPARTMENT OF JUSTICE

                                  By:____*/s/ Leigh P. Rendé*_____
                                        Leigh P. Rendé

                                  United States Department of Justice
                                  Environment and Natural Resources Division
                                  Environmental Enforcement Section
                                  P.O. Box 7611, Ben Franklin Station
                                  Washington, DC 20044-7611
                                  Telephone:  (202) 514-1461
                                  leigh.rende@usdoj.gov

                                  *Government Coordinating Counsel*

## ATTESTATION (CIVIL LOCAL RULE 5-1(i)(3))

   In accordance with Civil Local Rule 5-1(i)(3), I attest the concurrence in the filing of this document has been obtained from the signatories.


Dated:  August  30, 2017          */s/ Elizabeth J. Cabraser*
                                  Elizabeth J. Cabraser


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**


        Dated:  August 31, 2017
              _____

                                  IT IS SO ORDERED

                                  Judge Edward M. Chen

                                  _____
                                  EDW
                                  United S

STIPULATED PROTECTIVE ORDER
3:17-MD-02777-EMC

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 30, 2017, a true and correct copy of the foregoing was electronically filed and served electronically via the Court's CM/ECF system, which will automatically serve notice to all registered counsel of record.

*/s/ Elizabeth J. Cabraser*
Elizabeth J. Cabraser

1        <u>EXHIBIT A</u>

2        <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3        I, _____ [print or type full name], of _____

4   [print or type full address], declare under penalty of perjury that I have read in its entirety and

5   understand the Stipulated Protective Order that was issued by the United States District Court for

6   the Northern District of California in the case *In re Chrysler-Dodge-Jeep Ecodiesel Marketing,*

7   *Sales Practices, and Products Liability Litigation*, MDL No. 2777.  I agree to comply with and to

8   be bound by all the terms of this Stipulated Protective Order, and any further orders of the Court

9   providing for the treatment of Protected Material or materials protected or claimed to be protected

10  by privilege or work product, and I understand and acknowledge that failure to so comply could

11  expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will

12  not disclose in any manner any information or item that is subject to this Stipulated Protective

13  Order to any person or entity except in strict compliance with the provisions of this Order.

14        I further agree to submit to the jurisdiction of the United States District Court for the

15  Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

16  Order, even if such enforcement proceedings occur after termination of this Action.

17

18

19  Date: _____

20  City and State where sworn and signed: _____

21

22  Printed name: _____

23

24  Signature: _____

25

26

27

28

# EXHIBIT B

## AGENCY'S AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

The United States may share Discovery Material produced or provided by

_____ [print or type name of Producing Party] with

_____ [print or type name of agency].


In the event the United States does so, _____ [print or type name of agency] agrees to be bound by the terms of the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California in the case *In re Chrysler-Dodge-Jeep Ecodiesel Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2777, and any further orders of the Court providing for the treatment of Protected Material or materials protected or claimed to be protected by privilege or work product, to the fullest extent permitted by law.


Date: _____


City and State where sworn and signed: _____


Printed name: _____


Signature: _____


On Behalf of: _____