UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CHRYSLER-DODGE-JEEP ECODIESEL MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | No. 3:17-md-02777-EMC<br><br>**PRETRIAL ORDER NO. 12: STIPULATED DISCOVERY SCHEDULE (modified)**<br><br>The Honorable Edward M. Chen |

**THIS MATTER** having come before the Court on Plaintiffs' application, and in accordance with the Court's direction during Case Management Conferences that the parties should work cooperatively to advance and efficiently manage this multidistrict litigation ("MDL"), the Department of Justice, on behalf of the United States Environmental Protection Agency ("United States"), the Plaintiffs' Steering Committee, on behalf of the consumer and reseller dealer class plaintiffs ("Class Plaintiffs") (together with the United States, "Plaintiffs"), and counsel for Defendants FCA US LLC, Fiat Chrysler Automobiles N.V., V.M. Motori S.p.A., V.M. North America, Inc., and Robert Bosch LLC (collectively, "Defendants") (jointly, "the Parties"), have met and conferred on how best to achieve that goal. As ordered in Pretrial Order No. 9, it is hereby further ORDERED as follows:

1355409.17

[PROPOSED] PRETRIAL ORDER NO. _:
STIPULATED DISCOVERY SCHEDULE
CASE No. 3:17-md-02777-EMC

| Date | Event |
|---|---|
| September 22, 2017 | The Plaintiffs' Steering Committee shall notify Defendants of the states in which additional planned class representatives purchased or leased their vehicles. |
| September 29, 2017 | The Plaintiffs' Steering Committee will produce Rule 26 initial disclosures consisting of a completed Plaintiff Fact Sheet for each Class Plaintiff named in the MCC along with a single supplemental global disclosure.  Taken together, the Plaintiff Fact Sheets and the supplemental global disclosure shall include all of the information required by Federal Rule of Civil Procedure 26(a)(1). |
| September 29, 2017 | Defendants and the United States will provide Rule 26 initial disclosures. |
| September 29, 2017 | Date by which the Parties shall meet and confer about proposed pre-trial order(s) regarding expert and deposition discovery. |
| October 6, 2017 | Defendants shall answer, move to dismiss, or otherwise respond to the MCC and the United States' complaint. |
| October 27, 2017 | The parties will submit a joint proposed pre-trial order(s) regarding expert and deposition discovery. |
| October 31, 2017 | Plaintiffs may amend the complaints, add parties, and/or add claims. |
| **November 6, 2017** | Plaintiffs will file any response in opposition to any motion to dismiss made by Defendants. |
| **November 28, 2017** | Defendants will file any reply(ies) in support of their motions to dismiss. |
| **December 19, 2017(11 am)** | **Hearing on motions to dismiss** |
| January 31, 2018 | The Class Plaintiffs and Defendants shall substantially complete their productions of non-privileged, responsive documents related to class certification. |
| March 1, 2018 | Class Plaintiffs shall disclose experts on which they shall rely for their class certification motion. |
| March 15, 2018 | Class Plaintiffs shall file their motion for class certification. |
| April 6, 2018 | The Parties shall endeavor to substantially complete their productions of non-privileged, responsive documents related to the United States' claims, the Class Plaintiffs' claims, and Defendants' defenses. |
| April 12, 2018 | Defendants shall disclose experts on which they shall rely for their opposition to the class certification motion. |
| April 26, 2018 | Defendants shall file their brief(s) in opposition to the Class Plaintiffs' motion for class certification. |
| May 24, 2018 | Class Plaintiffs shall file a reply brief in support of its motion for class certification. |
| June 14, 2018 | Class certification hearing |

- 2 -

[PROPOSED] PRETRIAL ORDER NO. _:
STIPULATED DISCOVERY SCHEDULE
CASE No. 3:17-md-02777-EMC

1. **Cooperation**

i.       The Parties agree to work together to coordinate discovery to the maximum extent feasible to promote the efficient and speedy resolution of this MDL.  Pursuant to Pretrial Order No. 9, discovery relating to the merits of the complaints and class certification shall proceed simultaneously.

ii.       Phasing of *U.S. v. FCA US LLC et al.*

The United States' case against the FCA Defendants should proceed through a multi-phased approach.  Phase One will focus on the resolution of issues relating to the alleged liability of the Defendants, as well as any damages to Class Plaintiffs.  Accordingly, this Order shall only apply to fact and expert discovery on all matters necessary to determine the liability of the Defendants, including fact and expert discovery relating to the Defendants' defenses, as well as fact and expert discovery on all matters necessary to determine damages to Class Plaintiffs.

