Robert J. Giuffra, Jr. (admitted *pro hac vice*)
giuffrar@sullcrom.com
William B. Monahan (admitted *pro hac vice*)
monahanw@sullcrom.com
Darrell S. Cafasso (admitted *pro hac vice*)
cafassod@sullcrom.com
Sullivan & Cromwell LLP
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Counsel for Defendants FCA US LLC,*
*Fiat Chrysler Automobiles N.V., V.M. Motori S.p.A.,*
*and V.M. North America Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>FCA US LLC,<br>FIAT CHRYSLER AUTOMOBILES N.V.,<br>V.M. MOTORI S.P.A.<br>and<br>V.M. NORTH AMERICA, INC.,<br><br>                    Defendants. | MDL No. 3:17-MD-02777-EMC<br><br>**ANSWER TO UNITED STATES' COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>The Honorable Edward M. Chen |

Defendants FCA US LLC ("FCA US"), Fiat Chrysler Automobiles N.V. ("FCA NV"),

V.M. Motori S.p.A. ("VM Italy"), and V.M. North America, Inc. ("VM North America")

(collectively, "Defendants")[1] hereby answer Plaintiff United States of America's ("Plaintiff" or

"United States") Complaint in this action as follows:

---

[1]     Defendants are separate legal entities.  By filing this Answer jointly, each defendant does not waive, and expressly reserves, any and all rights and defenses relating to their corporate separateness.

ANSWER TO COMPLAINT

## PRELIMINARY STATEMENT

Defendants provide this Answer based on a reasonable inquiry and their knowledge to date.  Investigations into the matters that are the subject of this Complaint are ongoing.  Accordingly, Defendants reserve the right to amend, supplement, revise, clarify, or correct the responses set forth herein.

## I.      COMPLAINT

Plaintiff's Complaint contains an unnumbered introductory paragraph containing prefatory language to which no response is required.  To the extent a response is required, Defendants admit that the United States has filed the Complaint and made the allegations therein, and otherwise deny.

## II.     NATURE OF ACTION

1.      Defendants state that Paragraph 1 consists of a prefatory statement about the United States' claims to which no response is required.  To the extent a response is required, Defendants admit that the United States purports to bring this action under Sections 204 and 205 of the Clean Air Act ("Act"), seeking injunctive relief and the assessment of civil penalties for alleged violations of the Act and the regulations promulgated thereunder, but deny that the United States is entitled to any relief.

2.      Defendants deny the allegations contained in Paragraph 2, except (i) admit that FCA US sold or offered for sale in the United States certain Model Year ("MY") 2014 through 2016 Ram 1500 and Jeep Grand Cherokee vehicles equipped with a 3.0L V6 diesel engine (the "Subject Vehicles"); (ii) admit that FCA US submitted applications for Certificates of Conformity ("COC") for the Subject Vehicles, but deny the accuracy of any characterizations of the contents of the COCs in the allegations contained in Paragraph 2; (iii) and refer the Court to the COCs and COC applications themselves for a true, correct, and complete statement of their contents.

3.      Paragraph 3 contains no factual allegations regarding Defendants that require a response.  To the extent a response is required, Defendants admit that the Complaint purports to

identify and describe the information in the referenced paragraphs, and otherwise refer to their responses to the referenced paragraphs as set out below, and deny any remaining allegations contained in Paragraph 3.

### III.     JURISDICTION AND VENUE

4.      Defendants state that Paragraph 4 contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants admit that, for the purpose of this action only, the United States District Court for the Eastern District of Michigan has jurisdiction over the subject matter of this action, and personal jurisdiction over FCA US and VM North America, and deny that the United States District Court for the Eastern District of Michigan has personal jurisdiction over FCA NV and VM Italy.  Defendants deny the remaining allegations contained in Paragraph 4.

5.      Defendants state that Paragraph 5 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit, for the purpose of this action only, that the United States District Court for the Eastern District of Michigan has personal jurisdiction over FCA US.  Defendants deny the remaining allegations contained in Paragraph 5.

6.      Defendants admit that FCA US transacts business in Michigan, that FCA US is headquartered in Auburn Hills, Michigan, and that Auburn Hills, Michigan is located within the Eastern District of Michigan, that FCA US manufactured certain Subject Vehicles in Michigan, and that certain FCA US employees worked on the Subject Vehicles while located at the Auburn Hills office.  Defendants also admit that FCA US performed emissions tests on the Subject Vehicles, that certain FCA US employees met with or otherwise interacted with EPA officials about the Subject Vehicles, including by submitting information for COC applications related to the Subject Vehicles, and that certain FCA US employees communicated with certain employees of VM Italy and VM North America regarding the engine used in the Subject Vehicles. Defendants deny the remaining allegations contained in Paragraph 6.

7.      Defendants admit that FCA US sold or offered for sale the Subject Vehicles in all fifty states, including Michigan, and deny the remaining allegations contained in Paragraph 7.

