UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CHRYSLER-DODGE-JEEP ECODIESEL MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | No. 3:17-md-02777-EMC<br><br>**[PR~~OPO~~SED] PRETRIAL ORDER NO. $^{13}$__:<br>STIPULATION RELATING TO NON-WAIVER OF PRIVILEGES AND PRODUCTION OF PRIVILEGE LOGS**<br><br>The Hon. Edward M. Chen |

WHEREAS, the Department of Justice, on behalf of the United States Environmental Protection Agency ("United States"), the Plaintiffs' Steering Committee, on behalf of the consumer and reseller dealer class plaintiffs ("Class Plaintiffs"; together with the United States, "Plaintiffs"), and FCA US LLC, Fiat Chrysler Automobiles N.V., V.M. Motori S.p.A., VM North America, Inc., Sergio Marchionne, Robert Bosch LLC, and Robert Bosch GmbH (collectively, "Defendants"; jointly, the "Parties") mutually seek to reduce the time, expense and other burdens associated with discovery and to better define their obligations with respect to information and materials produced during discovery;

WHEREAS, the prosecution and defense of this Action will require many of the Parties to review and to disclose large quantities of information and documents, including electronically stored information, through the discovery process. As a result, page-by-page preproduction privilege review could impose an undue burden on the resources of one or more of the

Parties; and

WHEREAS, the Parties, having met and conferred, submit this *Stipulation Relating to Non-Waiver of Privileges and Production of Privilege Logs*, and respectfully request that the Court enter it as an order.

NOW THEREFORE, it is hereby STIPULATED AND ORDERED:[1]

## I. PROTECTION OF PRIVILEGES

**A.** This Order invokes the protections afforded by Rule 502(d) of the Federal Rules of Evidence. Accordingly, the provisions in Rule 502(b) will not apply to the disclosure of Discovery Material in this Action. Any Party or Non-Party that complies with this Order will be deemed to have taken reasonable steps to rectify disclosures of privileged or otherwise protected Discovery Material.

**B.** Each Party or Non-Party is entitled to decide the appropriate degree of care to exercise in reviewing materials to determine if they contain information protected by any privilege or protection against disclosure (the "Privileged Material"), taking into account the volume and sensitivity of the materials, the demands of the Action, and the resources that the Party or Non-Party can make available.

**C.** Except as otherwise provided herein, irrespective of the care that is actually exercised in reviewing materials for Privileged Material, pursuant to Rule 502(d) of the Federal Rules of Evidence, if, in connection with this Action, a Party or Non-Party (the "Disclosing Party") discloses Discovery Material thereafter claimed to be Privileged Material ("Disclosed Privileged Material"), the disclosure of the Disclosed Privileged Material will not constitute or be deemed, either in this Action or any other action, investigation or proceeding, a waiver or forfeiture of any claim of any privilege or protection, including, without limitation, the attorney-client privilege, the work product doctrine, or the deliberative process privilege, that the Disclosing Party would otherwise be entitled to assert with respect to the Disclosed Privileged Material and its subject matter. Any disclosure will also not be deemed a waiver or forfeiture as

---

[1] This Order does not supersede prior Pretrial Orders issued in this Action, which remain in effect except to the extent inconsistent with the provisions herein. Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in Pretrial Order No. 10.

to any other document or communication, whether concerning the same subject matter or a different subject matter. The Parties will not argue, in this forum or any other, that any privilege or protection was waived as a result of disclosure in this Action, regardless of the procedures used to identify Privileged Material prior to production.

**D.** *Notice of Disclosed Privileged Material.* If a Disclosing Party determines that it has produced Disclosed Privileged Material, the Disclosing Party will, within twenty-one (21) calendar days of making such determination, provide written notice to, as applicable, Class Plaintiffs' Lead Counsel, Defendants' Counsel and Government Coordinating Counsel identifying the Disclosed Privileged Material (by date of production and production number or range, if applicable) ("Disclosure Notice"). The Disclosure Notice must include (i) a privilege log with respect to the Disclosed Privileged Material, if such a log is required by Paragraph II of this Order; and (ii) if the Disclosing Party claims that only a portion of a document is Disclosed Privileged Material, a new copy of the document with the Disclosed Privileged Material redacted.

