UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CHRYSLER-DODGE-JEEP "ECODIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No: MDL No. 17-MD-2777-EMC<br><br>[~~PROPOSED~~] PRETRIAL ORDER NO. 14<br>STIPULATION AND ORDER RELATING TO DEPOSITION PROTOCOL<br><br>The Honorable Edward M. Chen |

**I.  GENERAL PROVISIONS**

This Order applies to the following Parties to the Action: (a) the consumer and reseller dealer class plaintiffs ("Class Plaintiffs"); (b) the Department of Justice on behalf of the United States Environmental Protection Agency (hereinafter the "United States") (together with the Class Plaintiffs, "Plaintiffs"); (c) Fiat Chrysler Automobiles N.V., FCA US LLC, V.M. Motori S.p.A., V.M. North America, Inc., and Sergio Marchionne (collectively, the "FCA" Defendants); and (d) Robert Bosch, LLC and Robert Bosch GmbH (collectively, the "Bosch Defendants") (together with the FCA Defendants, "Defendants").[1] This Order provides the protocols applicable to depositions of all fact witnesses, including depositions pursuant to Fed. R. Civ. P. 30(b)(6) and depositions of Non-Parties. Nothing in this Order will preclude any Party or witness from

---

[1] Unless otherwise specified, all capitalized terms not otherwise defined herein shall have the meanings ascribed to them in Pretrial Order No. 10: Stipulated Protective Order (Docket No. 212) ("PTO 10").

seeking to modify it later for good cause shown; prior to doing so, however, counsel will meet and confer among themselves in a good-faith effort to reach agreement as to the appropriate scope of any modifications or revisions to this Order.

## II. GOVERNING LAW

Discovery will be governed by the applicable provisions of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Northern District of California (the "Local Rules"), except as otherwise provided herein or in any other Order. Unless specifically modified herein, nothing in this Order may be construed to abrogate, modify, or enlarge the Federal Rules of Civil Procedure or the Local Rules. This Order does not supersede prior pretrial orders entered in this Action.

To the extent that this Order conflicts, or is alleged to conflict, with rights or protections afforded by the national laws or regulations of any foreign country or international treaty, the witness or Party claiming those rights and protections will meet and confer with the Parties regarding a resolution of the alleged conflicts. If the Parties cannot reach agreement, the issue(s) must be submitted promptly for judicial resolution.

## III. DEPOSITIONS

### A. Deposition Point Persons

A single Point Person shall be designated by each of (i) the Plaintiffs' Steering Committee; (ii) the United States; (iii) counsel for the FCA Defendants; and (iv) counsel for the Bosch Defendants (collectively, "Point Persons"). Depositions and matters related to depositions shall be coordinated by the Point Persons. For a notice scheduling a deposition to be effective, it must be sent by email to all Point Persons. Point Persons must be designated within fifteen (15) days after entry of this Order, and thereafter, if necessary, upon prompt notice to all Point Persons, a Party may elect to name a different Point Person at any time during discovery.

### B. Number of Depositions

Plaintiffs may, collectively, take up to seventy (70) depositions of the FCA Defendants and Bosch Defendants, collectively, unless otherwise agreed to by the Parties or ordered by the Court.

Defendants may, collectively, take up to seventy (70) depositions of Plaintiffs, unless otherwise agreed to by the Parties or ordered by the Court; provided, however, that Defendants shall take no more than ten (10) depositions of the United States.

A witness may be deposed in his or her individual capacity only once in this Action, unless (i) otherwise agreed to by the Parties in writing; (ii) the witness has been deposed only on issues related to the preservation of evidence or class certification pursuant to Paragraph 4.F.i. of Amended Pretrial Order No. 12: Stipulated Discovery Schedule ("PTO 12") (Docket No. 227); or (iii) authorized by an order of the Court upon a showing of good cause by the Party seeking the additional deposition. In the event a witness is deposed on issues related only to the preservation of evidence or class certification pursuant to Paragraph 4.F.i. of PTO 12, that witness may be deposed in his or her individual capacity on issues unrelated to preservation or class certification a second time in this Action. The Parties shall undertake reasonable efforts to avoid deposing the same witness twice. The Parties reserve the right to move the Court for a protective order opposing the second deposition of a witness.

