UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CHRYSLER-DODGE-JEEP "ECODIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No: MDL No. 17-MD-2777-EMC<br><br>[PR~~OPO~~SED] PRETRIAL ORDER NO. 15 STIPULATION AND ORDER RELATING TO TESTIFYING EXPERT DISCOVERY PROTOCOL<br><br>The Honorable Edward M. Chen |

## I.  GENERAL PROVISIONS

This Order applies to the following Parties to the Action: (a) the consumer and reseller dealer class plaintiffs ("Class Plaintiffs"); (b) the Department of Justice, on behalf of the United States Environmental Protection Agency (hereinafter the "United States") (together with Class Plaintiffs, "Plaintiffs"); (c) Fiat Chrysler Automobiles N.V., FCA US LLC, V.M. Motori S.p.A., V.M. North America, Inc., and Sergio Marchionne (collectively, the "FCA Defendants"); and (d) Robert Bosch LLC and Robert Bosch GmbH (collectively, the "Bosch Defendants") (together with the FCA Defendants, "Defendants").[1]  This Order provides the protocols applicable to conducting discovery relating to testifying expert witnesses (hereafter "Experts"), including

---
[1] Unless otherwise specified, all capitalized terms not otherwise defined herein shall have the meanings ascribed to them in Pretrial Order No. 10: Stipulated Protective Order (Docket No. 212) ("PTO 10").

depositions of Experts, in this Action.  Nothing in this Order shall preclude any Party from seeking to modify it later for good cause; prior to doing so, however, Counsel for the Parties shall meet and confer among themselves in a good-faith effort to reach agreement as to the appropriate scope of any modifications or revisions to this Order.

## II. GOVERNING LAW

Expert discovery shall be governed by the applicable provisions of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Northern District of California (the "Local Rules"), except as otherwise provided herein or in any other order in this Action.  Unless specifically modified herein, nothing in this Order shall be construed to abrogate, modify, or enlarge the scope of expert discovery permissible under the Federal Rules of Civil Procedure or the Local Rules.  This Order does not supersede prior pretrial orders entered in this Action.  To the extent anything contained in prior pretrial orders is inconsistent with the provisions set forth herein, this Order shall control with respect to Expert discovery.

## III. DISCOVERY RELATING TO EXPERTS

### A. Sequence for Expert Reports

Expert reports related to class certification shall be exchanged in accordance with Pretrial Order No. 12: Stipulated Discovery Schedule.

Expert reports unrelated to class certification shall be served sequentially: first, Plaintiffs shall serve Expert reports; then, Defendants shall serve Expert reports; then, Plaintiffs shall serve any appropriate rebuttal Expert reports.  The Parties shall meet and confer regarding a specific schedule for the exchange of Expert reports unrelated to class certification.

### B. Non-Discoverability of Certain Expert Related Materials

i. With respect to Experts who must provide a written report pursuant to Fed. R. Civ. P. 26(a)(2)(B), the following materials shall not be subject to discovery or production:

1. Unless utilized as a basis to form any opinions rendered in this Action, any notes taken by, for, or at the direction of an Expert, the Expert's staff, or others, including consultants, retained to assist the Expert during the course of the Expert's work in connection with the Action.

2.     Unless utilized as a basis to form any opinions rendered in this
Action, communications between and among an Expert and that Expert's staff, or others,
including consultants, retained to assist the Expert;

                3.     Unless utilized as a basis to form any opinions rendered in this
Action, communications between and among Counsel for a Party and Experts retained on behalf
of that Party, those Experts' staff, or others, including consultants, retained to assist such Experts.

                4.     Drafts of Expert reports or portions thereof.

        ii.     The Parties are not required to produce or exchange privilege logs
reflecting any of the aforementioned items that are not subject to discovery or production
pursuant to this Order.

    **C.     Expert-Related Materials to be Disclosed**

        i.      An Expert who must provide a written report pursuant to Fed. R. Civ. P.
26(a)(2)(B) shall disclose the information identified in Fed. R. Civ. P. 26(a)(2)(B)(i) – (vi) in his
or her Expert report or rebuttal Expert report. Any mathematical calculations or supporting data
disclosed pursuant to this provision shall be provided in native format. The Parties shall meet and
confer regarding disclosure of any mathematical calculations or supporting data that use or rely
on computer software or programs other than retail software.

        ii.     The Parties shall meet and confer concerning any witnesses providing
expert testimony who are not required to provide a written report pursuant to Fed. R. Civ. P.
26(a)(2)(C).

        iii.    Notwithstanding Section III.B, upon request, a Party shall disclose the
information identified in Fed. R. Civ. P. 26(b)(4)(C)(i) – (iii).

