# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: CHRYSLER-DODGE-JEEP ECODIESEL
MARKETING, SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION                    MDL No. 2777

## TRANSFER ORDER

**Before the Panel**:[*]  *Pro se* plaintiff in the District of Colorado action listed on the attached Schedule A moves under Panel Rule 7.1 to vacate the Panel's order conditionally transferring his action to MDL No. 2777.  Defendant FCA US, LLC, opposes the motion.

After considering the argument of the parties, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2777, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  Moreover, transfer is warranted for the reasons set out in our order directing centralization.  In that order, we held that the Northern District of California was an appropriate Section 1407 forum for actions sharing factual questions regarding allegations that certain 3.0 liter EcoDiesel-powered Jeep Grand Cherokee and Dodge Ram 1500 vehicles were equipped with emissions-cheating devices that engage emissions controls only when emissions testing was being performed.  *See In re: Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practices, and Products Liability Litigation*, ___ F. Supp. 3d ___, 2017 WL 1282901 (J.P.M.L., Apr. 5, 2017).  This action involves allegations that plaintiff purchased an affected Ram 1500 EcoDiesel truck and clearly falls within the MDL's ambit.

Plaintiff argues against transfer primarily based on the pendency of his motion to remand the action to state court.  Plaintiff can present his motion for remand to the transferee judge.[2]  *See, e.g., In re: Ivy*, 901 F. 2d 7, 9 (2nd Cir. 1990); *In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

Plaintiff also argues, without significant elaboration, that transfer violates his rights to due process and trial by jury.  As an initial matter, "[t]he fundamental requirement of due process is the

---

[*]  Judges Lewis A. Kaplan and Ellen Segal Huvelle and did not participate in the decision of this matter.

[2]  Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending.  Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). Plaintiff's arguments that transfer denies him such an opportunity are speculative and largely devoid of specifics; ultimately, these arguments are without merit. Transfer does not deny plaintiff the opportunity to meaningfully participate in pretrial proceedings before the transferee court, and we have rejected similar arguments in the past.[3] Moreover, given that Section 1407 proceedings are for pretrial purposes only, plaintiff will not be deprived of his right to a jury trial.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Edward M. Chen for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

| Marjorie O. Rendell | Charles R. Breyer |
| R. David Proctor | Catherine D. Perry |

---

[3] *See* MDL No. 2179 – *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, Transfer Order, doc. 1561 at 3 (J.P.M.L., Aug. 9, 2013) (characterizing equal protection and due process challenges to transfer as "little more than a makeweight" and noting that "[w]hat has happened and what remains to happen in this MDL will inure to the substantial benefit of litigants in later-filed actions such as these. Permitting plaintiffs, at this juncture, to go their own way and litigate outside the MDL would severely disrupt the ongoing proceedings, as well as threaten to undo much of the substantial progress achieved to date.").

**IN RE: CHRYSLER-DODGE-JEEP ECODIESEL**
**MARKETING, SALES PRACTICES, AND**
**PRODUCTS LIABILITY LITIGATION**                    MDL No. 2777

**SCHEDULE A**

District of Colorado

BRENNAN v. FCA US, LLC, ET AL., C.A. No. 1:17-2077