Elizabeth J. Cabraser (State Bar No. 083151)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
Email: ecabraser@lchb.com

*Plaintiffs' Lead Counsel*

Leigh P. Rendé (PA Bar No. 203452)
Joseph W.C. Warren (D.C. Bar No. 452913)
UNITED STATES DEPARTMENT OF
JUSTICE
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
Telephone: (202) 514-1461
Email: leigh.rende@usdoj.gov
Email: joseph.warren@usdoj.gov

*Counsel for the United States*

Robert J. Giuffra, Jr.
William B. Monahan
Thomas C. White
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Email: giuffrar@sullcrom.com
Email: monahanw@sullcrom.com
Email: whitet@sullcrom.com

*Counsel for Fiat Chrysler Automobiles N.V., FCA US LLC, V.M. Motori S.p.A., and V.M. North America, Inc.*

Matthew D. Slater
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
2000 Pennsylvania Ave., N.W.
Washington, DC 20006
Telephone: (202) 974-1500
Facsimile: (202) 974-1999
Email: mslater@cgsh.com

*Counsel for Robert Bosch LLC and Robert Bosch GmbH*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CHRYSLER-DODGE-JEEP ECODIESEL MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:17-md-02777-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: October 3, 2018<br>Time: 9:30 a.m.<br>Courtroom: 5, 17th Floor<br>Judge: Hon. Edward Chen |

The Plaintiffs' Steering Committee ("PSC"), on behalf of the Class Plaintiffs; the United States Department of Justice, on behalf of the United States Environmental Protection Agency ("United States"); counsel for Defendants FCA US LLC, Fiat Chrysler Automobiles N.V., V.M. Motori S.p.A., and V.M. North America, Inc. (collectively, the "FCA Defendants"); and counsel for Robert Bosch LLC ("Bosch LLC") and Robert Bosch GmbH ("Bosch GmbH," and together with Bosch LLC, the "Bosch Defendants") (jointly, the "Parties"), submit this Joint Case Management Statement in advance of the October 3, 2018 case management conference.

## I. Status of Discovery

*Discovery of Class Representatives*

The FCA Defendants and the Bosch Defendants have deposed all 60 Class Representatives named in the Second Amended Consolidated Consumer Class Action Complaint who have not been voluntarily dismissed from this case. The Class Plaintiffs have served timely responses and objections to the FCA Defendants' and Bosch Defendants' discovery requests and have submitted 12-page Plaintiff Fact Sheets for each named Class Representative. The PSC continues to meet and confer with the FCA Defendants and the Bosch Defendants on discovery issues.

*Discovery of the United States*

The United States has served timely responses and objections to the FCA Defendants' discovery requests, and the parties continue to meet and confer regarding those responses and objections. The FCA Defendants took a Rule 30(b)(6) deposition of the U.S. Environmental Protection Agency ("EPA") regarding document and information management, maintenance, and collection practices. The FCA Defendants and the United States are currently meeting and conferring to discuss issues arising from that deposition.

To date, the FCA Defendants have noticed the depositions of three EPA fact witnesses. The deposition of Joel Ball took place on July 31, as noticed; however, the FCA Defendants postponed the other two depositions pending resolution of certain discovery disputes the Parties intend to raise with Judge Corley shortly. The FCA Defendants and the United States have scheduled an in-person meeting on September 27, 2018 to discuss these issues.

1       The FCA Defendants and the United States also are continuing to meet and confer

2 regarding other outstanding discovery issues, including the United States' document productions,

3 the United States' assertions of privilege (and associated privilege/redaction logs) and the

4 appropriateness of additional EPA custodians.

5       ***Discovery of the FCA Defendants***

6       The FCA Defendants have served timely responses and objections to the PSC's and the

7 United States' discovery requests. The United States and the FCA Defendants continue to meet

8 and confer regarding the completeness of the FCA Defendants' discrete collections of documents

9 and data in response to the United States' First, Second and Fourth sets of document requests.

10 The United States is hopeful that discrete collections will be produced in their entirety.

11       On April 5, 2018, the United States, together with the PSC, provided informal notice of its

12 intent to depose 17 fact witnesses, 8 of whom reside in the United States—6 of those 8 domestic

13 witness depositions have occurred, the seventh is scheduled for October 12, 2018, and the

14 remaining deposition has been withdrawn. On May 3, 2018, the United States, together with the

15 PSC, provided informal notice of its intent to depose an additional 10 fact witnesses, 7 of whom

16 reside in the United States. To date, 6 of those 7 domestic witness depositions either have

17 occurred or are scheduled to take place by the end of October. The United States and the PSC

18 have been in contact with counsel for the remaining domestic witness to schedule his deposition.

