UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE CHRYSLER-DODGE-JEEP ECODIESEL MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION.

Case No. 17-md-02777-EMC (JSC)

**ORDER RE: ECF NO. 391 DISCOVERY DISPUTE**

The Court has reviewed in camera certain documents that Bosch has withheld or redacted based on the work-product doctrine or the attorney-client privilege. The Court addresses in this Order whether the documents can be withheld or redacted on this basis.

1. Bosch has withheld 20 documents in their entirety based on the work-product doctrine. *See* Fed. R. Civ. P. 26(b)(3). The documents are internal Bosch emails from the week of September 20, 2015, and attachments to those emails, which are mostly earlier emails from the 2012–2013 time frame that discuss Bosch emissions-software used in certain Fiat Chrysler vehicles. Bosch notes in the parties' joint discovery letter that the 2015 emails were exchanged the week after EPA issued a Notice of Violation to Volkswagen, on September 18, 2015, and Bosch asserts that the 2015 emails were prepared, and the attachments were assembled, in anticipation of litigation. The documents do not reflect that.

The 2015 emails are between Bosch engineers and project managers. Attorneys were not copied on the emails and the emails do not indicate that the review of the earlier emails and documents was performed under the direction of an attorney or "because of the prospect of litigation." *In re Grand Jury Subpoena*, 357 F.3d 900, 907 (9th Cir. 2004) (citation omitted).

Instead, the 2015 emails and their attachments suggest that the review was conducted for business reasons such as to prepare for customer and publicity inquiries. Because Bosch has not demonstrated that the documents in question were prepared or assembled in anticipation of litigation, the work-product doctrine does not apply and the documents are discoverable. Bosch shall produce the documents by Tuesday, October 16.

2. In five internal documents without an attorney sender or recipient, Bosch has redacted certain information based on the attorney-client privilege. Bosch asserts that the privilege is warranted because its employees either requested or transmitted legal advice in these documents. For the documents with beginning bates numbers ending in 2357, 4389, 5310 and 6429, the attorney-client privilege does not apply to the redacted information. Bosch shall produce non-redacted copies of these documents by Tuesday, October 16. For the document with a beginning bates number ending in 5436, the attorney-client privilege applies to the redacted information. Bosch need not produce an unredacted version of this document.

**IT IS SO ORDERED**.

Dated: October 12, 2018

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge