1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9             FOR THE NORTHERN DISTRICT OF CALIFORNIA

10            SAN FRANCISCO DIVISION

11

| | |
|---|---|
| IN RE CHRYSLER-DODGE-JEEP ECODIESEL® MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 3:17-md-02777-EMC<br><br>THE HONORABLE EDWARD M. CHEN |
| This Document Relates to:<br><br>ALL CONSUMER AND RESELLER DEALER ACTIONS | **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND DIRECTION OF NOTICE UNDER RULE 23(E)** |

18          Before the Court is Plaintiffs' Motion for Preliminary Approval of Class Settlement and

19   Direction of Notice under Rule 23(e) ("Motion").

20          WHEREAS, a proposed Class Action Settlement Agreement (the "Settlement") has been

21   reached between Court-appointed Lead Counsel and the Plaintiffs' Steering Committee ("PSC")

22   on behalf of a defined proposed Settlement Class of certain current and former owners and lessees

23   of 2014-2016 Jeep Grand Cherokee and Ram 1500s with a 3.0 liter "EcoDiesel" engine (the

24   "Eligible Vehicles"), which resolves certain claims against Defendants pertaining to the Eligible

25   Vehicles listed below;

26          WHEREAS, the Fiat Chrysler Defendants also entered related agreements with the United

27   States Department of Justice ("DOJ") on behalf of the Environmental Protection Agency

28   ("EPA"), and the State of California by and through the California Air Resources Board

1  ("CARB") and California's Office of the Attorney General ("CA AG");

2      WHEREAS, the Court, for the purposes of this Order, adopts all defined terms as set forth

3  in the Settlement;

4      WHEREAS, this matter has come before the Court pursuant to Plaintiffs' Motion for

5  Preliminary Approval of the Class Action Settlement and Direction of Notice Under Fed. R. Civ.

6  P. 23(e) (the "Motion");

7      WHEREAS, Defendants do not oppose the Court's entry of the proposed Preliminary

8  Approval Order;

9      WHEREAS, the Court finds that it has jurisdiction over the Action and each of the Parties

10  for purposes of settlement and asserts jurisdiction over the Settlement Class Representatives for

11  purposes of considering and effectuating this Settlement;

12      WHEREAS, the Court held a Preliminary Approval Hearing on January 23, 2019; and

13      WHEREAS, this Court has considered all of the presentations and submissions related to

14  the Motion and, having presided over and managed these MDL proceedings as Transferee Judge,

15  since the April 2017 Transfer Order, with the facts, contentions, claims and defenses as they have

16  developed in these proceedings, and is otherwise fully advised of all relevant facts in connection

17  therewith.

18      **IT IS HEREBY ORDERED AS FOLLOWS:**

19  **I.      PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT:**

20      1.      The proposed Settlement appears to be the product of intensive, thorough, serious,

21  informed, and non-collusive negotiations overseen by the Court-appointed Special Master

22  Kenneth Feinberg; has no obvious deficiencies; does not improperly grant preferential treatment

23  to the Settlement Class Representatives or segments of the Class; and appears to be fair,

24  reasonable, and adequate, such that notice of the Settlement should be directed to the Class

25  Members, and a Final Approval Hearing should be set.

26      2.      Accordingly, the Motion is GRANTED.

27

28

1   **II.      THE CLASS, CLASS REPRESENTATIVES, AND CLASS COUNSEL**

2              3.       "Class" or "Settlement Class" means, for purposes of this Class Action Settlement

3   only, a nationwide class, including Puerto Rico, of all Persons (this includes individuals who are

4   United States citizens, residents, or United States military, or diplomatic personnel that are living

5   or stationed overseas, as well as entities) who (1) on January 12, 2017 owned or leased a Ram

6   1500 or Jeep Grand Cherokee 3.0-liter diesel vehicle in the United States or its territories; or who

7   (2) between January 12, 2017 and the Claim Submission Deadline for Eligible Owners and

8   Eligible Lessees become the owner or lessee of an Eligible Vehicle in the United States or its

9   territories; or who (3) own or lease an Eligible Vehicle in the United States or its territories at the

10  time of participation in the Repair Program.  The Class includes automobile dealers who are not

11  Authorized Dealers and who otherwise meet the definition of the Class.  The following entities

12  and individuals are excluded from the Class:

13             (a)      Owners or lessees who acquired an Eligible Vehicle after January 12, 2017,

14  and transferred ownership or terminated their lease before April 1, 2019;

15             (b)      Owners or lessees who acquired an Eligible Vehicle after January 12, 2017,

16  and transferred ownership or terminated their lease after April 1, 2019, as a result of a total loss,

17  but before the Claim Submission Deadline for Eligible Owners and Eligible Lessees;

18             (c)      Owners who acquired an Eligible Vehicle on or before January 12, 2017,

19  and transferred ownership after January 10, 2019, but before April 1, 2019, unless ownership was

20  transferred as a result of a total loss;

21             (d)      Lessees who leased their Eligible Vehicles on or before January 12, 2017,

22  acquire ownership after January 10, 2019, and transfer ownership before the AEM is performed

23  on the Eligible Vehicle;

24             (e)      Owners whose Eligible Vehicle is not Registered in the United States as of

25  the date the AEM is performed;

26             (f)      Defendants' officers, directors and employees; Defendants' affiliates and

27  affiliates' officers, directors and employees; their distributors and distributors' officers, directors

28  and employees; and Authorized Dealers and Authorized Dealers' officers and directors;

1682582.1                                    - 3 -                  [PROPOSED] ORDER GRANTING PRELIMINARY
                                                                    APPROVAL OF CLASS SETTLEMENT
                                                                    CASE NO. 3:17-MD-02777-EMC

1    (g)    Judicial officers and their immediate family members and associated court

2    staff assigned to this case; and

3    (h)    All those otherwise in the Class who or which timely and properly exclude

4    themselves from the Class as provided in this Class Action Agreement.

