

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

EXECUTIVE DIVISION

DAVID E. NACHMAN
Senior Enforcement Counsel
(212) 416-8390
David.Nachman@ag.ny.gov

January 18, 2019

*Via UPS Next Day Air*

The Honorable Edward M. Chen
United States District Court
Northern District of California
San Francisco Courthouse
Courtroom 5 – 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

*In re: Chrysler-Dodge-Jeep Ecodiesel Marketing, Sales Practices and Products Liability Litigation*, Case No. 3:17-md-02777-EMC (N.D. Cal.)

Dear Judge Chen:

On behalf of the New York Attorney General's Office (NYAG), I write to provide certain information that may be relevant to Your Honor's consideration of the proposed Consumer and Reseller Dealership Class Action Settlement Agreement and Release (MDL Consumer Settlement Agreement) in this matter. In common with other Attorneys General throughout the nation, NYAG is responsible for the enforcement of state consumer protection and environmental laws and regulations. That enforcement power includes broad investigatory tools, *parens patriae* authority to require restitution to New York consumers in cases of false or misleading advertising and marketing, and the authority to seek civil penalties for violations of state law.

Neither New York nor any state other than California is a party to this action, but as Your Honor may be aware, NYAG, along with eight other state Attorney General offices, led a multistate investigation into the same underlying conduct at issue in this MDL proceeding – the incorporation of several undisclosed AECDs and/or defeat devices into the emission systems of approximately 100,000 Fiat Chrysler diesel vehicles (the Subject Vehicles) that were marketed, falsely, to be compliant with the emissions control requirements of all 50 states. The investigation was intensive; it included the review of hundreds of thousands of documents produced by Fiat Chrysler and Bosch in response to multiple subpoenas and Civil Investigative Demands, examinations under oath of multiple witnesses, additional interviews, and consultations with

January 18, 2019
Page 2

experts. As permitted by Protective Orders entered by the Court herein, we also kept abreast of the negotiations between the defendants and the Plaintiffs' Steering Committee leading to the MDL Consumer Settlement Agreement, as well as the proposed Consent Decrees that would resolve the claims asserted against Fiat Chrysler by the United States Environmental Protection Agency, the State of California and the California Air Resources Board.

The Attorneys General's multistate investigation into Fiat Chrysler and Bosch's conduct in connection with the Subject Vehicles (which, in Bosch's case, also included its role in providing emissions control software to Volkswagen) has produced comprehensive nationwide settlements with both entities. With respect to Bosch, the multistate coalition will obtain payments totaling over $98 million, a $5 million payment to the National Association of Attorneys General, and injunctive provisions that include substantial compliance-related enhancements designed to ensure that Bosch will not knowingly provide defeat device technologies to any U.S. auto manufacturer. A copy of New York's proposed Consent Judgment with Bosch (minus the attachments) is attached hereto as Exhibit A. We understand that Bosch has entered or will soon enter into substantially similar settlements with at least 46 other states, the District of Columbia, Puerto Rico and Guam. With respect to Fiat Chrysler, the multistate coalition will secure payments totaling $72.5 million. A copy of New York's proposed Consent Judgment with Fiat Chrysler (minus its attachments) is attached hereto as Exhibit B; again, we understand that 48 other states (that is, all states other than California), the District of Columbia, Puerto Rico and Guam have sought or will soon seek entry of substantially similar settlements with Fiat Chrysler (although the company's settlements with the so-called non-Section 177 states – those that have not adopted California's emissions control standards as permitted by the Clean Air Act – will not include the release of environmental claims).

New York's proposed Consent Judgments with both companies reflects our determination that their terms are in the public interest and, in the facts and circumstances presented, represent a fair and reasonable resolution of the state's consumer protection and environmental claims. Of particular relevance to the Court may be paragraphs 13 and 14 of the proposed Consent Judgment with Fiat Chrysler (Ex. B hereto), which, respectively, obligate the company to make the restitution payments to consumers mandated by the proposed MDL Consumer Settlement Agreement and carry out the emissions system remediation program mandated by the proposed Department of Justice and California Consent Decree. NYAG's review of those provisions led us to conclude they were appropriate and reasonable under the circumstances, and merited incorporation into New York's proposed Consent Judgment with Fiat Chrysler.

If we can provide any other information helpful to the Court in connection with this matter, please let me know.

Respectfully submitted,

David E. Nachman

Cc: Elizabeth J. Cabraser        Joseph F. Rice        Kenneth R. Feinberg
    Leigh P. Rendé               Judith A. Fiorentini
    Robert J. Giuffra, Jr.       Matthew D. Slater