IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CHRYSLER-DODGE-JEEP ECODIESEL® MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL CONSUMER AND RESELLER DEALER ACTIONS | Case No. 3:17-md-02777-EMC<br><br>THE HONORABLE EDWARD M. CHEN<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND DIRECTION OF NOTICE UNDER RULE 23(E)** |

Before the Court is Plaintiffs' Motion for Preliminary Approval of Class Settlement and Direction of Notice under Rule 23(e) ("Motion").

WHEREAS, a proposed Class Action Settlement Agreement (the "Settlement") has been reached between Court-appointed Lead Counsel and the Plaintiffs' Steering Committee ("PSC") on behalf of a defined proposed Settlement Class of certain current and former owners and lessees of 2014-2016 Jeep Grand Cherokee and Ram 1500s with a 3.0 liter "EcoDiesel" engine (the "Eligible Vehicles"), which resolves certain claims against Defendants pertaining to the Eligible Vehicles listed below;

WHEREAS, the Fiat Chrysler Defendants also entered related agreements with the United States Department of Justice ("DOJ") on behalf of the Environmental Protection Agency ("EPA"), and the State of California by and through the California Air Resources Board

("CARB") and California's Office of the Attorney General ("CA AG");

WHEREAS, the Court, for the purposes of this Order, adopts all defined terms as set forth in the Settlement;

WHEREAS, this matter has come before the Court pursuant to Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement and Direction of Notice Under Fed. R. Civ. P. 23(e) (the "Motion");

WHEREAS, Defendants do not oppose the Court's entry of the proposed Preliminary Approval Order;

WHEREAS, the Court finds that it has jurisdiction over the Action and each of the Parties for purposes of settlement and asserts jurisdiction over the Settlement Class Representatives for purposes of considering and effectuating this Settlement;

WHEREAS, the Court held a Preliminary Approval Hearing on January 23, 2019; and

WHEREAS, this Court has considered all of the presentations and submissions related to the Motion and, having presided over and managed these MDL proceedings as Transferee Judge, since the April 2017 Transfer Order, with the facts, contentions, claims and defenses as they have developed in these proceedings, and is otherwise fully advised of all relevant facts in connection therewith.

**IT IS HEREBY ORDERED AS FOLLOWS:**

**I.  PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT:**

1. The proposed Settlement appears to be the product of intensive, thorough, serious, informed, and non-collusive negotiations overseen by the Court-appointed Special Master Kenneth Feinberg; has no obvious deficiencies; does not improperly grant preferential treatment to the Settlement Class Representatives or segments of the Class; and appears to be fair, reasonable, and adequate, such that notice of the Settlement should be directed to the Class Members, and a Final Approval Hearing should be set.

2. Accordingly, the Motion is GRANTED.

**II.      THE CLASS, CLASS REPRESENTATIVES, AND CLASS COUNSEL**

3.     "Class" or "Settlement Class" means, for purposes of this Class Action Settlement only, a nationwide class, including Puerto Rico, of all Persons (this includes individuals who are United States citizens, residents, or United States military, or diplomatic personnel that are living or stationed overseas, as well as entities) who (1) on January 12, 2017 owned or leased a Ram 1500 or Jeep Grand Cherokee 3.0-liter diesel vehicle in the United States or its territories; or who (2) between January 12, 2017 and the Claim Submission Deadline for Eligible Owners and Eligible Lessees become the owner or lessee of an Eligible Vehicle in the United States or its territories; or who (3) own or lease an Eligible Vehicle in the United States or its territories at the time of participation in the Repair Program.  The Class includes automobile dealers who are not Authorized Dealers and who otherwise meet the definition of the Class.  The following entities and individuals are excluded from the Class:

(a)     Owners or lessees who acquired an Eligible Vehicle after January 12, 2017, and transferred ownership or terminated their lease before April 1, 2019;

(b)     Owners or lessees who acquired an Eligible Vehicle after January 12, 2017, and transferred ownership or terminated their lease after April 1, 2019, as a result of a total loss, but before the Claim Submission Deadline for Eligible Owners and Eligible Lessees;

(c)     Owners who acquired an Eligible Vehicle on or before January 12, 2017, and transferred ownership after January 10, 2019, but before April 1, 2019, unless ownership was transferred as a result of a total loss;

(d)     Lessees who leased their Eligible Vehicles on or before January 12, 2017, acquire ownership after January 10, 2019, and transfer ownership before the AEM is performed on the Eligible Vehicle;

(e)     Owners whose Eligible Vehicle is not Registered in the United States as of the date the AEM is performed;

(f)     Defendants' officers, directors and employees; Defendants' affiliates and affiliates' officers, directors and employees; their distributors and distributors' officers, directors and employees; and Authorized Dealers and Authorized Dealers' officers and directors;

1682582.1                                            - 3 -                         ORDER GRANTING PRELIMINARY APPROVAL OF
                                                                                                  CLASS SETTLEMENT
                                                                                          CASE NO. 3:17-MD-02777-EMC

(g) Judicial officers and their immediate family members and associated court staff assigned to this case; and

(h) All those otherwise in the Class who or which timely and properly exclude themselves from the Class as provided in this Class Action Agreement.

