1
2
3
4
5
6
7

8     UNITED STATES DISTRICT COURT

9     NORTHERN DISTRICT OF CALIFORNIA

10    SAN FRANCISCO DIVISION

11

| | |
|---|---|
| IN RE CHRYSLER-DODGE-JEEP ECODIESEL® MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 3:17-md-02777-EMC<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ATTORNEYS' FEES AND COSTS**<br><br>The Honorable Edward M. Chen |

17    Before the Court is Class Plaintiffs' Motion for Final Approval of Class Action Settlement

18    and Attorneys' Fees and Costs under Fed. R. Civ. P. 23(e) and 23(h) and Pretrial Order Nos. 3

19    and 4.  The background, procedural history, and Settlement terms were summarized in the Court's

20    Order Granting Preliminary Approval of Class Settlement, familiarity with which is presumed.

21    *See* Dkt. No. 526 ("Preliminary Approval Order").  In brief, the Settlement, along with the

22    interrelated US-CA Consent Decree, provides an emissions repair for approximately 100,000

23    vehicles, offers an extended warranty covering all vehicles receiving that repair, and compensates

24    class members with cash payments ranging from $990 to $3,075.

25    Following the Court's Preliminary Approval Order, notice has been sent to the Class via a

26    Court-approved notice program, and the Class has had an opportunity to respond.  Having

27    considered the Parties' briefs and accompanying submissions, comments from the Class, and

28    presentations at the hearing on these matters, the Court **GRANTS** the motion.

1    **I.      CLASS CERTIFICATION AND SETTLEMENT APPROVAL**

2           When presented with a motion for final approval of a class action settlement, a court first

3    evaluates whether certification of a settlement class is appropriate under Federal Rule of Civil

4    Procedure 23(a) and (b).  Rule 23(a) provides that a class action is proper only if four

5    requirements are met:  (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of

6    representation.  *See* Fed. R. Civ. 23(a)(1)-(4).  As relevant here, settlement certification of a Rule

7    23(b)(3) class requires that (1) "the questions of law or fact common to class members

8    predominate over any questions affecting only individual members" and that (2) "a class action

9    [be] superior to any other available methods for fairly and efficiently adjudicating the

10   controversy."  *See* Fed. R. Civ. P. 23(b)(3).

11          The Court analyzed these factors in its Preliminary Approval Order and finds no reason to

12   disturb its earlier conclusions.  The requirements of Rule 23(a) and Rule 23(b)(3) were satisfied

13   then and they remain so now.  *See* Dkt. No. 526 at 8-12.  As such, the Court determines that

14   certification of the Settlement Class is appropriate.

15          Assuming a proposed settlement satisfies Rules 23(a) and (b), the Court must then

16   determine whether the proposal is fundamentally fair, reasonable, and adequate.  *See* Fed. R. Civ.

17   P. 23(e)(2).  The Ninth Circuit has identified factors to consider when a court evaluates a

18   settlement:

19                  (1) the strength of the plaintiff's case; (2) the risk, expense,
20           complexity, and likely duration of further litigation; (3) the risk of
             maintaining class action status throughout the trial; (4) the amount
21           offered in settlement; (5) the extent of discovery completed and the
             stage of the proceedings; (6) the experience and views of counsel;
22           (7) the presence of a governmental participant; and (8) the reaction
             of the class members of the proposed settlement.
23

24   *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011).  In preliminarily

25   approving the Settlement, the Court analyzed the Rule 23(e)(2) and Ninth Circuit factors and

26   concluded that the Settlement was "fair, adequate, and reasonable."  Dkt. No. 526 at 15.  Those

27   conclusions stand and counsel equally in favor of final approval now.

28

1702683.2                              - 2 -                    [PROPOSED] ORDER GRANTING FINAL
                                                                APPROVAL OF CLASS ACTION SETTLEMENT
                                                                CASE NO. 3:17-MD-02777-EMC

## II.    THE REQUESTED ATTORNEYS' FEES AND COSTS

Class Counsel requests an award of $59 million in attorneys' fees and $7 million in costs for work arising from the claims resolved by the Settlement.  Defendants have agreed to pay this amount in addition to compensation to the Class.  *See* Dkt. No. 508 ¶ 11.1.

When, as here, a settlement establishes a common fund or calculable monetary benefit for a class, it is appropriate to award attorneys' fees based on a percentage of the monetary benefit obtained.  *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).  Here, Class Counsel's requested fee represents between 9.6% (using the full value of the Settlement benefits) and 17.7% (using a conservative value) of the constructive value of benefits obtained for the Class.  Concerns that may otherwise counsel in favor of a conservative valuation are not present here, as Fiat Chrysler faces penalties of more than $6,000 per vehicle if it fails to achieve an 85% participation rate.  This provides a strong incentive to ensure robust participation in the Settlement.  Dkt. No. 526 at 6-7.  Regardless, even the conservative estimate of the requested fee percentage falls well below the Ninth Circuit's 25% benchmark as well as the mean and median percentages awarded in similarly-valued "megafund" settlements.  *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011); Declaration of Brian T. Fitzpatrick ("Fitzpatrick Decl."), Dkt. No. 538-2 ¶¶ 16-26.

