UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CHRYSLER-DODGE-JEEP ECODIESEL® MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 17-md-02777-EMC<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ATTORNEYS' FEES AND COSTS**<br><br>The Honorable Edward M. Chen |

Before the Court is Class Plaintiffs' Motion for Final Approval of Class Action Settlement and Attorneys' Fees and Costs under Fed. R. Civ. P. 23(e) and 23(h) and Pretrial Order Nos. 3 and 4. The background, procedural history, and Settlement terms were summarized in the Court's Order Granting Preliminary Approval of Class Settlement, familiarity with which is presumed. *See* Dkt. No. 526 ("Preliminary Approval Order"). In brief, the Settlement, along with the interrelated US-CA Consent Decree, provides an emissions repair for approximately 100,000 vehicles, offers an extended warranty covering all vehicles receiving that repair, and compensates class members with cash payments ranging from $990 to $3,075.

Following the Court's Preliminary Approval Order, notice has been sent to the Class via a Court-approved notice program, and the Class has had an opportunity to respond. Having considered the Parties' briefs and accompanying submissions, comments from the Class, and

presentations at the hearing on these matters, for the reasons stated in granting preliminary approval and for the reasons stated at the hearing, the Court **GRANTS** the motion.

I.  **CLASS CERTIFICATION AND SETTLEMENT APPROVAL**

When presented with a motion for final approval of a class action settlement, a court first evaluates whether certification of a settlement class is appropriate under Federal Rule of Civil Procedure 23(a) and (b). Rule 23(a) provides that a class action is proper only if four requirements are met: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. *See* Fed. R. Civ. 23(a)(1)-(4). As relevant here, settlement certification of a Rule 23(b)(3) class requires that (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members" and that (2) "a class action [be] superior to any other available methods for fairly and efficiently adjudicating the controversy." *See* Fed. R. Civ. P. 23(b)(3).

The Court analyzed these factors in its Preliminary Approval Order and finds no reason to disturb its earlier conclusions. The requirements of Rule 23(a) and Rule 23(b)(3) were satisfied then and they remain so now. *See* Dkt. No. 526 at 8-12. As such, the Court determines that certification of the Settlement Class is appropriate.

Assuming a proposed settlement satisfies Rules 23(a) and (b), the Court must then determine whether the proposal is fundamentally fair, reasonable, and adequate. *See* Fed. R. Civ. P. 23(e)(2). The Ninth Circuit has identified factors to consider when a court evaluates a settlement:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011). In preliminarily approving the Settlement, the Court analyzed the Rule 23(e)(2) and Ninth Circuit factors and

concluded that the Settlement was "fair, adequate, and reasonable." Dkt. No. 526 at 15. Those conclusions stand and counsel equally in favor of final approval now.

## II. THE REQUESTED ATTORNEYS' FEES AND COSTS

Class Counsel requests an award of $59 million in attorneys' fees and $7 million in costs for work arising from the claims resolved by the Settlement. Defendants have agreed to pay this amount in addition to compensation to the Class. *See* Dkt. No. 508 ¶ 11.1.

The fees and costs are reasonable, whether a percentage method or lodestar method is used. Class Counsel's request for $59 million in fees and $7 million in costs is hereby **GRANTED**.

Finally, Plaintiffs request a service award of $5,000 to be paid by Defendants in addition to the Settlement compensation. This is the presumptive service award in this District, and is reasonable under the facts of this case, in which representative Plaintiffs participated actively in the litigation, including sitting for depositions, completing detailed questionnaires, and searching for and producing responsive documents. *See* Dkt. No. 526 at 15. The request for incentive awards for each of the 60 settlement class representatives is therefore **GRANTED**.

## III. CONCLUSION

Accordingly, the Court hereby orders, adjudges, finds, and decrees as follows:

1. The Court hereby **CERTIFIES** the Settlement Class and **GRANTS** the Motion for Final Approval of the Settlement. The Court fully and finally approves the Settlement in the form contemplated by the Settlement Agreement (Dkt. No. 508) and finds its terms to be fair, reasonable and adequate within the meaning of Fed. R. Civ. P. 23. The Court directs the consummation of the Settlement pursuant to the terms and conditions of the Settlement Agreement.

2. The Court **CONFIRMS** the appointment of Lead Plaintiffs' Counsel and the members of the PSC listed in Pretrial Order No. 3 as Settlement Class Counsel.

3. The Court **CONFIRMS** the appointment of the Settlement Class Representatives listed in Exhibit A to Class Plaintiffs' Motion for Preliminary Approval. Dkt. No. 491-6.

4. The Court **CONFIRMS** the appointment of the Angeion Group as Claims and Notice Administrator.

5. The Court **GRANTS** Class Counsel's request for attorneys' fees and costs, and **AWARDS** Class Counsel $59 million in attorneys' fees and $7 million in costs to be paid by the Defendants in addition to the compensation available to the Class, and to be allocated by Lead Counsel among the PSC firms and additional counsel performing work under Pretrial Order Nos. 3 and 4.

6. The Court **AWARDS** the Settlement Class Representatives service awards of $5,000 each, also to be paid by the Defendants in addition to the compensation available to the Class.

7. The Court hereby discharges and releases the Released Claims as to the Released Parties, as those terms are used and defined in the Settlement Agreement.

8. The Court hereby permanently bars and enjoins the institution and prosecution by Class Plaintiffs and any Class Member of any other action against the Released Parties in any court or other forum asserting any of the Released Claims, as those terms are used and defined in the Settlement Agreement.

9. The Court further reserves and retains exclusive and continuing jurisdiction over the Settlement concerning the administration and enforcement of the Settlement Agreement and to effectuate its terms. Dkt. No. 508 at ¶ 9.16.

A separate judgment consistent with this Order will issue pursuant to Fed. R. Civ. P. 58.

Dated: May 3, 2019

_____
HON. EDWARD M. CHEN
United States District Judge