If liability is established in Phase One, a schedule will be established for fact and expert discovery relating to issues to be determined in a subsequent trial phase in *U.S. v. FCA US LLC et al.*, including any assessment of civil penalties under the Clean Air Act and any appropriate injunctive relief.  The United States and Defendants anticipate additional fact and expert discovery during this subsequent phase.  However, while this Order establishes deadlines for completion of Phase One issues, it does not prohibit discovery into Phase Two issues where witnesses or documents have substantial overlap, and the parties shall undertake reasonable efforts to avoid the need to depose the same witness during Phase One and then again in Phase Two.

The discovery schedule set out above is posited on the assumption that the Parties will be ready to go trial on Phase One in early 2019.

2. **Jurisdiction**

i.       Defendants do not waive and specifically preserve all jurisdictional challenges with respect to any particular action consolidated or coordinated within this MDL

1355409.17

and may either include such jurisdictional challenges in any motions to dismiss described in Paragraph 3 below or defer any such challenges until after any such action has been remanded to its respective transferor court following the conclusion of consolidated or coordinated pretrial proceedings in this MDL.

### 3.     Responses to Complaints

Subject to the provisions of Paragraph 2 of this order, Defendants shall answer, move to dismiss or otherwise respond to the MCC and the United States' complaint on or before **October 6, 2017**.  *See* PTO 9, Docket No. 202, ¶ 2.  Absent an Order of the Court, Plaintiffs shall file their responses in opposition to any such motions by **November 7, 2017**, and Defendants shall file their replies by **November 30, 2017**.

### 4.     Discovery

A.     *Service.*  All discovery requests and written responses and objections may be served by email; for purposes of calculating the deadline to respond, email service will be treated the same as hand-delivery.  Any discovery request, response to discovery, pleading or other document that is not required to be electronically filed with the Court shall be served on another party by email.  Notwithstanding the foregoing, to the extent service by email is impractical, the Parties agree to serve the discovery request, response to discovery, pleading or other document by file-transfer-protocol (FTP) or overnight delivery.  Defendants shall serve discovery requests and written responses and objections on Class Plaintiffs' Lead Counsel (including David Stellings of Lieff Cabraser, Heimann and Bernstein, LLP) and Government Coordinating Counsel, as identified in Pre-Trial Order No. 3.  *See* Docket. No. 173 at § I, ¶ A.1., and § II, ¶ 1.  Plaintiffs shall serve discovery requests, plaintiff fact sheets, and other written discovery responses and objections on Robert J. Giuffra, Jr., William B. Monahan, and Darrell S. Cafasso of Sullivan & Cromwell LLP, and Matthew D. Slater and Carmine D. Boccuzzi, Jr. of Cleary Gottlieb Steen & Hamilton LLP (together, "Defense Counsel").  Each party shall provide copies of all discovery requests, responses, and objections to every other party.

B.     *Rule 26 Initial Disclosures.*  Defendants and the United States shall exchange

- 4 -

1355409.17

[PROPOSED] PRETRIAL ORDER NO. _:
STIPULATED DISCOVERY SCHEDULE
CASE No. 3:17-md-02777-EMC

and produce Rule 26 initial disclosures to the other Parties on or before **September 29, 2017**. The Plaintiffs' Steering Committee will produce a completed Plaintiff Fact Sheet for each Class Plaintiff named in the MCC along with a single supplemental global disclosure by **September 29, 2017**. Taken together, the Plaintiff Fact Sheets and the supplemental global disclosure shall include at least all of the information required by Rule 26(a)(1).

      C.    *Document Productions.* Following entry of this Order, a Protective Order concerning the treatment of confidential discovery information, and a protocol or protocols regarding the production of electronically stored information ("ESI") and hard-copy documents, the Parties shall produce documents on a rolling basis as they are located, copied, reviewed and numbered for production.

      i.    *Substantial Completion of Document Production related to Class Certification.* The Class Plaintiffs and Defendants shall endeavor to substantially complete their productions of non-privileged, responsive documents related to class certification by **January 31, 2018**. The Parties may apply (jointly or separately) for an extension of this deadline for good cause shown.

      ii.    *Substantial Completion of Document Production related to the United States' Claims, the Class Plaintiffs' Claims, and Defendants' Defenses.* The Parties shall endeavor to substantially complete their productions of non-privileged, responsive documents related to the United States' claims, the Class Plaintiffs' claims and the Defendants' defenses by **April 6, 2018**. The Parties may apply (jointly or separately) for an extension of this deadline for good cause shown.