8.     Defendants state that Paragraph 8 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that, for the purpose of this action, only the United States District Court for the Eastern District of Michigan has personal jurisdiction over VM North America, but deny that it has personal jurisdiction over VM Italy and deny the remaining allegations contained in Paragraph 8.

9.     Defendants admit that, during the calibration of the engine for the Subject Vehicles, VM North America maintained a place of business in Michigan.  Defendants also admit that certain employees of VM North America were present from time to time in Auburn Hills while working on engine and emission calibrations for the Subject Vehicles, and that certain VM North America employees met and communicated with certain FCA US employees in Auburn Hills about the Subject Vehicles.  Defendants otherwise deny the remaining allegations contained in Paragraph 9.

10.     Defendants deny the allegations in Paragraph 10, except admit that (i) certain VM Italy employees were at times physically present in Auburn Hills, Michigan; (ii) that certain VM Italy employees in Italy communicated with certain VM North America employees in Auburn Hills regarding engine and emission calibrations for the Subject Vehicles; and (iii) certain VM Italy employees also communicated with certain FCA US employees about the engines for the Subject Vehicles.

11.     Defendants admit that VM Italy manufactured the 3.0L diesel engine used in the Subject Vehicles and that such Subject Vehicles were sold in Michigan, and otherwise deny the remaining allegations contained in Paragraph 11.

12.     Defendants deny the allegations contained in Paragraph 12.

13.     Defendants state that Paragraph 13 contains legal conclusions to which no response is required.  To the extent that any response is required, Defendants deny the allegations contained in Paragraph 13.

14.     Defendants deny the allegations contained in Paragraph 14, except admit that (i) FCA US is a wholly owned subsidiary of FCA NV, and that VM Italy and VM North America have been wholly owned subsidiaries of Fiat Group Automobiles S.p.A., a predecessor

of FCA NV, since October 28, 2013; (ii) certain employees of FCA US who are based in Auburn Hills, Michigan, also hold positions with other companies in the FCA group; and (iii) certain members of the Group Executive Council are based in Auburn Hills, Michigan.

15.     Defendants state that Paragraph 15 consists of a prefatory statement about the United States' allegations to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 15.

16.     Defendants deny the allegations contained in Paragraph 16, except admit that certain Subject Vehicles were sold in Michigan.

17.     Defendants state that Paragraph 17 contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants admit, for the purpose of this action only, that venue is proper in this District for FCA US and VM North America, but otherwise deny the remaining allegations contained in Paragraph 17.

## IV.     DEFENDANTS

18.     Defendants admit that FCA US designs, engineers, manufactures, and distributes new motor vehicles, that FCA US is a limited liability company formed under the laws of the State of Delaware, that FCA US is an indirect wholly owned subsidiary of FCA NV, and that FCA US was formerly known as Chrysler Group LLC.  Defendants otherwise deny the remaining allegations contained in Paragraph 18.

19.     Defendants state that Paragraph 19 contains legal conclusions to which no response is required.

20.     Defendants state that Paragraph 20 contains legal conclusions to which no response is required.

21.     Defendants admit that VM Italy is incorporated in Italy, that VM Italy designs and manufactures diesel-fueled motor vehicle engines, and that VM Italy became a wholly owned subsidiary of Fiat Group Automobiles S.p.A., a predecessor to FCA NV, on October 28, 2013. Defendants otherwise deny the allegations contained in Paragraph 21.

22.     Defendants admit the allegations contained in Paragraph 22.

23.     Defendants admit that Transportation Resource Services, Inc. was incorporated under the laws of Delaware on February 19, 2004, and that on May 28, 2004, Transportation Resource Services, Inc. changed its name to VM North America, Inc.  Defendants otherwise deny the remaining allegations contained in Paragraph 23.

24.     Defendants state that Paragraph 24 contains legal conclusions to which no response is required.

25.     Defendants state that Paragraph 25 contains legal conclusions to which no response is required.

26.     Defendants state that Paragraph 26 contains legal conclusions to which no response is required.

27.     Defendants state that Paragraph 27 contains legal conclusions to which no response is required.

28.     Defendants admit that Fiat S.p.A. and Fiat Investments N.V. merged to form what is now called FCA NV, that FCA NV is organized under the laws of the Netherlands with its corporate office located in London, England, that VM Italy, VM North America and FCA US are indirect wholly owned subsidiaries of FCA NV, that during the times relevant to the United States' action, FCA NV had no design or manufacturing operations related to the Subject Vehicles and no role in the development or certification of the Subject Vehicles, and that certain of FCA NV's subsidiaries are engaged in designing, engineering, manufacturing, and distributing new motor vehicles and/or vehicle components.  Defendants otherwise deny the allegations contained in Paragraph 28.

29.     Defendants state that Paragraph 29 contains legal conclusions to which no response is required.

30.     Defendants state that Paragraph 30 contains legal conclusions to which no response is required.

31.     Defendants admit that FCA US sold the Subject Vehicles or offered them for sale in the United States.  Defendants otherwise deny the remaining allegations contained in Paragraph 31.