**E.** Any Party or Non-Party that receives a Disclosure Notice must (a) immediately cease reviewing and using the Disclosed Privileged Material, and (b) within fourteen (14) calendar days of receipt of the Disclosure Notice, (i) return, sequester, or destroy all copies of the Disclosed Privileged Material; and (ii) notify any Party or Non-Party to whom the Receiving Party has provided the Disclosed Privileged Material that he, she, or it must comply with the obligations set forth in this Paragraph, including, upon request of the Disclosing Party, to provide to the Disclosing Party a certification of counsel that all of the Disclosed Privileged Material has been returned, sequestered or destroyed.[2] Any Party or Non-Party, except for EPA, that receives a Disclosure Notice must, upon request of the Disclosing Party, provide to the Disclosing Party a certification of counsel that all of the Disclosed Privileged Material has been returned, sequestered, or destroyed.

---

[2] Copies of Disclosed Privileged Material that have been stored on electronic media that is not reasonably accessible, such as disaster recovery backup media, are adequately sequestered as long as they are not restored. If such data is restored, the Receiving Party must take steps to re-sequester the restored Disclosed Privileged Material.

**F.**    Nothing in this Order is intended to create an obligation for a Party to conduct a privilege review of another Party's Discovery Material.  However, if a Party identifies Discovery Material that it reasonably believes may be Disclosed Privileged Material belonging to another Party or Non-Party, the identifying Party is under a good-faith obligation to notify that other Party or Non-Party.  Such notification will not waive the identifying Party's ability to subsequently contest any assertion of privilege or protection with respect to the identified Discovery Material. If the Party or Non-Party to which the Disclosed Privileged Material belongs wishes to assert a claim of privilege or protection, that Party or Non-Party must provide a Disclosure Notice within twenty-one (21) calendar days of receiving such notification.  Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows, or reasonably should know, to be Privileged Material and to inform the Disclosing Party that such Privileged Material has been produced.

**G.**    *Contesting a Claim of Privilege or Protection.* A Party wishing to contest a claim of privilege or protection asserted under Paragraph I.D or Paragraph I.F of this Order (the "Contesting Party") must provide written notice to the Disclosing Party of each such claim it is contesting (the "Contestation Notice").  Any Contestation Notice must expressly refer to this Paragraph of this Order, and must describe the basis for the contestation.  The Disclosing Party must, within fourteen (14) calendar days of receiving a Contestation Notice, respond in writing by either:  (i) agreeing to withdraw the claim of privilege or other protection; or (ii) stating the reasons for such claim.  If the Contesting Party continues to dispute the claim(s) at issue, it must notify the Disclosing Party in writing within fourteen (14) calendar days thereafter. The Parties will attempt to resolve each contestation in good faith by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient).  A Contesting Party may proceed to the next stage of the contestation process only if he, she or it has engaged in this meet-and-confer process in a timely manner.

**H.**    If the relevant Parties or Non-Parties cannot resolve a contestation without court intervention, the Contesting Party may, within fourteen (14) calendar days of impasse, move the Court for an order withdrawing the designation ("Contestation Motion").  Such Contestation

Motion must be filed under seal in accordance with the local rules.  The Contesting Party must not assert, as a ground for compelling disclosure, the facts or circumstances of the disclosure of the Discovery Material in this Action.

**I.** The Disclosing Party retains the burden, upon contestation, of establishing the applicability of the claimed privilege or protection and bears the burden of making the Disclosed Privileged Material available to the Court for *in camera* review.

**J.** While a Contestation Motion is pending, all Parties and Non-Parties will continue to follow the procedures described herein, and no Party or Non-Party may use the Disclosed Privileged Material for any other purpose nor disclose it to any person other than those required by law to be served with a copy of the sealed Contestation Motion.  Nothing herein limits the right of any Party or Non-Party to petition the Court for an *in camera* review of Disclosed Privileged Material.

**K.** *Depositions.*  If, during a deposition, a Party or Non-Party claims that a document being used in the deposition (*e.g.*, marked as an exhibit, shown to the witness, or made the subject of examination) contains Privileged Material, that Party or Non-Party may at his, her or its sole election (a) allow the document to be used during the deposition without waiver of his, her or its claim of privilege or protection; or (b) instruct the witness not to answer questions concerning the parts of the document containing the claimed Privileged Material pending a prompt resolution of any disagreement concerning whether the document constitutes or contains Privileged Material. If the Party or Non-Party allows the examination concerning the document to proceed on a non-waiver basis, the Parties and any Non-Parties must sequester all copies of the purportedly privileged or protected document.  Immediately following the deposition, the Parties and any Non-Parties will commence the procedure, including the notice and log requirements, outlined in Paragraphs I.D, I.E, I.F and I.G (as applicable), to address the claim of privilege or other protection and any related disputes.  Until any such disputes are resolved, all Parties and Non-Parties who have access to the transcript of such deposition must treat the relevant portion of the transcript as Privileged Material.  If the witness declined to answer questions concerning the document on grounds of privilege or other protection, the Parties will cooperate in promptly

following the procedures outlined in Paragraphs I.D, I.E, I.F and I.G (as applicable).  If the document is ultimately determined not to be privileged or subject to protection, the Party or Non-Party asserting the claim of privilege or protection will be responsible for ensuring that the deposing party is given an opportunity to depose the witness about the document at the earliest practicable time.