Counsel for all Plaintiffs shall confer before serving any notice of deposition to a witness, and counsel for all Defendants shall confer before serving any notice of deposition to a witness.

If a Party wishes to conduct additional depositions, the Parties shall meet and confer to determine if an agreement can be reached on the number of additional depositions. If the Parties are unable to agree on the number of additional depositions, the dispute shall be submitted promptly to the Court for resolution.

**C.     Rule 30(b)(6) Depositions**

Counsel for all Plaintiffs shall confer before serving any Rule 30(b)(6) notice to any corporate Defendant, and counsel for all Defendants shall confer before serving any Rule 30(b)(6) notice to any corporate Plaintiff (including the United States).

The Parties may serve a reasonable number of Rule 30(b)(6) deposition notices to each corporate Party. The deposing Party(ies) will make a good-faith effort to include in each deposition notice all topics concerning the subject matter category for which the deposing Party(ies) seeks testimony in that notice (without prejudice to serving additional Rule 30(b)(6)

notices for topics concerning the subject matter category if the deposing Party(ies) learns of additional topics of which it was not previously aware for good reason). Absent good cause or agreement of the noticed Party, no Rule 30(b)(6) deposition notice may include topics covered by a prior Rule 30(b)(6) deposition notice to the same corporate Party.

If a Party wishes to depose a Rule 30(b)(6) corporate representative in his or her individual capacity, the depositions (individual and corporate capacity) may be, but are not required to be, consolidated. In the event that the Parties agree to consolidate the depositions, the noticing Party nevertheless will be entitled to a separate time allotment, as detailed below in Section III.G (Length of Examination), for each deposition. The noticing Party will clearly indicate when the Rule 30(b)(6) deposition has ended.

### D. Deposition Notices

#### 1. Notice of Deposition Procedures

A deposition notice may be served at any time, so long as it complies with Pretrial Order No. 12: Stipulated Discovery Order (Docket No. 227), provided that it is served sufficiently in advance of the close of fact discovery so that the deposition takes place prior to the close of fact discovery. Absent extraordinary circumstances, Point Persons and counsel for a proposed witness should confer at least seven (7) days prior to noticing a deposition in an effort to schedule depositions for mutually convenient dates, times, and locations. Point Persons and counsel for a proposed witness are expected to cooperate and coordinate the scheduling of depositions. To the extent that a proposed witness is unable to be deposed on the noticed date of his or her deposition, Point Persons and counsel for that witness will promptly confer to discuss alternative dates and/or the potential for a substitute witness. To ensure the expeditious progress of the Action, in the event that the Point Persons and counsel for the witness are unable to reach agreement, the noticing Party may notice the deposition in accordance with this Order; should any other Party or the witness maintain a need for relief thereon, such request for relief shall be submitted promptly for judicial resolution.

Absent exigent circumstances, agreement of the Parties, or a Court order to the contrary, fact depositions of witnesses residing in the United States must be noticed at least thirty (30) days

in advance, and foreign witnesses must be noticed at least forty-five (45) days in advance, with notice served upon counsel in accordance with Section III.A (Deposition Point Persons). Absent exigent circumstances, agreement of the Parties, or a Court order to the contrary, notice of a Rule 30(b)(6) deposition must be served at least forty-five (45) days in advance, with notice served upon counsel in accordance with Section III.A (Deposition Point Persons). Any objections to a Rule 30(b)(6) deposition notice shall be served no later than fourteen (14) days after the notice is served. The Parties shall meet and confer concerning any such objections in advance of the Rule 30(b)(6) deposition.