    **D.     Expert Depositions**

        i.      Except as otherwise provided in this Order, or otherwise agreed by the
Parties, Pretrial Order No: [14]: Stipulation and Order Relating to Deposition Protocol shall govern
the processes and procedures with which the Parties shall comply in connection with the taking of
Expert depositions.

ii. Notice. Except for Experts who are testifying on a topic related to class certification, a deposition notice for an Expert witness may be served at any time after the close of fact discovery, provided that it is served sufficiently in advance of the close of expert discovery so that the deposition takes place prior to the close of expert discovery.

iii. Length of examination. Following exchange of Expert reports, the Parties shall meet and confer to determine a presumptive length of Expert depositions.

iv. Location of Expert depositions. The Parties shall meet and confer regarding the location of the depositions of Expert witnesses.

v. Number of depositions. Absent agreement of the Parties or leave of the Court, no Expert may be deposed more than once in this Action, unless that Expert submits a rebuttal or sur-rebuttal report, or any substantive amendments or supplements to any reports, after the date of such deposition.

vi. Costs. The noticing Party shall bear the initial expenses of stenographic recording and videotaping (as appropriate), and any costs associated with securing appropriate deposition space. The Parties shall pay for their own copies of transcripts/DVDs of depositions. Each party shall pay for the fees and costs of its own Experts, including those costs incurred during the preparation and taking of depositions in this Action.

**SO STIPULATED.**

Respectfully submitted,

DATED: October 27, 2017    LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By: */s/ Elizabeth J. Cabraser*
Elizabeth J. Cabraser
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
ecabraser@lchb.com

*Plaintiffs' Lead Counsel and Chair of the Plaintiffs' Steering Committee*

| | | |
|---|---|---|
| 1 | DATED: October 27, 2017 | UNITED STATES DEPARTMENT OF JUSTICE |
| 2 | | By: */s/ Leigh P. Rendé* |
| 3 | | Leigh P. Rendé<br>United States Department of Justice<br>Environmental Enforcement Section |
| 4 | | Environment and Natural Resources Division<br>P.O. Box 7611, Ben Franklin Station |
| 5 | | Washington, D.C. 20044-7611<br>Telephone: (202) 514-1461 |
| 6 | | Facsimile: (202) 514-0097<br>Leigh.rende@usdoj.gov |
| 7 | | |
| 8 | | *Government Coordinating Counsel* |
| 9 | DATED: October 27, 2017 | SULLIVAN & CROMWELL LLP |
| 10 | | By:*/s/ Robert J. Giuffra, Jr.*<br>Robert J. Giuffra, Jr. |
| 11 | | William B. Monahan<br>Darrell S. Cafasso |
| 12 | | Sullivan & Cromwell LLP<br>125 Broad Street |
| 13 | | New York, New York 10004<br>Telephone: (212) 558-4000 |
| 14 | | Facsimile: (212) 558-3588<br>giuffrar@sullcrom.com |
| 15 | | monahanw@sullcrom.com<br>cafassod@sullcrom.com |
| 16 | | |
| 17 | | *Counsel for Fiat Chrysler Automobiles N.V.,*<br>*FCA US LLC, V.M. Motori S.p.A., V.M.* |
| 18 | | *North America, Inc., and Sergio Marchionne.* |
| 19 | DATED: October 27, 2017 | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| 20 | | By:*/s/ Matthew D. Slater*<br>Matthew D. Slater |
| 21 | | Cleary Gottlieb Steen & Hamilton LLP<br>2000 Pennsylvania Ave., N.W. |
| 22 | | Washington, DC 20006<br>Telephone: (202) 974-1500 |
| 23 | | Facsimile: (202) 974-1999<br>mslater@cgsh.com |
| 24 | | |
| 25 | | *Counsel for Robert Bosch LLC and Robert Bosch GmbH* |
| 26 | | |
| 27 | | |
| 28 | | |

## ATTESTATION (CIVIL LOCAL RULE 5-1(i)(3))

In accordance with Civil Local Rule 5-1(i)(3), I attest the concurrence in the filing of this document has been obtained from the signatories.

Dated: October 27, 2017  */s/Elizabeth J. Cabraser*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: November 3, 2017

EDWARD M. CHEN
United States District Judge

IT IS SO ORDERED
Judge Edward M. Chen

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 27, 2017, a true and correct copy of the foregoing was electronically filed and served electronically via the Court's CM/ECF system, which will automatically serve notice to all registered counsel of record.

*/s/ Elizabeth J. Cabraser*