19 On July 11, 2018, the United States, together with the PSC, provided informal notice of its intent

20 to depose an additional 13 fact witnesses (including Sergio Marchionne, who has since passed

21 away). The deposition of one of these witnesses has been scheduled, and the United States and

22 the PSC are in the process of scheduling the remaining depositions. On August 1, 2018, the

23 United States, together with the PSC, provided informal notice of its intent to depose an

24 additional FCA fact witness. On August 30, 2018, the PSC provided informal notice of its intent

25 to depose one additional FCA employee. The United States and the PSC are working with the

26 FCA Defendants and the deponents' outside counsel, as applicable, to schedule the remaining

27 domestic depositions.

28       Twelve of the fact witnesses identified above are located in Italy. Scheduling these

depositions has proved unsuccessful to date.  Although the FCA Defendants have encouraged their employees to cooperate with requests for testimony, none of the witnesses in Italy has agreed to voluntarily provide testimony.  Under Italian law, the decision whether to testify rests with the individual witness, not the FCA Defendants.  The United States intends to file a motion seeking the issuance of a Letter of Request for international judicial assistance to compel the testimony of certain FCA witnesses in Italy, pursuant to Federal Rule of Civil Procedure 28(b) and consistent with the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555.

Since the last case management conference, the United States and the PSC also took the deposition of a third Rule 30(b)(6) witness designated by FCA US LLC to testify about its corporate structure, relationship to other FCA Defendants, and other matters.  The United States and the FCA Defendants are currently meeting and conferring to discuss issues arising from that deposition.

*Discovery of the Bosch Defendants*

Bosch GmbH and Bosch LLC have served timely responses and objections to all of Class Plaintiffs' discovery requests, and continue to make rolling document productions.  To date, the Bosch Defendants have produced more than 280,000 documents to the PSC.  The PSC initiated letter briefing regarding four issues related to the Bosch Defendants' production of documents, which were submitted to Magistrate Judge Corley for resolution on September 11, 2018 (Dkt. 381) and September 18, 2018 (Dkts. 391, 392, and 393).  The PSC and the Bosch Defendants continue to meet and confer on issues relating to the Bosch Defendants' production to date.

The Bosch Defendants will present three witnesses in response to the PSC's Rule 30(b)(6) notices during the week of October 1 on topics relating to the Bosch Defendants' corporate organization, marketing and lobbying efforts, and work on the Subject Vehicles.  The PSC and Bosch Defendants are working to schedule the deposition of a fourth witness in response to the Rule 30(b)(6) notices.

**II.   Motions and Scheduling**

The FCA Defendants' and Bosch Defendants' motions to dismiss the Second Amended

1   Consolidated Consumer Class Action Complaint are fully briefed, and the hearing on those
2   motions took place on August 2, 2018.

3         The hearing on Class Plaintiffs' motion for class certification is set for November 20,
4   2018, at 10:00 a.m.  On September 11, 2018, the FCA Defendants objected under Local Rule 7-
5   3(d) to Class Plaintiffs' submission on reply of a declaration from an expert proffered by the
6   Class Plaintiffs in support of class certification for the first time on reply, Dr. Venkatesh Shankar.
7   The FCA Defendants requested that the Court strike the portions of Dr. Shankar's declaration that
8   the FCA Defendants believe do not respond directly to the opinions of the FCA Defendants'
9   experts, or, in the alternative, that the Court grant the FCA Defendants leave to file a 10-page sur-
10  reply brief in further opposition to Class Plaintiffs' motion for class certification and a sur-reply
11  expert report responding to Dr. Shankar's declaration.  On September 12, 2018, Class Plaintiffs
12  moved for leave to respond to the FCA Defendants' objection, explaining their position that (1)
13  all parties interpreted the governing PTO to allow the designation of rebuttal experts, (2)
14  Plaintiffs timely disclosed Dr. Shankar as a rebuttal expert, (3) Dr. Shankar's testimony is
15  properly limited to rebutting evidence on the same subject matter identified by an initial witness,
16  and (4) Plaintiffs had previously agreed to stipulate to a sur-reply or rebuttal report narrowly-
17  tailored to any specific "new" issues in Dr. Shankar's report, if the FCA Defendants could
18  identify any.  Both the FCA Defendants' objection and Class Plaintiffs' motion for leave to
19  respond are pending before the Court.