5    4.    The Plaintiffs' Lead Counsel and members of the Plaintiffs' Steering Committee

6    who were appointed by the Court in Pretrial Order No. 3 on June 19, 2017, have applied for

7    appointment as Settlement Class Counsel, and the proposed Settlement Class Representatives,

8    named as Plaintiffs in the earlier-filed Second Amended Consolidated Consumer Class Action

9    Complaint, are listed in Exhibit F to the Motion.

10   **III.    PRELIMINARY FINDINGS**

11   5.    The Court finds that it will likely be able to approve, under Rule 23(e)(2), the

12   proposed Settlement Class as defined above, consisting of current and former owners and lessees

13   of approximately 100,000 identifiable Eligible Vehicles.

14   6.    The Court furthermore finds that it will likely be able to certify the class for

15   purposes of judgment on the proposal, because the Settlement Class likely meets the numerosity

16   requirement of Rule 23(a)(1), as well as the commonality and predominance requirements of Rule

17   23(a)(2) and (b)(3).

18   **IV.    NOTICE TO CLASS MEMBERS**

19   7.    Under Rule 23(c)(2), the Court finds that the content, format, and method of

20   disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot filed on

21   January 10, 2019, and the Settlement Agreement and Release, including direct First Class mailed

22   notice to all known Class Members and an extensive and targeted publication campaign, is the

23   best notice practicable under the circumstances and satisfies all requirements provided in Rule

24   23(c)(2)(B) and due process. The Court approves such notice, and hereby directs that such notice

25   be disseminated in the manner set forth in the proposed Settlement Agreement to Class Members

26   under Rule 23(e)(1).

27

28

1682582.1                                    - 4 -            [PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS SETTLEMENT
CASE NO. 3:17-MD-02777-EMC

V.  **SCHEDULE AND PROCEDURES FOR DISSEMINATNIG NOTICE, FILING CLAIMS, REQUESTING EXCLUSION FROM THE CLASS, FILING OBJECTIONS TO THE CLASS ACTION SETTLEMENT, AND FILING THE MOTION FOR FINAL APPROVAL**

| Proposed Date | Court Adopted Date (if altered) | Event |
|---|---|---|
| January 10, 2019 | _____, 2019 | Settlement Class Representatives file Motion for an Order Approving Notice |
| January 23, 2019 | _____, 2019 | Hearing on Motion for an Order Approving Notice |
| January 24, 2019 | _____, 2019 | Class Notice Program begins |
| February 25, 2019 | _____, 2019 | Motions for Final Approval and Attorneys' Fees and Expenses filed |
| April 1, 2019 | _____, 2019 | Objection and Opt-Out Deadline |
| April 22, 2019 | _____, 2019 | Reply Memoranda in Support of Final Approval and Fee/Expense Application filed |
| April 29, 2019 – May 3, 2019 | _____, 2019 | Final Approval Hearing. |
| Date of entry of Final Approval Order and US-CA Consent Decree | _____, 2019 | Claims Period Begins |

VI.  **FINAL APPROVAL HEARING**

8.     The Final Approval Hearing shall take place on _____, 2019 at ___:00 a.m. at

the United States District Court for the Northern District of California, United States Courthouse,

450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable Edward M.

Chen, to determine whether the proposed Class Settlement is fair, reasonable, and adequate,

1   whether it should be finally approved by the Court, and whether the Released Claims should be

2   dismissed with prejudice under the Settlement and the Notice Program.

3   **VII.   OTHER PROVISIONS**

4       9.      Plaintiffs' Lead Counsel and the members of the PSC are hereby appointed as

5   Settlement class counsel under rule 23(g)(3) ("Class Counsel").  Settlement Class Counsel and

6   Defendants are authorized to take, without further Court approval, all necessary and appropriate

7   steps to implement the Settlement, including the approved Notice Program.

8       10.     The deadlines set forth in this Preliminary Approval Order, including, but not

9   limited to, adjourning the Final Approval Hearing, may be extended by Order of the Court, for

10  good cause shown, without further notice to the Class Members, except that notice of any such

11  extensions shall be included on the Settlement Website. Class Members should check the

12  Settlement Website regularly for updates and further details regarding extensions of these

13  deadlines. Exclusions and Objections must meet the deadlines and follow the requirements set

14  forth in the approved notice in order to be valid.

15      11.     Class Counsel and Defendants' Counsel are hereby authorized to use all

16  reasonable procedures in connection with approval and administration of the Settlement that are

17  not materially inconsistent with the Preliminary Approval Order or the Class Action Settlement,

18  including making, without further approval of the Court, minor changes to the Settlement, to the

19  form or content of the Class Notice, or to any other exhibits that the Parties jointly agree are

20  reasonable or necessary.

21      12.     The Court shall maintain continuing jurisdiction over these proceedings for the

22  benefit of the Class as defined in this Order.

23      **IT IS SO ORDERED.**

24

25  DATED: _____          _____

26                                          THE HONORABLE EDWARD M. CHEN
                                            UNITED STATES DISTRICT JUDGE

27

28