4. The Plaintiffs' Lead Counsel and members of the Plaintiffs' Steering Committee who were appointed by the Court in Pretrial Order No. 3 on June 19, 2017, have applied for appointment as Settlement Class Counsel, and the proposed Settlement Class Representatives, named as Plaintiffs in the earlier-filed Second Amended Consolidated Consumer Class Action Complaint, are listed in Exhibit F to the Motion.

### III. PRELIMINARY FINDINGS

5. The Court finds that it will likely be able to approve, under Rule 23(e)(2), the proposed Settlement Class as defined above, consisting of current and former owners and lessees of approximately 100,000 identifiable Eligible Vehicles.

6. The Court furthermore finds that it will likely be able to certify the class for purposes of judgment on the proposal, because the Settlement Class likely meets the numerosity requirement of Rule 23(a)(1), as well as the commonality and predominance requirements of Rule 23(a)(2) and (b)(3).

### IV. NOTICE TO CLASS MEMBERS

7. Under Rule 23(c)(2), the Court finds that the content, format, and method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot filed on January 10, 2019, the Supplemental Weisbrot Declaration filed on February 8, 2019, and the Amended Settlement Agreement and Release, including direct First Class mailed notice to all known Class Members and an extensive and targeted publication campaign, is the best notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and due process. The Court approves such notice, and hereby directs that such notice be disseminated in the manner set forth in the proposed Settlement Agreement to Class Members under Rule 23(e)(1).

V. **SCHEDULE AND PROCEDURES FOR DISSEMINATNIG NOTICE, FILING CLAIMS, REQUESTING EXCLUSION FROM THE CLASS, FILING OBJECTIONS TO THE CLASS ACTION SETTLEMENT, AND FILING THE MOTION FOR FINAL APPROVAL**

| Proposed Date | Court Adopted Date (if altered) | Event |
|---|---|---|
| January 10, 2019 | January 10, 2019 | Settlement Class Representatives file Motion for an Order Approving Notice |
| January 23, 2019 | January 23, 2019 | Hearing on Motion for an Order Approving Notice |
| January 24, 2019 | February 13, 2019 | Class Notice Program begins |
| February 25, 2019 | March 11, 2019 | Motions for Final Approval and Attorneys' Fees and Expenses filed |
| April 1, 2019 | April 15, 2019 | Objection and Opt-Out Deadline |
| April 22, 2019 | April 25, 2019 | Reply Memoranda in Support of Final Approval and Fee/Expense Application filed |
| April 29, 2019 – May 3, 2019 | May 3, 2019 | Final Approval Hearing. |
| Date of entry of Final Approval Order and US-CA Consent Decree | _____, 2019 | Claims Period Begins |

VI. **FINAL APPROVAL HEARING**

8. The Final Approval Hearing shall take place on **May 3, 2019 at 10:00 a.m.** at the United States District Court for the Northern District of California, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable Edward M. Chen, to determine whether the proposed Class Settlement is fair, reasonable, and adequate, whether it

should be finally approved by the Court, and whether the Released Claims should be dismissed with prejudice under the Settlement and the Notice Program.

## VII.  **OTHER PROVISIONS**

9.  Plaintiffs' Lead Counsel and the members of the PSC are hereby appointed as Settlement class counsel under rule 23(g)(3) ("Class Counsel").  Settlement Class Counsel and Defendants are authorized to take, without further Court approval, all necessary and appropriate steps to implement the Settlement, including the approved Notice Program.

10.  The deadlines set forth in this Preliminary Approval Order, including, but not limited to, adjourning the Final Approval Hearing, may be extended by Order of the Court, for good cause shown, without further notice to the Class Members, except that notice of any such extensions shall be included on the Settlement Website. Class Members should check the Settlement Website regularly for updates and further details regarding extensions of these deadlines. Exclusions and Objections must meet the deadlines and follow the requirements set forth in the approved notice in order to be valid.

11.  Class Counsel and Defendants' Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with the Preliminary Approval Order or the Class Action Settlement, including making, without further approval of the Court, minor changes to the Settlement, to the form or content of the Class Notice, or to any other exhibits that the Parties jointly agree are reasonable or necessary.

12.  The Court shall maintain continuing jurisdiction over these proceedings for the benefit of the Class as defined in this Order.

**IT IS SO ORDERED.**

DATED: February 11, 2019

_____
THE HONORABLE EDWARD M. CHEN
UNITED STATES DISTRICT JUDGE