A lodestar cross-check confirms the reasonableness of the award sought.  Both the hours worked and the rates billed (a blended average rate of $453 per hour) are customary, reasonable, and below the average in comparable settlements.  *See, e.g.*, *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, No. 2672 CRB (JSC), 2017 WL 1047834, at *5 (N.D. Cal. Mar. 17, 2017) (approving blended average hourly billing rate of $529 per hour in similar litigation); Fitzpatrick Decl. ¶¶ 34-35 (analyzing empirical data relating to average hours billed and average blended billing rates in comparable settlements).  The total lodestar yields a multiplier of 1.17 for work done to-date and anticipated future work to implement and protect the settlement.  Declaration of Elizabeth J. Cabraser, Dkt. No. 538-1 ¶¶ 17-19.  This multiplier is significantly below the average for similarly-valued settlements, and is well within the range of reason.  *See, e.g.*, *Alexander v. FedEx Ground Package Sys., Inc.*, No. 05-CV-00038-EMC, 2016

1    WL 3351017, at *3 (N.D. Cal. June 15, 2016) (noting the typical multiplier in megafund cases is

2    "3 or less"); *Volkswagen*, 2017 WL 1047834, at *5 (approving lodestar multiplier of 2.63);

3    Fitzpatrick Decl. ¶¶ 34-45.  Both the percentage of the fund and the lodestar multiplier are

4    reasonable in light of the substantial benefits obtained for the Class and the risks and complexities

5    of this multidistrict litigation.  Class Counsel's request for $59 million in fees and $7 million in

6    costs is hereby **GRANTED**.

7           Finally, Plaintiffs request a service award of $5,000 to be paid by Defendants in addition

8    to the Settlement compensation.  This is the presumptive service award in this District, and is

9    reasonable under the facts of this case, in which representative Plaintiffs participated actively in

10   the litigation, including sitting for depositions, completing detailed questionnaires, and searching

11   for and producing responsive documents.  *See* Dkt. No. 526 at 15.  The request for incentive

12   awards for each of the 60 settlement class representatives is therefore **GRANTED**.

13   **III.    <u>CONCLUSION</u>**

14          Accordingly, the Court hereby orders, adjudges, finds, and decrees as follows:

15          1.  The Court hereby **CERTIFIES** the Settlement Class and **GRANTS** the Motion

16              for Final Approval of the Settlement.  The Court fully and finally approves the

17              Settlement in the form contemplated by the Settlement Agreement (Dkt. No. 508)

18              and finds its terms to be fair, reasonable and adequate within the meaning of Fed.

19              R. Civ. P. 23.  The Court directs the consummation of the Settlement pursuant to

20              the terms and conditions of the Settlement Agreement.

21          2.  The Court **CONFIRMS** the appointment of Lead Plaintiffs' Counsel and the

22              members of the PSC listed in Pretrial Order No. 3 as Settlement Class Counsel.

23          3.  The Court **CONFIRMS** the appointment of the Settlement Class Representatives

24              listed in Exhibit A to Class Plaintiffs' Motion for Preliminary Approval. Dkt. No.

25              491-6.

26          4.  The Court **CONFIRMS** the appointment of the Angeion Group as Claims and

27              Notice Administrator.

28

5.  The Court **GRANTS** Class Counsel's request for attorneys' fees and costs, and **AWARDS** Class Counsel $59 million in attorneys' fees and $7 million in costs to be paid by the Defendants in addition to the compensation available to the Class, and to be allocated by Lead Counsel among the PSC firms and additional counsel performing work under Pretrial Order Nos. 3 and 4.

6.  The Court **AWARDS** the Settlement Class Representatives service awards of $5,000 each, also to be paid by the Defendants in addition to the compensation available to the Class.

7.  The Court hereby discharges and releases the Released Claims as to the Released Parties, as those terms are used and defined in the Settlement Agreement.

8.  The Court hereby permanently bars and enjoins the institution and prosecution by Class Plaintiffs and any Class Member of any other action against the Released Parties in any court or other forum asserting any of the Released Claims, as those terms are used and defined in the Settlement Agreement.

9.  The Court further reserves and retains exclusive and continuing jurisdiction over the Settlement concerning the administration and enforcement of the Settlement Agreement and to effectuate its terms.  Dkt. No. 508 at ¶ 9.16.

A separate judgment consistent with this Order will issue pursuant to Fed. R. Civ. P. 58.

Dated: _____, 2019

_____
HON. EDWARD M. CHEN
United States District Judge