      iii.    *Privilege Issues.* Within fourteen (14) days of the entry of this Order, Class Plaintiffs' Lead Counsel, Government Coordinating Counsel, and Defense Counsel shall meet and confer to discuss a protocol for asserting any privilege or right to confidentiality as a protection from the disclosure of otherwise discoverable information, including a plan for preservation or non-

- 5 -

1355409.17

waiver of any applicable privileges or rights to confidentiality, and a plan for the production of privilege logs.  The Parties shall submit a joint proposed protocol on privilege issues within thirty days of the entry of this Order.  If the Parties are unable to agree on the contents of such a protocol, then each side shall submit its own proposed order with a memorandum (not to exceed ten (10) pages) explaining why the Court should adopt that party's particular proposal.  Although productions may occur before the entry of the order on privilege issues, they will be deemed to have been made under the terms of the later-entered privilege order.

D.     *Written Discovery Requests.*     Unless otherwise specified herein, written discovery requests, and responses and objections thereto, shall be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Northern District of California.  Defendants may serve discovery requests on one another.

i.     *Written Discovery Responses and Objections.*  Except as otherwise set forth herein, written responses and objections to requests for the production of documents shall be due 45 days after service of the request, written responses and objections to interrogatories and requests for admission shall be due 60 days after service of the request, and verifications of interrogatories shall be provided within 14 days after service of written responses and objections to those interrogatories.

ii.     *Discovery of Defendants Interrogatories.*  Unless otherwise agreed by the Parties, Class Plaintiffs' Lead Counsel may serve no more than fifty-five (55) interrogatories, including discrete subparts, on each Defendant. Unless otherwise agreed by the Parties, Government Coordinating Counsel may serve no more than twenty-five (25) interrogatories, including discrete subparts, on each Defendant named in the United States' complaint.  Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).

- 6 -

iii.   *Discovery of Plaintiffs:*

1.   *Class Plaintiff Fact Sheets.*  The Plaintiffs' Steering Committee will produce Rule 26 initial disclosures consisting of a completed Plaintiff Fact Sheet ("PFS") for each Class Plaintiff named in the MCC along with a single supplemental global disclosure on or before **September 29, 2017**.   Taken together, the Plaintiff Fact Sheets and the supplemental global disclosure shall include at least all of the information required by Rule 26(a)(1).   All objections to the admissibility of information contained in or provided with the PFS are reserved and, therefore, no objections need be lodged in the responses to the questions and requests contained in the PFS.  The PFS process is designed to streamline the production of relevant information and documents, but that process in no way limits any party from seeking additional information and documents from any plaintiff that completes a PFS through other discovery requests under the Federal Rules of Civil Procedure.  The timing of requests and responses to such requests shall mirror that in Paragraph 4.D(i) of this Order and any limitations of such requests and responses shall be governed by the Federal Rules of Civil Procedure.

2.   *Interrogatories on Class Plaintiffs.*  Unless otherwise agreed by the Parties, Defendants may serve no more than ten (10) additional interrogatories on each of the Class Plaintiffs named in the MCC.

3.   *Interrogatories on the United States.*  Unless otherwise agreed by the Parties, Counsel for the FCA Defendants may serve no more than twenty-five (25) interrogatories, including discrete subparts, on the United States.   Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).

E.   *Additional Discovery Requests.*  Subject to the foregoing limitations set forth in

- 7 -

1355409.17

this Order (which may not be exceeded without leave of Court), the Parties are free to serve additional fact discovery requests without leave of Court.  Additional requests will be governed by the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Northern District of California.

F.      *Depositions and Expert Discovery.*

i.      On **April 6, 2018**, the Parties may begin taking depositions of fact witnesses, provided that prior to this date the Parties may take depositions of non-governmental witnesses: (1) that relate to class certification; (2) that are for the purpose of exploring issues related to the preservation of evidence; or (3) under Rule 30(b)(6) regarding issues related to (a) management and maintenance of documents or (b) Defendants' corporate structures and corporate relationships among the Defendants.

ii.     On or before **October 27, 2017**, the Parties will submit a joint proposed pre-trial order(s) for expert discovery and a protocol for conducting depositions of experts and fact witnesses.  If the Parties are unable to agree on the contents of such order(s), then each shall submit its own proposal with a memorandum (not to exceed five (5) pages) explaining why the Court should adopt that party's proposal.

iii.    No Party may notice a deposition prior to entry of a deposition protocol.

**5.      Amendment of Complaint or Addition of Parties**

A.      Plaintiffs may amend the complaint, add parties, and/or add claims up to and through **October 31, 2017**, and, in the event of any amendment or addition, the Parties shall thereafter meet and confer to discuss the scheduling of a response deadline and any related matters.  If facts emerge in discovery or otherwise after that date that support amendment and/or adding parties, Plaintiffs may revise the complaint or add parties thereafter only with leave of the Court and for good cause shown.