## V.   STATUTORY AND REGULATORY BACKGROUND

32.     Defendants state that Paragraph 32 consists of a prefatory statement about this action to which no response is required.  To the extent a response is required, Defendants admit that Plaintiff purports to bring this action under 42 U.S.C. § 7521 *et seq.* and the regulations promulgated thereunder.  Defendants otherwise deny the characterization of the Act in Paragraph 32 and the other statements in this Paragraph, and respectfully refer the Court to the United States Code and the regulations promulgated thereunder for a complete, true, and correct statement of their contents.

33.     Paragraph 33 contains no factual allegations regarding Defendants, and also consists of a prefatory statement about nitrogen oxides ("NOx") and health effects, and therefore no response is required.  To the extent a response is required, Defendants admit that under certain atmospheric conditions, NOx can form ozone or fine particulate matter, and that certain studies in the scientific literature describe associations between estimated exposures to certain concentrations of ozone, nitrogen dioxide, or particulate matter and various health effects in certain populations.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and thus deny the remaining allegations contained in Paragraph 33.

34.     Paragraph 34 contains no factual allegations regarding Defendants requiring a response.  To the extent a response is required, Defendants respectfully refer the Court to Section 202(a) of the Act and to the United States Code for a complete, true, and correct statement of their contents, and deny the allegations to the extent they are inconsistent with the United States Code and the Act.

35.     Paragraph 35 contains no factual allegations regarding Defendants requiring a response.  To the extent a response is required, Defendants respectfully refer the Court to Section 216(1) of the Act and to the United States Code for a complete, true, and correct statement of their contents, and deny the allegations to the extent they are inconsistent with the United States Code and the Act.

36.      Paragraph 36 contains no factual allegations regarding Defendants requiring a response.  To the extent a response is required, Defendants respectfully refer the Court to Section 261(2) of the Act and to the United States Code for a complete, true, and correct statement of their contents and deny the allegations to the extent they are inconsistent with the United States Code and the Act.

37.      Paragraph 37 contains no factual allegations regarding Defendants requiring a response.  To the extent a response is required, Defendants respectfully refer the Court to Section 216(3) of the Act and to the United States Code for a complete, true, and correct statement of their contents, and deny the allegations to the extent they are inconsistent with the United States Code and the Act.

38.      Paragraph 38 contains no factual allegations regarding Defendants requiring a response.  To the extent a response is required, Defendants respectfully refer the Court to the Code of Federal Regulations for a complete, true, and correct statement of its contents, and deny the allegations to the extent they are inconsistent with the Code of Federal Regulations.

39.      Paragraph 39 contains no factual allegations regarding Defendants requiring a response.  To the extent a response is required, Defendants respectfully refer the Court to the United States Code for a complete, true, and correct statement of its contents, and deny the allegations to the extent they are inconsistent with the United States Code.

40.      Paragraph 40 contains no factual allegations regarding Defendants requiring a response.  To the extent a response is required, Defendants respectfully refer the Court to the United States Code and the Code of Federal Regulations for a complete, true, and correct statement of their contents, and deny the allegations to the extent they are inconsistent with the United States Code and the Code of Federal Regulations.

41.      Paragraph 41 contains no factual allegations regarding Defendants requiring a response.  To the extent a response is required, Defendants respectfully refer the Court to the Code of Federal Regulations for a complete, true, and correct statement of its contents, and deny the allegations to the extent they are inconsistent with the Code of Federal Regulations.

42.     Paragraph 42 contains no factual allegations regarding Defendants requiring a response.  To the extent a response is required, Defendants admit that Verify is the EPA's system for submission of COC applications, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and therefore deny these allegations.

43.     Paragraph 43 contains no factual allegations regarding Defendants requiring a response.  To the extent a response is required, Defendants respectfully refer the Court to the Code of Federal Regulations for a complete, true, and correct statement of its contents, and deny the allegations to the extent they are inconsistent with the Code of Federal Regulations.

44.     Paragraph 44 contains no factual allegations regarding Defendants requiring a response.  To the extent a response is required, Defendants respectfully refer the Court to the United States Code and the Code of Federal Regulations for a complete, true, and correct statement of their contents, and deny the allegations to the extent they are inconsistent with the United States Code and the Code of Federal Regulations.

45.     Paragraph 45 contains no factual allegations regarding Defendants requiring a response.  To the extent a response is required, Defendants respectfully refer the Court to the Code of Federal Regulations for a complete, true, and correct statement of its contents, and deny the allegations to the extent they are inconsistent with the Code of Federal Regulations.

46.     Paragraph 46 contains no factual allegations regarding Defendants requiring a response.  To the extent a response is required, Defendants respectfully refer the Court to the Code of Federal Regulations for a complete, true, and correct statement of its contents, and deny the allegations to the extent they are inconsistent with the Code of Federal Regulations.

47.     Paragraph 47 contains no factual allegations regarding Defendants requiring a response.  To the extent a response is required, Defendants respectfully refer the Court to the Code of Federal Regulations for a complete, true, and correct statement of its contents, and deny the allegations to the extent they are inconsistent with the Code of Federal Regulations.