**L.** The Parties may stipulate without the need for Court approval to narrow or extend the time periods specified in this Order.

**M.** This Order does not preclude a Party from voluntarily waiving any claims of privilege or protection.  The provisions of Rule 502(a) of the Federal Rules of Evidence apply when a Party uses privileged or protected information to support a claim or defense.

**II.** **PREPARATION OF PRIVILEGE LOG**

**A.** Except as otherwise provided, each Party and Non-Party will provide a log or logs of documents he, she, or it has withheld from production or produced in redacted form on the grounds that such documents constitute or contain Privileged Material.

**B.** Provided that they contain Privileged Material, the following materials presumptively need not be logged:

    i. Communications that are: (a) exclusively within a law firm, or exclusively between or among law firms, serving as a Party's outside counsel, as well as their employees and support staff, (b) exclusively within a government law office, or exclusively between or among government law offices, serving as trial counsel in this Action (*e.g.*, the United States Department of Justice), as well as their employees and support staff, or (c) identified in paragraph 2 of Pretrial Order No. 8, Protected Counsel Communications (Docket No. 199), provided that liaison counsels' designees are limited to outside counsel;

    ii. Attorney work product created on or after January 12, 2017, by a Party's outside counsel or by a government law office serving as trial counsel in this Action (*e.g.*, the United States Department of Justice), including their respective employees and support staff;

   iii. Communications between and among a Party's outside counsel, or a government law office serving as trial counsel in this Action (*e.g.*, the United States Department of Justice), and their Experts or Professional Vendors, and attorney work product created by Experts or Professional Vendors; and

   iv. Communications on or after January 12, 2017, between or among a Party and its Counsel.

Notwithstanding the foregoing, communications and attorney work product claimed to be Privileged Material must be logged if it was sent or distributed to a person other than a Party; his, her, or its Counsel (including their employees and support staff); his, her, or its Experts; his, her, or its Professional Vendors; counsel identified in paragraph 2 of Pretrial Order No. 8, Protected Counsel Communications (Docket No. 199), provided that liaison counsels' designees are limited to outside counsel (including their employees and support staff); or, in the case of the United States, a government law office serving as trial counsel in this Action (including their employees and support staff).

  **C.** The Parties will meet and confer to determine whether it is appropriate—and, if so, to what extent—for a producing Party to de-duplicate privilege log entries and to determine how privileged email strings should be logged.

  **D.** Nothing herein prohibits a Party from requesting a privilege log for materials excepted from logging pursuant to Paragraph II.B upon a showing of good cause.

  **E.** Nothing herein applies to preexisting privilege logs for prior productions of documents to regulatory agencies.

  **F.** *Abbreviated privilege logs for ESI.* With respect to ESI withheld under a claim of privilege, the Parties may provide, in lieu of a privilege log containing all of the information required by Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure, an abbreviated log that contains the following information:

| Field | Contents |
|---|---|
| Firstbates | Bates number for the TIFF image of the first page (which may be a placeholder if the file would be produced natively) |
| Lastbates | Bates number for the TIFF image of the last page (which may be a placeholder if the file would be produced natively) |

| Field | Contents |
|---|---|
| Attachment range | Bates number of the first page of the parent document and the last page of the last attachment. |
| Custodian | The name of the person who had primary control over the location from which the document was collected |
| Author | "author" metadata field, if present; or "sender" for emails |
| Recipients | to, cc, bcc fields from email combined |
| File name | Name of the file, if it's not an email |
| Title | Subject line of email; or "title" metadata field, if present |
| Privilege claim | All privileges that the withholding party claims are applicable to the document in question |

The data in the abbreviated log may be extracted from metadata associated with the ESI and produced without manual verification or editing of the information in the log (other than the privilege claim). Upon receipt of the abbreviated privilege log, the receiving party may identify up to 10% of the documents listed on the abbreviated privilege log for manual verification. For each document so identified, the logging party must provide to the receiving party within 30 days a supplemental privilege log that includes all of the information required by Rule 26(b)(5)(A), including a description that will enable the receiving party to assess the claims of privilege or other protection. Following review of the supplemental privilege log, the Parties will meet and confer regarding whether additional information is needed with respect to any of the documents on the abbreviated privilege log or the supplemental privilege log. Nothing herein prohibits the Parties from seeking all of the information they are entitled to receive pursuant to Rule 26(b)(5)(A) if that information is necessary to challenge a privilege claim. The Parties agree that claims of privilege with respect to paper documents that are not duplicates of ESI must be made in accordance with the requirements of Rule 26(b)(5)(A).