### 2. Contents of Notice

Each deposition notice (except for a Rule 30(b)(6) deposition notice) shall include the name of the proposed witness. Each deposition notice shall include contact information for the noticing party's Point Person so that interested counsel may obtain information regarding the deposition from that Point Person. This Order shall be referenced in any Party or Non-Party subpoena or deposition notice issued after the effective date of this Order. If the deposition is to be recorded by video, the notice shall so state. If the notice asks the witness to produce, or if the witness may be asked about, documents that may contain Confidential Information or Highly Confidential Information, PTO 10 shall be referenced in the notice.

### E. Attendance

#### 1. Who May Be Present

Unless otherwise ordered or agreed by the Parties, and subject to the requirements of PTO 10, only the following persons may attend depositions (either in person or remotely): the witness, and counsel for the witness; Point Persons; a reasonable number of members and employees of the Plaintiffs' Steering Committee and of Defendants' Counsel and their firms; a reasonable number of attorneys for the United States on behalf of EPA; attorneys specially engaged by a Party for purposes of the deposition; the Parties or their respective representatives (including In-House Counsel and EPA Counsel); experts or non-testifying consultants; and court reporters, videographers, and litigation technicians/consultants.

If a witness is being examined about any document designated Confidential or Highly

Confidential pursuant to PTO 10, any person to whom disclosure is not authorized under PTO 10 shall be excluded while the examination occurs and shall not receive a copy of that portion of the transcript.

The Parties may agree to permit attendance of a person who does not fall within any of the categories set forth above. Upon application, and for good cause shown, the Court may also permit attendance by a person who does not fall within any of the categories set forth above.

### 2. Unnecessary Attendance

Unnecessary attendance by Counsel – either in person or by telephone – is discouraged. Counsel who have only marginal interest in a proposed deposition or who expect their clients' interests to be adequately represented by other Counsel are encouraged not to attend. The issue of compensation of counsel for attendance at depositions is addressed in PTO 4 at Section I.A (Compensable Common Benefit Work).

### 3. Notice of Intent to Attend a Deposition

Any Counsel who intends to attend a deposition noticed in this Action telephonically or in person, other than the Plaintiffs Steering Committee, the United States, counsel for the FCA Defendants, and counsel for the Bosch Defendants, should advise the Point Person for the noticing party not fewer than fifteen (15) days prior to the deposition, whenever feasible. The Point Persons will then confer regarding the expected attendance and make a final determination not fewer than five (5) business days prior to the scheduled date as to who may attend the deposition in person and remotely.

### 4. Noticing and Participating in Depositions Remotely

#### a. Noticing Telephonic Depositions

A Party may indicate in its notice of deposition that it wishes to conduct the deposition by telephone. Unless an objection is filed and served within ten (10) days after such notice is received, the Parties shall be deemed to have stipulated to a telephonic deposition pursuant to Fed. R. Civ. P. 30(b)(4).

#### b. Remote Participation

Any person permitted by Section III.E.1 (Who May Be Present) to attend a deposition,

other than the witness (unless the deposition was noticed pursuant to Section III.E.4.a (Noticing Telephonic Depositions)), may do so remotely by telephone. The Party that noticed the deposition shall provide a teleconference number for the use of any person who will attend remotely. Any person seeking to attend remotely is responsible for connecting to the teleconference. Any person who participates remotely must sign Exhibit A to PTO 10, unless that person is already bound by PTO 10. No person attending remotely shall record the deposition by any video or audio means. Persons participating remotely must identify all persons attending at the deposition remotely with them, such persons being subject to the restrictions on attendance set forth in this Order, including the requirement to sign Exhibit A to PTO 10, if necessary.