20        On September 13, 2018, the FCA Defendants, the Bosch Defendants and the Class
21  Plaintiffs moved under *Daubert* to strike testimony from each side's respective experts (other
22  than Dr. Shankar).  Oppositions to those *Daubert* motions are due October 4, 2018, and replies
23  are due October 16.  Separate and apart from the FCA Defendants' objection under Local Rule 7-
24  3(d) to Class Plaintiffs' submission on reply of Dr. Shankar's declaration (discussed above), the
25  FCA Defendants intend to move to strike Dr. Shankar's declaration on *Daubert* grounds.  That
26  motion is due October 9, 2018, with Plaintiffs' opposition due October 23 and the FCA
27  Defendants' reply due October 30.  The FCA Defendants and Bosch Defendants request that the
28  *Daubert* motions be heard, with live testimony as appropriate, at the same time as Class

1  Plaintiffs' motion for class certification on November 20, 2018.  Class Plaintiffs do not believe
2  that live testimony is necessary.[1]

3  **III.    Trial Related Issues**

4  - The Class Plaintiffs' Position:
5    o At the last hearing, the Court directed the Parties to meet and confer regarding a
6      proposed trial schedule.  *See* August 2, 2018 Hearing Minutes.  The Class
7      Plaintiffs continue to believe it is important for the Court to set a trial date in late
8      Spring or early Summer 2019, as the Court indicated it would do in the August 2,
9      2018 Case Management Conference.[2]  The Class Plaintiffs reiterate their concern,
10     voiced at the August 2, 2018 conference, about the speed and scope of discovery
11     to date and hope to discuss some of these outstanding issues with the Court at the
12     Case Management Conference on October 3, 2018.
13   o The Class Plaintiffs also continue to believe that a single trial of the United States'
14     claims and Class Plaintiffs' claims before this Court would save significant
15     judicial resources, given the overlap of witnesses and factual issues.  All of the key
16     questions in the Phase 1 trial regarding Defendants' conduct and liability to the
17     government and the class are questions with "common answers apt to drive the
18     resolution of the litigation" that can and thus should be answered only once, by a
19     single factfinder in one place at one time.  *Wal-Mart Stores, Inc. v. Dukes*, 564
20     U.S. 338, 350 (2011).
21 - The United States' Position:
22   o Prior to transfer to MDL 2777, the United States filed its complaint in the Eastern
23     District of Michigan.  The FCA Defendants have not consented to the necessary

---

[1] The FCA Defendants and the Bosch Defendants note for the Court that, in the parties' last case management conference statement, the Class Plaintiffs agreed with the FCA Defendants and the Bosch Defendants that the hearing should include "live testimony as appropriate." (ECF No. 349 at 5-6.)

[2] Transcript of August 2, 2018 Case Management Conference at 24:24-25:2 (The Court: "So maybe instead of April, it might be May, perhaps pushing towards June, to be realistic, but I don't want it to go much beyond that if we are going to try this case -- if we are going to have to try this case.")

|   |   |
|---|---|
| 1 | waivers for trial of this matter in the Northern District of California.  Because |
| 2 | remand to the transferor court is required at the conclusion of pretrial proceedings, |
| 3 | 28 U.S.C. § 1407(a), the United States takes no position at this time regarding the |
| 4 | subject matter, date, or the duration of the Class Plaintiffs' 2019 trial in the |
| 5 | Northern District of California. |

- o As ordered in the Stipulated Discovery Schedule (Amended PTO 12 at paragraph 1.ii, Dkt. 222), the United States' case against the FCA Defendants shall proceed through a phased approach.  This includes a Phase One trial focused on the liability of the FCA Defendants and, if liability is established in Phase One, a Phase Two trial focused on the assessment of civil penalties under the Clean Air Act and any appropriate injunctive relief.
- o Discovery for Phase One should continue before this Court.  However, if the United States' trial will not be happening at the same time as the Class Plaintiffs' trial, then the Phase One expert discovery schedule for the United States should not be identical to the schedule for the Class Plaintiffs' 2019 trial before this Court.  The United States is participating fully in the fact discovery ongoing in this MDL as related to liability, and will continue to do so.
- o Per PTO 12, a separate schedule will be established for fact and expert discovery relating to issues to be determined in Phase Two of the United States' case including injunctive relief.  Phase Two discovery would occur after the Phase One trial.