**6.      Electronically Stored Information and Preservation of Documents and ESI**

A.      Class Plaintiffs' Lead Counsel, Government Coordinating Counsel, and Defense

1355409.17

Counsel shall meet and confer to further discuss the ESI protocols that will be followed in this case. To aid in the discussions, the Parties may include individuals knowledgeable about ESI and relevant IT systems in the scheduled meet and confer. No later than thirty (30) days after the entry of this Order, the Parties shall submit a joint proposed ESI Protocol. If the Parties are unable to agree on the contents of such a protocol, then each side shall submit its own proposed order regarding production of ESI with a memorandum (not to exceed ten (10) pages) explaining why the Court should adopt that party's particular proposal.

### 7.   Discovery Dispute Resolution

A.   Discovery disputes shall be resolved consistent with the Civil Standing Order on Discovery, U.S. District Judge Edward M. Chen. All discovery disputes shall be raised within two weeks of the Parties having reached impasse following the required meet-and-confer discussions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

- 9 -

Dated:  September 22, 2017          Respectfully submitted,

                                   LIEFF CABRASER HEIMANN & BERNSTEIN, LLP


                                   By: /s/ *Elizabeth J. Cabraser*
                                        Elizabeth J. Cabraser

                                   275 Battery Street, 29th Floor
                                   San Francisco, CA  94111-3339
                                   Telephone:  (415) 956-1000
                                   Facsimile:  (415) 956-1008
                                   ecabraser@lchb.com

                                   *Plaintiffs' Lead Counsel and Chair of the Plaintiffs' Steering Committee*

Dated:  September 22, 2017          SULLIVAN & CROMWELL LLP


                                   By:    /s/ *Robert J. Giuffra, Jr.*
                                            Robert J. Giuffra, Jr.

                                   Robert J. Giuffra, Jr.
                                   William B. Monahan
                                   Darrell S. Cafasso
                                   Sullivan & Cromwell LLP
                                   125 Broad Street
                                   New York, New York 10004
                                   Telephone:  (212) 558-4000
                                   Facsimile:  (212) 558-3588
                                   giuffrar@sullcrom.com
                                   monahanw@sullcrom.com
                                   cafassod@sullcrom.com

                                   *Counsel for Fiat Chrysler Automobiles N.V.,*
                                   *FCA US LLC, V.M. Motori S.p.A., and V.M.*
                                   *North America, Inc.*

Dated:  September 22, 2017          CLEARY GOTTLIEB STEEN & HAMILTON LLP

                                   By:    /s/ *Matthew D. Slater*
                                            Matthew D. Slater

                                   Cleary Gottlieb Steen & Hamilton LLP
                                   2000 Pennsylvania Ave., N.W.
                                   Washington, DC 20006
                                   Telephone:   (202) 974-1500
                                   Facsimile:   (202) 974-1999
                                   mslater@cgsh.com

                                   *Counsel for Robert Bosch LLC*

- 10 -

[PROPOSED] PRETRIAL ORDER NO. _:
STIPULATED DISCOVERY SCHEDULE
CASE No. 3:17-md-02777-EMC

1355409.17

Dated:  September 22, 2017        U.S. DEPARTMENT OF JUSTICE

By: ___*/s/ Leigh P. Rendé*_____
      Leigh P. Rendé

United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
Telephone:  (202) 514-1461
leigh.rende@usdoj.gov

*Government Coordinating Counsel*


## ATTESTATION (CIVIL LOCAL RULE 5-1(i)(3))

In accordance with Civil Local Rule 5-1(i)(3), I attest the concurrence in the filing of this document has been obtained from the signatories.


Dated:  September 22, 2017        /s/ *Elizabeth J. Cabraser*
      Elizabeth J. Cabraser


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:  September 28, 2017


_____
THE HONORABLE EDWARD M. CHEN
United States District Judge

- 11 -

[PROPOSED] PRETRIAL ORDER NO. _:
STIPULATED DISCOVERY SCHEDULE
CASE No. 3:17-md-02777-EMC

1355409.17

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 22, 2017, a true and correct copy of the foregoing was electronically filed and served electronically via the Court's CM/ECF system, which will automatically serve notice to all registered counsel of record.


/s/ Elizabeth J. Cabraser
Elizabeth J. Cabraser

[PROPOSED] PRETRIAL ORDER NO. _:
STIPULATED DISCOVERY SCHEDULE
CASE No. 3:17-md-02777-EMC

1355409.17