48.     Paragraph 48 contains no factual allegations regarding Defendants requiring a response.  To the extent a response is required, Defendants respectfully refer the Court to the

Code of Federal Regulations for a complete, true, and correct statement of its contents, and deny the allegations to the extent they are inconsistent with the Code of Federal Regulations.

49.     Paragraph 49 contains no factual allegations regarding Defendants and also states a legal conclusion, and therefore does not require a response.  To the extent a response is required, Defendants respectfully refer the Court to the Code of Federal Regulations for a complete, true, and correct statement of its contents and deny the allegations to the extent they are inconsistent with the Code of Federal Regulations.

50.     Paragraph 50 contains no factual allegations regarding Defendants requiring a response.  To the extent a response is required, Defendants respectfully refer the Court to the Code of Federal Regulations for a complete, true, and correct statement of its contents and deny the allegations to the extent they are inconsistent with the Code of Federal Regulations.

51.     Paragraph 51 contains no factual allegations regarding Defendants requiring a response.  To the extent a response is required, Defendants respectfully refer the Court to the Code of Federal Regulations for a complete, true, and correct statement of its contents and deny the allegations to the extent they are inconsistent with the Code of Federal Regulations.

52.     Paragraph 52 contains no factual allegations regarding Defendants requiring a response.  To the extent a response is required, Defendants respectfully refer the Court to the United States Code and the Code of Federal Regulations for a complete, true, and correct statement of their contents and deny the allegations to the extent they are inconsistent with the United States Code and the Code of Federal Regulations.

53.     Paragraph 53 contains no factual allegations regarding Defendants requiring a response.  To the extent a response is required, Defendants respectfully refer the Court to the United States Code and the Code of Federal Regulations for a complete, true, and correct statement of their contents and deny the allegations to the extent they are inconsistent with the United States Code and the Code of Federal Regulations.

54.     Paragraph 54 contains no factual allegations regarding Defendants requiring a response.  To the extent a response is required, Defendants respectfully refer the Court to the United States Code and the Code of Federal Regulations for a complete, true, and correct

statement of their contents and deny the allegations to the extent they are inconsistent with the United States Code and the Code of Federal Regulations.

55.     Paragraph 55 contains no factual allegations regarding Defendants requiring a response.  To the extent a response is required, Defendants respectfully refer the Court to the United States Code for a complete, true, and correct statement of its contents and deny the allegations to the extent they are inconsistent with the United States Code.

56.     Paragraph 56 contains no factual allegations regarding Defendants requiring a response.  To the extent a response is required, Defendants respectfully refer the Court to the United States Code and the Code of Federal Regulations for a complete, true, and correct statement of their contents and deny the allegations to the extent they are inconsistent with the United States Code and the Code of Federal Regulations.

57.     Paragraph 57 contains no factual allegations regarding Defendants requiring a response.  To the extent a response is required, Defendants respectfully refer the Court to the United States Code and the Code of Federal Regulations for a complete, true, and correct statement of their contents and deny the allegations to the extent they are inconsistent with the United States Code and the Code of Federal Regulations.

## VI.    GENERAL ALLEGATIONS

58.     Defendants admit that FCA US manufactured and assembled new motor vehicles, including the Subject Vehicles, and otherwise deny the allegations contained in Paragraph 58.

59.     Defendants admit that Subject Vehicles manufactured by Chrysler Group LLC or FCA US were sold in the United States, and otherwise deny the allegations contained in Paragraph 59.

60.     Defendants deny the allegations contained in Paragraph 60.

61.     Defendants deny the allegations contained in Paragraph 61.

62.     Defendants admit that Chrysler Group LLC contracted with VM Italy and/or VM North America to manufacture and calibrate the engines for the Subject Vehicles, and otherwise deny the allegations contained in Paragraph 62.

63.     Defendants deny the allegations contained in Paragraph 63.

64.     Defendants admit that Chrysler Group LLC contracted with VM Italy and/or VM North America to manufacture and calibrate the engines for the Subject Vehicles, and otherwise deny the allegations contained in Paragraph 64.

65.     Defendants deny the allegations in Paragraph 65.

66.     Defendants admit that certain VM Italy employees manufactured the engine for the Subject Vehicles and certain VM Italy and VM North America employees calibrated the engine for the Subject Vehicles, and otherwise deny the allegations contained in Paragraph 66.

67.     Defendants admit that, during the development of the engine for the Subject Vehicles, VM Italy engaged in the business of manufacturing new motor vehicle engines, including for the Subject Vehicles, and otherwise deny the allegations contained in Paragraph 67.

68.     Defendants deny the allegations contained in Paragraph 68.

69.     Defendants state that Paragraph 69 contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants admit that VM Italy was engaged by Chrysler Group LLC to manufacture and calibrate the 3.0L diesel engine used in the Subject Vehicles, and otherwise deny the allegations contained in Paragraph 69.