**G.** For those documents produced on or prior to October 31, 2017, the Parties will provide privilege and redaction logs by January 12, 2018. For those documents produced after October 31, 2017, but on or prior to February 16, 2018, the Parties will provide privilege and redaction logs by April 17, 2018. For those documents produced after February 16, 2018, but on or prior to April 6, 2018, the Parties will provide privilege and redaction logs by May 7, 2018.

1 | For any documents produced after April 6, 2018, the Parties will provide privilege and redaction
2 | logs within thirty (30) calendar days of the production to which they relate.

3 |       **H.**      A Party that redacts Foreign Private Data pursuant to Paragraph 10.1 of PTO 10 may identify such redactions either (a) on a log of documents in accordance with the foregoing provisions of this Order (but separate from any privilege log), (b) by stamping "Redacted Foreign Private Data" on the document where the Foreign Private Data was redacted, or (c) by adding a field to the .DAT file for the relevant document indicating that it contains Foreign Private Data that was redacted for privacy.

**I.** Nothing herein precludes a Party from challenging the propriety of any redactions by another Party concerning Foreign Private Data, and whether such Party has complied with the redaction identification provisions of Paragraph II.H., above.

**J.** *Governmental Privilege Claims.* The Parties agree that the United States' assertion of any governmental privileges may be made by first identifying documents withheld on such grounds on its privilege log and, second, by providing a declaration supporting that assertion within thirty (30) days after service of the privilege log, where such a declaration is required by applicable law.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: October 27, 2017        Respectfully submitted,

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By: */s/ Elizabeth J. Cabraser*
    Elizabeth J. Cabraser
    275 Battery Street, 29th Floor
    San Francisco, CA 94111-3339
    Telephone: (415) 956-1000
    Facsimile: (415) 956-1008
    ecabraser@lchb.com

*Plaintiffs' Lead Counsel and Chair of the Plaintiffs' Steering Committee*

| | | |
|---|---|---|
| Dated: October 27, 2017 | | UNITED STATES DEPARTMENT OF JUSTICE |

By: */s/ Leigh P. Rendé*
    Leigh P. Rendé
    United States Department of Justice
    Environmental Enforcement Section
    Environment and Natural Resources Division
    P.O. Box 7611, Ben Franklin Station
    Washington, D.C. 20044-7611
    Telephone: (202) 514-1461
    Facsimile: (202) 514-0097
    Leigh.rende@usdoj.gov

*Government Coordinating Counsel*

Dated: October 27, 2017    SULLIVAN & CROMWELL LLP

By: */s/ Robert J. Giuffra, Jr.*
    Robert J. Giuffra, Jr.
    William B. Monahan
    Darrell S. Cafasso
    125 Broad Street
    New York, New York 10004
    Telephone: (212) 558-4000
    Facsimile: (212) 558-3588
    giuffrar@sullcrom.com
    monahanw@sullcrom.com
    cafassod@sullcrom.com

*Counsel for Fiat Chrysler Automobiles N.V., FCA US LLC, V.M. Motori S.p.A., V.M. North America, Inc., and Sergio Marchionne*

Dated: October 27, 2017    CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: */s/ Matthew D. Slater*
    Matthew D. Slater
    Cleary Gottlieb Steen & Hamilton LLP
    2000 Pennsylvania Ave., N.W.
    Washington, DC 20006
    Telephone: (202) 974-1500
    Facsimile: (202) 974-1999
    mslater@cgsh.com

*Counsel for Robert Bosch, LLC and Robert Bosch GmbH*

# ATTESTATION (CIVIL LOCAL RULE 5-1(i)(3))

In accordance with Civil Local Rule 5-1(i)(3), I attest the concurrence in the filing of this document has been obtained from the signatories.

Dated: October 27, 2017

/s/ *Elizabeth J. Cabraser*
Elizabeth J. Cabraser

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: November 3, 2017

EDWARD M. CHEN
United States District Judge

GRANTED
Judge Edward M. Chen

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 27, 2017, a true and correct copy of the foregoing was electronically filed and served electronically via the Court's CM/ECF system, which will automatically serve notice to all registered counsel of record.

*/s/ Elizabeth J. Cabraser*
Elizabeth J. Cabraser