Absent extenuating circumstances, such as weather delay or physical restriction on travel, Counsel participating in a deposition remotely (other than a deposition conducted pursuant to Section III.E.4.a (Noticing Telephonic Depositions)) are not permitted to conduct examination of the witness. Counsel participating in a deposition remotely are permitted to make objections, subject to the restrictions and conditions of Section III.J (Objections and Instructions Not to Answer). The issue of compensation of counsel for attendance at depositions is addressed in PTO 4 at Section I.A (Compensable Common Benefit Work).

### F. Conduct of Depositions

#### 1. Sequence of Examination Noticed by Plaintiffs

If the deposition was noticed by the Plaintiffs' Steering Committee, the questioning of the witness will be conducted in the following sequence: (i) the examiner for Plaintiffs' Steering Committee; (ii) the examiner for the United States; (iii) the primary examiner selected by Defendants; (iv) the examiner for the other Defendant; (v) individual counsel for the witness, if any, other than counsel identified above; and (vi) any re-cross by (i)-(ii), *supra*, and in the event of a Non-Party deposition, by (iii)-(iv), *supra*, to the extent the examiner(s) have not exceeded the time limitations set forth in Section III.G (Length of Examination) of this Order. If the deposition was noticed by the United States, the questioning of the witness will be conducted in the following sequence: (i) the examiner for the United States; (ii) the examiner for Plaintiffs' Steering Committee; (iii) the primary examiner selected by Defendants; (iv) the examiner for the

1372588.5 - 7 - [PROPOSED] PRETRIAL ORDER NO. ___
STIPULATED DEPOSITION PROTOCOL
MDL NO. 17-MD-2777-EMC

other Defendant; (v) individual counsel for the witness, if any, other than counsel identified above; and (vi) any re-cross by (i)-(ii), *supra*, and in the event of a Non-Party deposition, by (iii)-(iv), *supra*, to the extent the examiner(s) have not exceeded the time limitations set forth in Section III.G (Length of Examination) of this Order. For each group (*i.e.*, Plaintiffs' Steering Committee; United States; FCA Defendants; Bosch Defendants), questioning at a deposition will be conducted by one examiner for that group; in the event, however, that a group believes that the circumstances of a particular deposition require more than one examiner for that group, the Parties shall meet and confer in advance of the deposition. If necessary following that meet-and-confer process, the group seeking to use an additional examiner shall seek relief with the Court.

The Parties may, by agreement, modify this sequence in the context of a particular deposition as may be appropriate.

### 2. Sequence of Examinations Noticed by Defendants

#### a. Depositions of Nongovernmental Witnesses

If the deposition of a nongovernmental witness was noticed by a Defendant, the questioning of the witness will be conducted in the following sequence: (i) the primary examiner selected by Defendants; (ii) the examiner for the other Defendant; (iii) the examiner for the United States; (iii) individual counsel for the witness, if any; (iv) the examiner selected by the Plaintiffs' Steering Committee; and (v) any re-cross by Defendants' examiner(s), to the extent the examiner(s) have not exceeded the time limitations set forth in Section III.G (Length of Examination) of this Order.

#### b. Depositions of Government Plaintiff Witnesses

If the deposition of a governmental witness was noticed by a Defendant, the questioning of the witness will be conducted in the following sequence: (i) the primary examiner selected by Defendants; (ii) the examiner for the other Defendant; (iii) the examiner for the Plaintiffs' Steering Committee; (iii) individual counsel for the witness, if any; (iv) the examiner for the United States; and (v) any re-cross by Defendants' examiner(s), to the extent the examiner(s) have not exceeded the time limitations set forth in Section III.G (Length of Examination) of this Order.

### 3. Division of Time Among Plaintiffs' Counsel

The Plaintiffs' Steering Committee and counsel for the United States will work cooperatively with respect to the division of time.