- The FCA Defendants' Position:
  - o From the outset, the FCA Defendants have sought to achieve a comprehensive resolution, with the assistance of Settlement Master Feinberg, with both the United States and the PSC.  That remains the FCA Defendants' position today, and the FCA Defendants are hopeful that, in the near future, this Court will be positioned to approve comprehensive, interrelated settlements with all relevant Parties.
  - o Given the progress made with respect to the proposed carryback calibration for the

1  Subject Vehicles, the FCA Defendants are particularly optimistic that, if
2  Settlement Master Feinberg is involved in settlement negotiations concerning *all*
3  of the United States' claims—including those for monetary penalties—they can
4  soon reach an agreed resolution with the United States concerning the United
5  States' claims.

6  o  Given this progress and the substantial party resources focused on a
7  comprehensive resolution of all claims, the FCA Defendants believe it would be
8  premature—and a waste of resources that otherwise would be directed toward
9  resolving these claims—to schedule any trial at this point in time.

10 o  The FCA Defendants have a pending motion to dismiss the Second Amended
11 Consolidated Consumer Class Action Complaint, which has not yet been decided.
12 Further, no class may be certified, and the hearing on the class certification motion
13 is scheduled for November 20, 2018.  As a result, the issue of whether Class
14 Plaintiffs can continue to pursue claims in this action on a class-wide basis (a
15 significant threshold issue) has not yet been decided, and even after the Court's
16 decision, one or more of the parties may then petition the Ninth Circuit for
17 permission to appeal under Federal Rule Civil Procedure 23(f).  Moreover,
18 whether through an agreed remedy embodied in a consent decree with the United
19 States or, in an unlikely event, a trial with the United States, resolution of the
20 threshold question of the proposed carryback calibration will have a significant
21 impact on the Class Plaintiffs' claims for money damages.

22 o  Setting a trial date in Summer 2019 is not practicable.  First, the parties have not
23 yet completed fact discovery, including depositions that would likely need to be
24 scheduled and proceed through the Hague convention.  Second, after that
25 additional fact discovery, the parties will need to engage in substantial expert
26 discovery.  Third, after the close of fact and expert discovery, time will be required
27 for summary judgment motion practice.  All of these steps (and others) will need
28 to take place before any trial of the Class Plaintiffs' claims, and cannot be

accommodated before Summer 2019. Moreover, given the significant progress the parties have made toward settlement in the past months under the guidance of Settlement Master Feinberg, setting an expedited trial at this time would be a counterproductive diversion of resources away from those ongoing discussions.

- Finally, although the Class Plaintiffs assert above that because the "key questions" in "the" so-called "Phase 1 trial" are allegedly questions with common answers that should be answered by "a single factfinder in one place at one time," the Class Plaintiffs are incorrect both as a matter of fact and law. The FCA Defendants have not consented to trial in this Court of the United States' claims, and as a result, there cannot be a single "Phase 1 trial" in this Court of both the Class Plaintiffs' and the United States' claims. Moreover, the Class Plaintiffs' claims involve a number of factual issues, including, among other things, the advertising and marketing of the Subject Vehicles, that are not at issue in connection with the United States' claims.[3]

## IV. Vehicle Testing

The FCA Defendants have completed all required testing and submitted all of the engineering reports specified in the Protocol as of September 1, 2018. The FCA Defendants delivered the final test vehicle to EPA's laboratory in Ann Arbor in August, and EPA has completed its independent testing of the proposed "fix." However, EPA is currently analyzing the results of its confirmatory testing, which includes unexpected "regeneration" events observed on the MY 2014 Jeep Grand Cherokee provided by the FCA Defendants. The FCA Defendants are working cooperatively with EPA to analyze data taken from this vehicle to help explain the observed regeneration frequency that occurred during EPA's confirmatory testing. CARB continues to conduct its own independent testing using test vehicles that the FCA Defendants procured at CARB's request.

As stated in the prior joint Case Management Statement, EPA and CARB requested a

---

[3] The Bosch Defendants concur with the statement by the FCA Defendants regarding trial scheduling. The Bosch Defendants continue to have concerns regarding prejudice to them arising from any joint trial scheduling.