70.     Defendants state that Paragraph 70 states a legal conclusion to which no response is required.  To the extent that a response is required, Defendants admit that VM Italy and/or VM North America was engaged by Chrysler Group LLC to manufacture and calibrate the 3.0L diesel engine used in the Subject Vehicles, and otherwise deny the allegations contained in Paragraph 70.

71.     Defendants deny the allegations in Paragraph 71.

72.     Defendants deny the allegations in Paragraph 72.

73.     Defendants deny the allegations in Paragraph 73, except admit that MY 2014–2016 Dodge Ram 1500 and MY 2014–2016 Jeep Grand Cherokee vehicles were equipped with 3.0 L V6 diesel engines.  The United States' classification of these as "Subject Vehicles" within the context of its Complaint does not require a response.

74.     Defendants admit that the enumerated test groups describe the MY 2014–2016 Ram 1500 and Jeep Grand Cherokee and otherwise deny the allegations contained in Paragraph 74.

75.     Defendants state that Paragraph 75 contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants respectfully refer the Court to the United States Code for a complete, true, and correct statement of its contents, and deny the allegations to the extent they are inconsistent with the United States Code.

76.     Defendants deny the allegations in Paragraph 76.

77.     Defendants admit that Chrysler Group LLC or FCA US submitted applications for COCs for the Subject Vehicle test groups identified in Paragraph 74 to the EPA.

78.     Defendants admit that Chrysler Group LLC or FCA US submitted applications for COCs, including lists of AECDs, through EPA's Verify system for each test group listed in Paragraph 74.  Defendants otherwise state that Paragraph 78 characterizes the contents of numerous COCs and applications for COCs, and respectfully refer the Court to the referenced COCs and COC applications themselves for a complete, true, and correct statement of their contents, and deny the allegations to the extent they are inconsistent with the referenced COCs and COC applications.

79.     Defendants admit that certain employees of VM Italy calibrated the engine and emission control systems for the Subject Vehicles, and otherwise deny the allegations contained in Paragraph 79.

80.     Defendants admit that certain employees of VM North America calibrated the engine and emission control systems for the Subject Vehicles, and otherwise deny the allegations contained in Paragraph 80.

81.     Defendants admit that certain VM Italy employees provided information to Chrysler Group LLC or FCA US, and otherwise deny the allegations contained in paragraph 81.

82.     Defendants admit that certain VM North America employees provided information to Chrysler Group LLC or FCA US , and otherwise deny the allegations contained in Paragraph 82.

ANSWER TO COMPLAINT

83.     Defendants state that Paragraph 83 consists of a prefatory statement about the United States' allegations to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 83.

84.     Defendants state that Paragraph 84 contains legal conclusions to which no response is required.  To the extent that any response is required, Defendants respectfully refer the Court to the Code of Federal Regulations and the referenced COCs and COC applications themselves for a complete, true, and correct statement of their contents, and deny the allegations to the extent they are inconsistent with the referenced COCs and COC applications or the Code of Federal Regulations.

85.     Paragraph 85 contains no factual allegations regarding Defendants requiring a response.  To the extent that any response is required, Defendants respectfully refer the Court to the United States Code and the referenced COCs and COC applications themselves for a complete, true, and correct statement of their contents, and deny the allegations to the extent they are inconsistent with the United States Code or the referenced COCs and COC applications.

86.     Defendants admit that the EPA issued COCs for the Subject Vehicles on the dates identified in Paragraph 86, except that the Model Year 2015 COC was subsequently revised on January 14, 2015, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegation that EPA did so "[b]ased on the information and representations FCA US included in the COC applications for the Subject Vehicles" and therefore deny these allegations.  Defendants respectfully refer the Court to the referenced COCs and COC applications themselves for a complete, true, and correct statement of their contents, and deny the allegations to the extent they are inconsistent with the referenced COCs and COC applications.

87.     Defendants state that Paragraph 87 characterizes the contents of numerous COCs and applications for COCs and respectfully refer the Court to the referenced COCs and COC applications themselves for a complete, true, and correct statement of their contents and deny the allegations to the extent they are inconsistent with the referenced COCs and COC applications.

**A.     Emission Control System in the Subject Vehicles**

88.     Paragraph 88 contains no factual allegations regarding Defendants requiring a response.  To the extent a response is required, Defendants admit that diesel engines emit NOx, that NOx emissions can be reduced through the use of certain engine control systems (such as exhaust gas recirculation), and that NOx emissions can be reduced through the use of certain after-treatment systems (such as selective catalytic reduction), and otherwise deny the allegations contained in Paragraph 88.

89.     Paragraph 89 contains no factual allegations regarding Defendants requiring a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 89, except admit and aver that combustion engine control systems, such as EGR, can reduce the amount of NOx formed during the combustion process but also create soot emissions and hydrocarbon deposits, which can damage the engine and related components and prevent them from working properly.

90.     Paragraph 90 contains no factual allegations regarding Defendants requiring a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 90, except admit that after-treatment systems, such as SCR, can employ strategies that reduce the amount of NOx emitted from a vehicle.