### 4. Examinations of Non-Party Witnesses

The examination sequence of non-party witnesses shall presumptively follow the sequence specified by Section III.F.1 (Sequence of Examination Noticed by Plaintiffs) and Section III.F.2 (Sequence of Examination Noticed by Defendants) to accord examination priority to the Party that noticed the deposition. In circumstances where the presumptive sequence specified by Section III.F.1 or Section III.F.2 would either be unfair, inefficient, or otherwise contrary to Fed. R. Civ. P. 30(c), the Parties shall meet and confer concerning the appropriate sequence of examination to be followed. Failing agreement among the Parties, the matter shall be submitted to the Court for determination.

### 5. Documents Used at Depositions

#### a. Production of Documents

Documents responsive to document requests accompanying a deposition notice that relate to the deponent and/or the topics to be addressed in the noticed deposition shall be produced no later than fourteen (14) days prior to the deposition.

Rule 45 of the Federal Rules of Civil Procedure shall govern subpoenas directing third-party witnesses to produce documents.

#### b. Use of Foreign Language Documents at Depositions

Within thirty (30) days of the entry of this Order, the Parties shall meet and confer concerning a protocol for use of foreign language documents at depositions, including (i) whether to retain and, if so, the selection of a neutral translator to provide certified English translations of foreign language documents for use by the Parties at depositions; (ii) the allocation of fees and reasonable expenses of any such neutral translator; (iii) the challenge of document translations to be used at depositions; and (iv) any other matters relating to document translations and their use at depositions.

### c. **Copies of Documents**

Extra copies of documents about which deposing counsel expects to examine a witness should be provided to counsel for the Parties and the witness during the course of the deposition. These may be distributed as hard-copies or USB flash drives containing the relevant documents.

### G. **Length of Examination**

Except as set forth in the subsequent paragraph, or by agreement of the Parties or a Court order allowing additional time pursuant to Fed. R. Civ. P. 30(d)(1), the length of depositions conducted without an interpreter shall not exceed eight (8) hours of examination over one day. For depositions noticed by Plaintiffs, including Rule 30(b)(6) depositions, these eight (8) hours of examination shall not include examination by counsel for Defendants, Non-Parties, and the witness; for depositions noticed by Defendants, including Rule 30(b)(6) depositions, these eight (8) hours of examination shall not include examination by counsel for Plaintiffs, Non-Parties, and the witness.

For depositions noticed by Plaintiffs, including Rule 30(b)(6) depositions (subject to the provisions of Section III.C. herein), Plaintiffs may collectively take up to twelve (12) depositions of the FCA Defendants, ten (10) depositions of the Bosch Defendants, and eight (8) Non-Party depositions in which the length of each deposition shall not exceed ten (10) hours of examination over, subject to agreement of the witness and the parties participating in the deposition, either one or two days. The ten (10) hours of examination for these depositions shall not include examination by counsel for Defendants, Non-Parties, and the witness.

Notwithstanding the foregoing, if any Party or witness believes that the presumptive limitations for the duration of depositions imposed by Federal Rule of Civil Procedure 30(d)(1) should be imposed for a particular witness instead of the extended time limits permitted herein, or if any Party wishes to exceed the presumptive limitations for the depositions that this Order provides, counsel for the Party or witness shall meet and confer with Point Persons regarding the appropriate length of the deposition and, if the issue cannot be resolved through meet and confer negotiations, may seek judicial resolution.

Subject to the foregoing paragraphs, for Rule 30(b)(6) depositions conducted without an

interpreter, every eight (8) hours of examination of designated Rule 30(b)(6) witnesses shall count as one deposition.

The Party noticing the deposition shall be entitled to a minute-for-minute re-cross following any examination by counsel for the witness or the Party defending the deposition.

To the extent the Party defending the deposition reasonably anticipates that its questioning of its own witness will exceed ninety minutes, it will provide notice at least ten (10) days before the scheduled deposition, so arrangements can be made for the deposition to continue into an additional day, if necessary; provided, however, that nothing about this provision shall be interpreted to preclude any defending Party from questioning its own witness for the time that Party may deem necessary. The Parties may, by agreement, modify this provision in the context of a particular deposition as may be appropriate.