- 9 - JOINT CASE MANAGEMENT STATEMENT
3:17-MD-02777-EMC

root-cause analysis and other information from the FCA Defendants related to three issues that have arisen during the testing process. The FCA Defendants have submitted root-cause analyses and related information for two of these requests, and the third root-cause analysis (related to excess soot production on a MY 2014 Jeep Grand Cherokee Vehicle) is still pending. EPA and CARB are reviewing all information submitted to the agencies to assess the viability of the fix.

## V. Settlement and ADR

The FCA Defendants, the United States, and California held a number of settlement meetings together in August and September, with additional meetings scheduled for October. The FCA Defendants, the Bosch Defendants, and the PSC also periodically held meetings with the Settlement Master.

Since the last hearing, the PSC has provided the United States and California with copies of various draft components of the PSC's proposed injunctive relief. The United States, California, and the FCA Defendants continue to negotiate the contents of the proposed settlement document.

The PSC and the FCA Defendants met with the Settlement Master on September 20, 2018. Another mediation session with these parties is scheduled for October 2, 2018.

## VI. Other Matters

The Parties have no other matters to bring before the Court at this time.

Dated: September 26, 2018      Respectfully submitted,

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By: /s/ *Elizabeth J. Cabraser*
    Elizabeth J. Cabraser

275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008
ecabraser@lchb.com

*Plaintiffs' Lead Counsel and Chair of the Plaintiffs' Steering Committee*

| | | |
|---|---|---|
| 1 | Dated: September 26, 2018 | SULLIVAN & CROMWELL LLP |
| 2 | | |
| 3 | | By: */s/ Robert J. Giuffra, Jr.*<br>        Robert J. Giuffra, Jr. |
| 4 | | Robert J. Giuffra, Jr.<br>William B. Monahan |
| 5 | | Thomas C. White<br>Sullivan & Cromwell LLP |
| 6 | | 125 Broad Street<br>New York, New York 10004 |
| 7 | | Telephone:  (212) 558-4000<br>Facsimile:   (212) 558-3588 |
| 8 | | giuffrar@sullcrom.com<br>monahanw@sullcrom.com |
| 9 | | whitet@sullcrom.com |
| 10 | | *Counsel for Fiat Chrysler Automobiles N.V., FCA US LLC, V.M. Motori S.p.A., and V.M. North America, Inc.* |
| 11 | | |
| 12 | Dated: September 26, 2018 | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| 13 | | By:    */s/ Matthew D. Slater*<br>        Matthew D. Slater |
| 14 | | |
| 15 | | Cleary Gottlieb Steen & Hamilton LLP<br>2000 Pennsylvania Ave., N.W. |
| 16 | | Washington, DC 20006<br>Telephone:  (202) 974-1500 |
| 17 | | Facsimile:   (202) 974-1999<br>mslater@cgsh.com |
| 18 | | *Counsel for Robert Bosch LLC and Robert Bosch GmbH* |
| 19 | | |
| 20 | Dated: September 26, 2018 | U.S. DEPARTMENT OF JUSTICE |
| 21 | | By:    */s/ Leigh P. Rendé*<br>        Leigh P. Rendé |
| 22 | | United States Department of Justice<br>Environment and Natural Resources Division |
| 23 | | Environmental Enforcement Section<br>P.O. Box 7611, Ben Franklin Station |
| 24 | | Washington, DC 20044-7611<br>Telephone: (202) 514-1461 |
| 25 | | leigh.rende@usdoj.gov |
| 26 | | *Government Coordinating Counsel* |
| 27 | | |
| 28 | | |

1627533.4 — - 11 - — JOINT CASE MANAGEMENT STATEMENT<br>3:17-MD-02777-EMC

## **ATTESTATION (CIVIL LOCAL RULE 5-1(i)(3))**

In accordance with Civil Local Rule 5-1(i)(3), I attest the concurrence in the filing of this document has been obtained from the signatories.

Dated: September 26, 2018        /s/ *Elizabeth J. Cabraser*
                                 Elizabeth J. Cabraser

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 26, 2018, a true and correct copy of the foregoing was electronically filed and served electronically via the Court's CM/ECF system, which will automatically serve notice to all registered counsel of record.

*/s/ Elizabeth J. Cabraser*
Elizabeth J. Cabraser