91.     Defendants admit the allegations in Paragraph 91.

**B.     Electronic Control Modules in the Subject Vehicles**

92.     Paragraph 92 contains no factual allegations regarding Defendants requiring a response.  To the extent a response is required, Defendants admit that ECMs control certain engine and other vehicle functions, and that ECMs are calibrated with certain variables. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 92 and therefore deny those allegations.

93.     Paragraph 93 contains legal conclusions to which no response is required.  To the extent that any response is required, Defendants respectfully refer the Court to the Code of Federal Regulations for a complete, true, and correct statement of its contents and deny the allegations to the extent they are inconsistent with the Code of Federal Regulations.

94.     Defendants admit that Chrysler Group LLC or FCA US purchased ECM hardware and software from Robert Bosch LLC and/or one of its affiliates that was used in the Subject Vehicles, and otherwise deny the allegations contained in Paragraph 94.

95.     Defendants deny the allegations contained in Paragraph 95.

96.     Defendants deny the allegations contained in Paragraph 96, except admit that certain employees of Chrysler Group LLC or FCA US communicated with employees of one or more Bosch entities regarding certain ECM calibrations of the Subject Vehicles' engine.

97.     Defendants deny the allegations contained in Paragraph 97, except admit that certain employees of Chrysler Group LLC or FCA US requested that Bosch implement certain ECM software changes related to the Subject Vehicles.

**C.     Undisclosed AECDs in the Subject Vehicles**

98.     Defendants admit that the COC applications for the Subject Vehicles describe calibrated strategies in the Subject Vehicles, and respectfully refer the Court to the referenced COCs and COC applications themselves for a complete, true, and correct statement of their contents, and deny the allegations to the extent they are inconsistent with the referenced COCs and COC applications.

99.     Defendants admit that each of the Subject Vehicles contains an EGR system, and that EGR systems can be used to reduce the formation of Nox.  Defendants otherwise respectfully refer the Court to the referenced COCs and COC applications themselves for a complete, true, and correct statement of their contents and deny the allegations to the extent they are inconsistent with the referenced COCs and COC applications.

100.     Defendants admit that each of the Subject Vehicles contains an SCR system, and that SCR systems are used to reduce the emission of NOx from the Subject Vehicles. Defendants otherwise respectfully refer the Court to the referenced COCs and COC applications themselves for a complete, true, and correct statement of their contents and deny the allegations to the extent they are inconsistent with the referenced COCs and COC applications.

101.     Defendants state that Paragraph 101 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants respectfully refer the

Court to the referenced COCs and COC applications themselves, Title II of the Act, and the United States Code for a complete, true, and correct statement of their contents and deny the allegations to the extent they are inconsistent with the referenced COCs and COC applications, the Act or the United States Code.

102.    Defendants admit that the Subject Vehicles contain calibrated  strategies and that Chrysler Group LLC or FCA US identified AECDs in its COC applications for the Subject Vehicles, and otherwise deny the allegations contained in Paragraph 102.

103.    Defendants state that Paragraph 103 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that the Subject Vehicles produced emissions results during testing that complied with certain emissions standards, and otherwise deny the allegations contained in Paragraph 103.

104.    Defendants deny the allegations contained in Paragraph 104.

105.    Defendants deny the allegations contained in Paragraph 105.

b.    AECD #1 (full EGR shut-off at highway speed);

c.    AECD #2 (reduced EGR with increasing vehicle speed);

d.    AECD #3 (EGR shut-off for exhaust valve cleaning);

e.    AECD #4 (DEF dosing disablement during SCR adaptation);

f.    AECD #5 (EGR reduction due to modeled engine temperature);

g.    AECD #6 (SCR catalyst warm-up disablement);

h.    AECD #7 (alternative SCR dosing modes); and

i.    AECD #8 (use of load governor to delay ammonia refill of SCR catalyst).

106.    Defendants deny the allegations contained in Paragraph 106.

107.    Defendants deny the allegations contained in Paragraph 107.

108.    Defendants admit that the strategy referenced in the Complaint as AECD #1 was not identified in the AECD list included in Part 1 of the COC applications for the vehicles and model year listed, and otherwise deny the allegations contained in Paragraph 108.

109.    Defendants respectfully refer the Court to the referenced COCs and COC applications themselves for a complete, true, and correct statement of their contents, and deny

the allegations to the extent they are inconsistent with the referenced COCs and COC applications.

110.    Defendants admit that the strategy referenced in the Complaint as AECD #2 was not identified in the AECD list included in Part 1 of the COC applications for the vehicles and model year listed, and otherwise deny the allegations contained in Paragraph 110.

111.    Defendants respectfully refer the Court to the referenced COCs and COC applications themselves for a complete, true, and correct statement of their contents, and deny the allegations to the extent they are inconsistent with the referenced COCs and COC applications.

112.    Defendants deny the allegations contained in Paragraph 112.

113.    Defendants respectfully refer the Court to the referenced COCs and COC applications themselves for a complete, true, and correct statement of their contents, and deny the allegations to the extent they are inconsistent with the referenced COCs and COC applications.