In the event that the deposition involves an interpreter, the Parties shall meet and confer to determine the increase in the maximum length of the deposition in light of the procedures to be employed for interpreting testimony. If the Parties are unable to agree on any additional time to be allotted, the dispute shall be submitted promptly to the Court for resolution.

If it appears after coordination of time and sequencing as set forth above in Section III that more or less time will be necessary, Point Persons and counsel for the witness shall meet and confer to attempt to reach a reasonable accommodation.

### H. Deposition Locations and Space

#### 1. Location for Depositions

For those witnesses who reside or work in the United States, depositions will take place at one of the following locations, at the election of the witness: (i) the offices of such witness's attorney(s), (ii) a location in the district where the witness resides or works that can reasonably accommodate the needs of the witness and counsel for the Parties, or (iii) another location that Point Persons and the witness agree is reasonably convenient. The Parties will meet and confer whether to designate certain locations at which the depositions should presumptively take place.

For those witnesses who reside outside of the United States, the depositions will take place at a location to be agreed to by counsel for the Parties and the witness. In the event counsel

for the Parties and the witness are unable to reach agreement on the location of a deposition, the noticing Party may notice the deposition in accordance with this Order, and the responding Party or witness shall present the dispute regarding the deposition location for adjudication.

### 2. Arrangements for Deposition Space

Parties responsible for securing deposition space shall reserve an adequately-sized room, and all counsel shall be provided with a separate room in which to confer during breaks. When either Plaintiffs Steering Committee or any Defendant has secured the deposition space, that party shall also make reasonable efforts to ensure the availability of reasonable access to the Internet and basic office services, including but not limited to copy and fax machines without charge.

## I. Interpreters

The Parties shall meet and confer concerning the circumstances warranting, and protocols governing, the use of party-selected or neutral interpreters at depositions, including the appropriate notice period, the number of interpreters, and allocation of costs and presumptive effect on deposition duration which will result from the use of interpreters.

Any witness for whom English is not his or her first language may use an interpreter at any deposition, at his or her sole election. Counsel for the witness or defending Party shall promptly, but in any event no less than fourteen (14) days prior to the deposition, notify the Point Persons if a witness has requested the use of an interpreter during a deposition, provided, however, that counsel for the witness shall in all events be allowed at least seven (7) days following service of the deposition notice to provide such notification.

## J. Objections and Instructions To Not Answer

### 1. Preservation of Objections

All objections, except those as to form, manner of taking the deposition, notice, service, and privilege, are reserved until trial or other use of the depositions. As soon as any one attorney representing a Party states the word "objection," all Parties shall be deemed to have preserved all possible objections to the form of the question or the responsiveness of the answer. Counsel for other Parties should avoid repeating the objection. If an explanation for the basis of the objection is requested, objecting counsel may reiterate the objection and explain.

1372588.5 - 12 - [PROPOSED] PRETRIAL ORDER NO. ___
STIPULATED DEPOSITION PROTOCOL
MDL NO. 17-MD-2777-EMC

### 2. Prohibition on Speaking Objections

Counsel shall comply with Fed. R. Civ. P. 30(c)(2) concerning objections at depositions. Speaking objections or those calculated to coach the deponent are prohibited. Counsel shall refrain from engaging in colloquy during depositions.

### 3. Objections to Documents

#### a. Objections to Relevance or Admissibility

Any objection to the relevance or admissibility of a document used as a deposition exhibit is preserved for later ruling by the Court or by the trial judge. All Parties shall cooperate as necessary so that the Court may issue a ruling on any objection to a document prior to trial.

#### b. Objections as to Authenticity

Any objection to the authenticity of an exhibit used in the deposition must be made by the objecting Party within thirty (30) days of the deposition, or the exhibit will be deemed authentic. If a Party subsequently becomes aware of information that an exhibit is not authentic, that Party will promptly notify the Party that offered the exhibit. All Parties shall cooperate as necessary so that the Court may issue a ruling on any objection to a document prior to trial.