114.    Defendants admit that the strategies referenced in the Complaint as AECDs #4, #5, #6, and #8 were not identified in the AECD list included in Part 1 of the COC applications for the Subject Vehicles, and otherwise deny the allegations contained in paragraph 114.

115.    Defendants respectfully refer the Court to the referenced COCs and COC applications themselves for a complete, true, and correct statement of their contents, and deny the allegations to the extent they are inconsistent with the referenced COCs and COC applications.

116.    Defendants respectfully refer the Court to the referenced COCs and COC applications themselves for a complete, true, and correct statement of their contents, and deny the allegations to the extent they are inconsistent with the referenced COCs and COC applications.

117.    Defendants respectfully refer the Court to the referenced COCs and COC applications themselves for a complete, true, and correct statement of their contents, and deny

the allegations to the extent they are inconsistent with the referenced COCs and COC applications.

118.    Defendants respectfully refer the Court to the referenced COCs and COC applications themselves for a complete, true, and correct statement of their contents, and deny the allegations to the extent they are inconsistent with the referenced COCs and COC applications.

119.    Defendants respectfully refer the Court to the referenced COCs and COC applications themselves for a complete, true, and correct statement of their contents, and deny the allegations to the extent they are inconsistent with the referenced COCs and COC applications.

120.    Defendants admit that the AECD lists in the COC applications for the Subject Vehicles did not include one or more of the strategies identified in the Complaint as AECDs. Defendants respectfully refer the Court to the referenced COCs and COC applications themselves for a complete, true, and correct statement of their contents, and deny the allegations to the extent they are inconsistent with the referenced COCs and COC applications.

121.    Defendants state that Paragraph 121 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 121.

122.    Defendants state that Paragraph 122 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 122.

123.    Defendants state that Paragraph 123 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 123.

124.    Defendants state that Paragraph 124 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 124.

## VII.   FIRST CLAIM FOR RELIEF
### (Section 203(a)(1): Sale, Offer for Sale, Introduction or Delivery for Introduction into Commerce, or Import of New Motor Vehicles Not Covered by COCs, or Causing Any of the Foregoing Activities)

125.   Defendants incorporate their responses to paragraphs 1 through 124 as if fully set forth herein.

126.   Defendants state that Paragraph 126 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 126.

127.   Defendants state that Paragraph 127 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 127.

128.   Defendants state that Paragraph 128 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 128.

129.   Defendants state that Paragraph 129 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 129.

130.   <u>ANSWER</u>: Defendants state that Paragraph 130 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 130.

## VIII.   SECOND CLAIM FOR RELIEF
### (Section 203(a)(3)(B): Manufacture, Sale, Offer for Sale, or Installation of any Parts or Components that Bypass, Defeat or Render Inoperative any Emission Controls, or Causing Any of the Foregoing Activities)

131.   Defendants incorporate their responses to paragraphs 1 through 124 as if fully set forth herein.

132.   Defendants state that Paragraph 132 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 132.

133.     Defendants state that Paragraph 133 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 133.

134.     Defendants state that Paragraph 134 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 134.

135.     Defendants state that Paragraph 135 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 135.

## IX.     THIRD CLAIM FOR RELIEF
**(Section 203(a)(3)(A): Removing or Rendering Inoperative any Devices or Elements of Design installed to Comply with Emission Regulations Prior to the Sale of the Vehicle, or Causing Any of the Foregoing Activities)**

136.     Defendants incorporate their responses to paragraphs 1 through 124 as if fully set forth herein.

137.     Defendants state that Paragraph 137 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 137.

138.     Defendants state that Paragraph 138 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 138.

139.     Defendants state that Paragraph 139 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 139.

140.     Defendants state that Paragraph 140 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 140.

ANSWER TO COMPLAINT

## X.  FOURTH CLAIM FOR RELIEF
### (Section 203(a)(2): Reporting Violations)

141.    Defendants incorporate their responses to paragraphs 1 through 124 as if fully set forth herein.

142.    Defendants state that Paragraph 142 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 142.

143.    Defendants state that Paragraph 143 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 143.

144.    Defendants state that Paragraph 144 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 144.

145.    Defendants state that Paragraph 145 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 145.

## DEFENSES

Without assuming any burden of proof that they would not otherwise bear under applicable law, without reducing or removing Plaintiff's burden of proof on its affirmative claims against Defendants, reserving their right to assert additional defenses and/or affirmative defenses, and solely to the extent deemed necessary by the Court to maintain any or all of the following defenses, Defendants assert the following defenses or affirmative defenses:

### FIRST DEFENSE
#### (Failure to State a Claim)

The Complaint fails to allege facts sufficient to state any claim upon which relief may be granted.

### SECOND DEFENSE
#### (Lack of Personal Jurisdiction)

-22-                                        ANSWER TO COMPLAINT

The Court lacks personal jurisdiction over FCA NV and VM Italy, and any exercise of personal jurisdiction over FCA NV or VM Italy would not be consistent with the Due Process Clauses of the Fifth or Fourteenth Amendments to the United States Constitution.