This sub-Section shall not apply to any translations that are marked as exhibits.

### 4. Instructions Not To Answer

Counsel may instruct a witness not to answer when necessary to preserve an applicable privilege or protection, such as the attorney-client privilege and the attorney work product doctrine, to enforce a limitation ordered by the Court, or to present a motion under Fed. R. Civ. P. 30(d)(3). When a privilege is claimed, to the extent a witness is able to answer questions relevant to the existence, extent, or waiver of the privilege (such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and such other information as may be necessary to determine the nature of the purportedly privileged communication), without waiving the privilege, the witness should do so. Unless otherwise specified, an instruction not to answer by one Defendant should not be deemed an instruction not to answer by all Defendants, and an instruction not to answer by one Plaintiff shall not be deemed an instruction not to answer by all

Plaintiffs.  Nothing herein is meant to modify the requirements of Paragraph I.K. of Pretrial Order No: __ Stipulation Relating to Non-Waiver of Privileges and Production of Privilege Logs (relating, in part, to instructions not to answer regarding possible Privileged Material used at a deposition).

### K. Disputes During Depositions

Disputes between the Parties should be addressed to this Court rather than the district court in the district in which the deposition is being conducted.  Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to the Court, and if the Court is not available, and to the extent the Parties are still unable to resolve the dispute, the deposition shall continue as to matters not in dispute with full reservation of rights for a ruling at the earliest possible time.  If the nature of the dispute would not stop the deposition from going forward, the Parties may agree among themselves either to present the matter to the Court by telephone, or to present the dispute in writing.  The deposition reporter shall make a transcript of the conference call proceedings, which shall be transcribed immediately and bound separately.  In the event the Court is unavailable by telephone to resolve disputes arising during the course of the deposition, the deposition shall nevertheless continue to be taken as to matters not in dispute. Nothing in this Order shall deny counsel the right to (1) suspend a deposition pursuant to Fed. R. Civ. P. 30(d)(3); or (2) file an appropriate motion with the Court after the deposition, and appear personally before the Court.

### L. Video Depositions

By so indicating in its notice of a deposition, a Party, at its expense, may record a deposition by videotape or digitally-recorded video pursuant to Fed. R. Civ. P. 30(b)(3) subject to the following rules:

1. **Real-Time Feed -** All video depositions will be recorded stenographically by a court reporter with "real-time feed" transcription capabilities.  Nothing herein precludes any Party from ordering "real-time feed" for any non-video deposition.

2. **Video Operator -** The operator(s) of the video recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c). At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

3. **Attendance -** Each witness, attorney and other person attending the deposition shall be identified on the record at the commencement of the deposition.

4. **Filing -** The operator shall preserve custody of the original video medium (tape or DVD) in its original condition until further order of the Court.

5. **Interruptions -** The video camera operation will be suspended during the deposition only upon stipulation by counsel and "off-the-record" discussions.

6. **Filming -** The videographer shall film the witness only while the witness is seated in the witness chair and shall not film the witness at any other time, including when entering or leaving the deposition room. The videographer shall not film any persons in the room, except for the witness.

### M. Correction and Signing of Depositions

Within thirty (30) days after the deposition is completed, unless expressly waived by the witness, a transcript of the deposition shall be provided to the witness for correction and signature. For any witness residing in the United States, the deposition may be signed before any notary or certified under penalty of perjury within thirty (30) days after the date that the transcript is received by counsel for the witness. For any witness residing outside of the United States, the deposition may be signed before any notary or certified under penalty of perjury within sixty (60) days after the date that the transcript is received by counsel for the witness. If no corrections are made during this time, then, absent any agreement to extend these deadlines, the transcript will be presumed accurate. The Parties may agree to reasonable extensions of these deadlines.