**THIRD DEFENSE**
(Inconsistent Theories)

Plaintiff's Complaint asserts claims that rest on inconsistent theories.

**FOURTH DEFENSE**
(Duplicative Penalties)

Plaintiff's Complaint improperly seeks duplicative penalties under multiple statutory provisions for the same conduct.

**FIFTH DEFENSE**
(Excessive Fines)

The penalties sought in Plaintiff's Complaint are barred, in whole or in part, by the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, and similar state constitutional provisions.

**SIXTH DEFENSE**
(Waiver and Estoppel)

The claims in Plaintiff's Complaint are barred, in whole or in part, by the doctrines of waiver and estoppel.

**SEVENTH DEFENSE**
(Consent/Ratification)

The claims in Plaintiff's Complaint are barred, in whole or in part, because Plaintiff and/or the EPA consented to or ratified the acts in question.

**EIGHTH DEFENSE**
(Not AECDs and/or Defeat Devices)

The claims in Plaintiff's Complaint are barred, in whole or in part, because the allegedly undisclosed AECDs are not AECDs and/or "defeat devices" under applicable regulations and law.

**NINTH DEFENSE**
(Did Not Reduce Emissions Control)

The claims in Plaintiff's Complaint are barred, in whole or in part, because the allegedly undisclosed AECDs did not reduce the effectiveness of the emissions control system.

**TENTH DEFENSE**
(Did Not Unnecessarily Reduce Emissions Control)

The claims in Plaintiff's Complaint are barred, in whole or in part, because the allegedly undisclosed AECDs did not unnecessarily reduce emissions control effectiveness.

**ELEVENTH DEFENSE**
(No Fair Notice/Deprivation of Due Process)

The claims in Plaintiff's Complaint are barred, in whole or in part, because the Defendants lack fair notice of EPA's interpretation of its regulations as applied in this action.

**TWELFTH DEFENSE**
(Disclosure of AECDs)

The claims in Plaintiff's Complaint are barred, in whole or in part, because Defendants disclosed the presence of certain strategies through running change and/or field fix notifications, and other certification-related documents, and/or, pursuant to EPA's regulations and interpretations in effect at the time, Defendants were not required to disclose such strategies as AECDs and/or that any misstatements or omissions were not material.

**THIRTEENTH DEFENSE**
(Relief Sought Beyond Scope of CAA)

Certain injunctive relief sought in Plaintiff's Complaint is not authorized under Title II of the Clean Air Act.

**FOURTEENTH DEFENSE**
(No Knowledge or Intent)

The claims in Plaintiff's Complaint are barred, in whole or in part, because Defendants lacked knowledge and/or reason to know that the strategies, as calibrated, would have the effect of bypassing, defeating, or rendering inoperative any other device or element of design installed in the Subject Vehicles.

**FIFTEENTH DEFENSE**
(Conduct of Other Entities)

Any damage, loss, or liability, including any civil penalty, must be reduced, diminished, and/or eliminated in proportion to the acts, omissions, and conduct of entities or individuals other than Defendants under the principles of equitable allocation, recoupment, set-off, contribution, proportionate responsibility, comparative fault, or other applicable law.

## RESERVATION OF RIGHTS

Defendants expressly and specifically reserve the right to raise any additional defenses and claims not asserted herein of which they may become aware through discovery or other investigation, and will amend or modify their answer accordingly.  Defendants further reserve the right to withdraw defenses that they determine are not applicable during the course of discovery and other proceedings in this action.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure as to all issues or claims for which a jury trial is allowed.

## PRAYER FOR RELIEF

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief and respectfully requests a judgment against Plaintiff as follows:

A.     That Plaintiff take nothing by its Complaint in this action;

B.     That the Court enter judgment against Plaintiff and in favor of Defendants, and that the Complaint in this action be dismissed with prejudice;

C.     That the Court award Defendants any and all other relief to which they may be entitled, or which the Court deems just and proper.

Dated:      October 6, 2017

/s/ *Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.
William B. Monahan
Darrell S. Cafasso
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:       (212) 558-4000
Facsimile:        (212) 558-3588

*Attorneys for Defendants Fiat Chrysler*
*Automobiles N.V., FCA US LLC, V.M.*
*Motori S.p.A., and V.M. North America,*
*Inc.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

**CERTIFICATE OF SERVICE**

2      I HEREBY CERTIFY this 6th day of October, 2017, a true and correct copy of the

3  foregoing was electronically filed and served electronically via the Court's CM/ECF system,

4  which will automatically serve notice to all registered counsel of record.

5

6

7                                  /s/ *Megan Bradley*

8                                  Megan Bradley

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1            **ATTESTATION (CIVIL LOCAL RULE 5-1(i)(3))**

2         In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this

3  document has been obtained from the signatories.

4

5  Dated:        October 6, 2017      SULLIVAN & CROMWELL LLP

6

7                            */s/  Megan Bradley*

8                            Megan Bradley

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28