### N. Cost of Deposition

The noticing Party shall bear the initial expenses of stenographic recording and videotaping (as appropriate), and any costs associated with securing appropriate deposition space. The Parties shall pay for their own copies of transcripts and videotapes/DVDs of depositions. The Parties shall confer to determine whether it is appropriate to retain a dedicated court-

reporting firm to record all depositions.

**O.     Use of Depositions**

Depositions may, to the extent authorized by the Federal Rules of Civil Procedure or the Federal Rules of Evidence, be used by or against any Party.

**P.     Witness Claim to Alternate Procedures**

To the extent that any Party anticipates a witness asserting that applicable law requires a procedure other than that set forth herein or under the Federal Rules of Civil Procedure, the Party aware of the issue shall promptly notify all other Parties in writing. The Parties shall thereafter meet and confer in an effort to timely resolve the matter among the Parties so as to minimize any disruption to the scheduling of the deposition. To the extent the Parties are unable to resolve the issue, the matter shall be promptly presented for judicial resolution.

**SO STIPULATED.**

DATED: October 27, 2017            Respectfully submitted,

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By:    */s/ Elizabeth J. Cabraser*
         Elizabeth J. Cabraser

275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
ecabraser@lchb.com

*Plaintiffs' Lead Counsel and Chair of the Plaintiffs' Steering Committee*

DATED: October 27, 2017    UNITED STATES DEPARTMENT OF JUSTICE

By:  */s/ Leigh P. Rendé*
     Leigh P. Rendé

United States Department of Justice
Environmental Enforcement Section
Environment and Natural Resources Division
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
Telephone: (202) 514-1461
Facsimile: (202) 514-0097
Leigh.rende@usdoj.gov

*Government Coordinating Counsel*

DATED: October 27, 2017    SULLIVAN & CROMWELL LLP

By:  */s/ Robert J. Giuffra, Jr.*
     Robert J. Giuffra, Jr.

Robert J. Giuffra, Jr.
William B. Monahan
Darrell S. Cafasso
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
giuffrar@sullcrom.com
monahanw@sullcrom.com
cafassod@sullcrom.com

*Counsel for Fiat Chrysler Automobiles N.V., FCA US LLC, V.M. Motori S.p.A., V.M. North America, Inc., and Sergio Marchionne*

DATED: October 27, 2017    CLEARY GOTTLIEB STEEN & HAMILTON LLP

By:  */s/ Matthew D. Slater*
     Matthew D. Slater

CLEARY GOTTLIEB STEEN & HAMILTON LLP
2000 Pennsylvania Ave., NW
Washington, DC 20006
Telephone: (202) 974-1500
Facsimile: (202) 974-1999
mslater@cgsh.com

*Counsel for Robert Bosch LLC and Robert Bosch GmbH*

1372588.5 - 17 - [PROPOSED] PRETRIAL ORDER NO. ___
STIPULATED DEPOSITION PROTOCOL
MDL NO. 17-MD-2777-EMC

**ATTESTATION (CIVIL LOCAL RULE 5-1(i)(3))**

In accordance with Civil Local Rule 5-1(i)(3), I attest the concurrence in the filing of this document has been obtained from the signatories.

Dated: October 27, 2017　　　　/s/ *Elizabeth J. Cabraser*
　　　　　　　　　　　　　　　Elizabeth J. Cabraser

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: November 3, 2017　　　_____
　　　　　　　　　　　　　　EDWARD M. CHEN
　　　　　　　　　　　　　　United States District Judge

*IT IS SO ORDERED*
Judge Edward M. Chen
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 27, 2017, a true and correct copy of the foregoing was electronically filed and served electronically via the Court's CM/ECF system, which will automatically serve notice to all registered counsel of record.

By: /s/ *Elizabeth J. Cabraser*
Elizabeth J. Cabraser