XAVIER BECERRA
Attorney General of California
NICKLAS A. AKERS
Senior Assistant Attorney General
JUDITH A. FIORENTINI (CA Bar No. 201747)
Supervising Deputy Attorney General
JON F. WORM (CA Bar No. 248260)
LAUREL M. CARNES (CA Bar No. 285690)
Deputy Attorneys General
600 West Broadway, Suite 1800
San Diego, CA 92101
Telephone: (619) 738-9325
Email: judith.fiorentini@doj.ca.gov
Email: jon.worm@doj.ca.gov
Email: laurel.carnes@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>FIAT CHRYSLER AUTOMOBILES N.V., FCA US LLC, V.M. MOTORI S.p.A., and V.M. NORTH AMERICA, INC.,<br><br>Defendants. | CASE NO. 3:19-CV-00151<br><br>SECOND CALIFORNIA PARTIAL CONSENT DECREE |

**WHEREAS**, Plaintiff the People of the State of California (the "State of California"), acting by and through Xavier Becerra, Attorney General of the State of California ("the California Attorney General," as specifically defined below), and the California Air Resources Board

("CARB," as specifically defined below) (collectively "California") filed a complaint (the "California Complaint") in this action on January 9, 2019, against Fiat Chrysler Automobiles N.V., FCA US LLC, V.M. Motori S.p.A, and V.M. North America, Inc. (collectively, "Defendants," as specifically defined below), alleging in relevant part that, in connection with the certification, marketing, distribution, and sale in California of approximately 14,000 model year ("MY") 2014 to 2016 Ram 1500 and MY 2014 to 2016 Jeep Grand Cherokee vehicles equipped with 3.0 liter EcoDiesel engines (the "Subject Vehicles," as specifically defined below), Defendants violated 42 U.S.C. § 7604(a)(1); California Health and Safety Code §§ 43016, 43151, 43152, 43153, 43154, 43205, 43211, and 43212; 13 C.C.R. §§ 1961, 1961.2, 1965, 1968.2, and 2037 and the 40 C.F.R sections incorporated therein by reference; and California Business and Professions Code §§ 17200 et seq., 17500 et seq., and 17580.5 (the "California Claims");

**WHEREAS**, the California Complaint alleges, in relevant part, that each Subject Vehicle contains, as part of the electronic control module, certain software functions and calibrations that cause the emission control system of those vehicles to perform differently (i.e., to underperform or shut off) during normal vehicle operation and use, as compared to during emissions testing. The California Complaint alleges that these software functions and calibrations are undisclosed Auxiliary Emission Control Devices ("AECDs") in violation of California and federal law, and that they are also prohibited defeat devices under California and federal law. The California Complaint also alleges that during normal vehicle operation and use, the Subject Vehicles emit increased levels of oxides of nitrogen ("NOx"). The California Complaint seeks, among other things, civil penalties, injunctive relief, mitigation, costs and other equitable relief related to the presence of the defeat devices in the Subject Vehicles;

**WHEREAS**, Defendants and California intend to resolve certain aspects of the California Claims through the entry of: (1) a consent decree among the United States, California, and the Defendants (the "FCA/US/CA Consent Decree") concerning the Subject Vehicles, lodged on January 10, 2019, that, among other things, establishes a recall program offering consumers an approved emissions modification to be applied to the Subject Vehicles, establishes a post-entry testing program to ensure continued compliance and durability of modified Subject Vehicles,

requires Defendants to implement certain corporate compliance reforms, and requires Defendants to make a civil penalty payment of $42,700,000 to CARB and a separate penalty payment of $3,175,200 to CARB for certain additional on-board diagnostic ("OBD") non-compliances; and (2) a consent decree between California and Defendants ("First California Partial Consent Decree") concerning the Subject Vehicles, lodged on January 10, 2019, that requires Defendants to make a payment of $19,035,000 to CARB and which is intended to fully mitigate the total lifetime excess NOx emissions from the Subject Vehicles in California, as claimed by California;

**WHEREAS**, Defendants and the People of the State of California, by and through the California Attorney General (together, the "Parties"), have agreed to resolve the remaining aspects of the California Claims related to the Subject Vehicles without the need for litigation through this Second California Partial Consent Decree;

**WHEREAS,** this Second California Partial Consent Decree (referred to herein as the "Consent Decree") resolves Defendants' alleged violations of California Business and Professions Code §§ 17200 et seq., 17500 et seq., and 17580.5 as more fully described in the California Complaint (the "Consumer Protection Claims"), including by providing certain injunctive and monetary relief to the California Attorney General;

**WHEREAS,** nothing in this Consent Decree shall constitute an admission of any fact or law by any Party, including as to any factual or legal assertion set forth in the California Complaint, except for the purpose of enforcing the terms or conditions set forth herein;

**WHEREAS**, the Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation among the Parties regarding the Consumer Protection Claims, and that this Consent Decree is fair, reasonable, and in the public interest; and

**NOW, THEREFORE**, before the taking of any testimony, without the adjudication of any issue of fact or law, and with the consent of the Parties, **IT IS HEREBY ADJUDGED, ORDERED, AND DECREED** as follows:

## I. JURISDICTION AND VENUE

1. The Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. § 1331, and over the Parties to the extent limited by this paragraph. Venue lies in this District pursuant to 28 U.S.C. § 1391(b), 28 U.S.C. § 1407, and the MDL Panel's Transfer Order, dated April 5, 2017. *In re Chrysler-Dodge-Jeep EcoDiesel Mktg., Sales Practices & Prod. Liab. Litig.*, 273 F. Supp. 3d 1377 (U.S. Jud. Pan. Mult. Lit. 2017) (MDL No. 2777). The Court has supplemental jurisdiction over California's state law claims pursuant to 28 U.S.C. § 1367. Defendants consent to the Court's jurisdiction over entry of this Consent Decree and over any action against Defendants to enforce this Consent Decree, and consent to venue in this judicial district for such purposes. Defendants reserve the right to challenge and oppose any claims to jurisdiction by California that (i) do not arise from the Court's jurisdiction over this Consent Decree or (ii) are not made in an action by California to enforce this Consent Decree.

2. Solely for purposes of this Consent Decree, without admission of any legal or factual assertion set forth in the California Complaint, and without prejudice to their ability to contest the legal sufficiency or merits of a complaint in any other proceeding, Defendants do not contest that the California Complaint states claims upon which relief may be granted pursuant to: 42 U.S.C. § 7604(a)(1); California Health and Safety Code §§ 43016, 43151, 43152, 43153, 43154, 43205, 43211, and 43212; 13 C.C.R. §§ 1961, 1961.2, 1965, 1968.2, and 2037 and the 40 C.F.R sections incorporated therein by reference; and California Business and Professions Code §§ 17200 et seq., 17500 et seq., and 17580.5.

## II. APPLICABILITY

3. The obligations of this Consent Decree apply to and are binding upon the State of California, including the California Attorney General, and upon Defendants, as applicable, and any of their respective successors, assigns, or other entities or persons otherwise bound by law.

4. Defendants' obligations to comply with the requirements of this Consent Decree are joint and several. In the event of the insolvency of any Defendant or the failure by any Defendant to implement any requirement of this Consent Decree, the remaining Defendants shall complete all such requirements.

5. Defendants shall do all things within their power and authority to ensure that any legal successor or assign of any Defendant shall remain jointly and severally liable for the payment

4

and other performance obligations hereunder.  Defendants shall include an agreement to so remain liable in the terms of any sale, acquisition, merger, or other transaction changing the ownership or control of any of the Defendants, to which any of them is a party, and no change in the ownership or control of any Defendant shall affect the obligations hereunder of any Defendant without modification of this Consent Decree in accordance with Section XII.

6. Defendants shall provide a copy of this Consent Decree to the members of their respective Board of Directors and their executives whose duties might reasonably include compliance with, or oversight over compliance with, any provision of this Consent Decree. Defendants shall also ensure that any contractors, agents, and employees whose duties might reasonably include compliance with any provision of the Consent Decree are made aware of those requirements of the Consent Decree relevant to their performance.

7. In any action to enforce this Consent Decree, Defendants shall not raise as a defense the failure by any of their respective officers, directors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Consent Decree.

### III. DEFINITIONS

8. Terms that are defined in this Consent Decree are defined for purposes of this Consent Decree only and are not applicable for any other purpose.  Whenever the terms set forth below are used in this Consent Decree, the following definitions shall apply:

    a. "California Attorney General" means the California Attorney General's Office and any of its successor departments or agencies;

    b. "California Complaint" means the complaint filed by California in this action;

    c. "CARB" means the California Air Resources Board and any of its successor departments or agencies;

    d. "Consent Decree" or "Second California Partial Consent Decree" means this partial consent decree;

    e. "Covered Conduct" means any and all acts or omissions, including all communications, occurring up to and including the Effective Date of this Consent Decree, relating

to: (a) the design, installation, presence, or failure to disclose any Defeat Device in any Subject Vehicle; (b) the marketing or advertisement of any Subject Vehicle as green, clean, environmentally friendly (or similar such terms), and/or compliant with California or federal emissions standards, including the marketing, advertisement, offering for sale, sale, offering for lease, lease, or distribution of any Subject Vehicles without disclosing the design, installation or presence of a Defeat Device.

    f. "Day" or "day" means a calendar day unless expressly stated to be a business day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next business day;

    g. "Defeat Device" has the meaning set forth in 40 C.F.R. § 86.1803-01.

    h. "Defendants" means FCA US LLC, Fiat Chrysler Automobiles N.V., V.M. Motori S.P.A. and V.M. North America, Inc.;

    i. "Effective Date" has the meaning set forth in Section VIII below;

    j. "Ethics Helpline" has the meaning set forth in Paragraph 50.c of the FCA/US/CA Consent Decree;

    k. "Subject Vehicles" means each and every MY 2014 to 2016 Jeep Grand Cherokee and Ram 1500 equipped with a 3.0 liter EcoDiesel engine and sold or offered for sale, or introduced or delivered for introduction into commerce, or registered in the United States or its Territories, or imported into the United States or its Territories, and that was identified by Defendants as covered by one of the following test groups: ECRXT03.05PV, FCRXT03.05PV, or GCRXT03.05PV.

## IV. INJUNCTIVE PROVISIONS

9. Defendants are permanently restrained and enjoined from advertising, marketing, offering for sale, selling, offering for lease, leasing, or distributing, or assisting others in the advertising, marketing, offering for sale, selling, offering for lease, leasing, or distributing in California any vehicle that contains a Defeat Device.

10. Under Business and Professions Code §§ 17203 and 17535, Defendants and

6

Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Consent Decree, whether acting directly or indirectly, are permanently enjoined from, expressly or by implication, including through the use of a product name, endorsement, depiction, or illustration, materially:

    a.    Misrepresenting that a vehicle has low emissions, lower emissions than other vehicles, or a specific level of emissions;

    b.    Misrepresenting that a vehicle is environmentally friendly, eco-friendly, ecological, green, or words of similar import;

    c.    Misrepresenting the fuel efficiency, driving range, or economical benefits of a vehicle relating to non-compliance with any United States or California emissions standard or emissions regulation;

    d.    Misrepresenting that a vehicle meets or exceeds any United States or California emissions standard or emissions regulation, including any OBD regulation;

    e.    Failing to affirmatively disclose the existence of a Defeat Device in advertising or marketing concerning a vehicle, where such vehicle contains a Defeat Device;

    f.    Providing to others the means and instrumentalities with which to make any representation prohibited by this Consent Decree;

    g.    Engaging in acts or practices that violate California Business and Professions Code section 17200;

    h.    Engaging in acts or practices that violate California Business and Professions Code section 17500;

    i.    Engaging in acts or practices that violate California Business and Professions Code section 17580.5;

    j.    Making any false or misleading statement, or falsifying any test or data, in or in connection with an application or other submission to CARB;

    k.    Failing to affirmatively disclose the existence of an AECD that reduces the effectiveness of the emission control system in any application or submission to CARB, or in any related communication with CARB, where such AECD has not previously been disclosed in

writing to CARB;

    l.  Failing to promptly notify CARB and the California Attorney General when it has reason to believe that a Defeat Device has been included in a vehicle sold or offered for sale or distribution in California;

    m.  Failing to implement and maintain the Ethics Helpline as required by Paragraph 50.c of the FCA/US/CA Consent Decree; and

    n.  Failing to comply with any injunctive terms obtained by the People of the State of California acting by and through CARB, by CARB, or by the United States in this or a related action concerning the Subject Vehicles, but only to the extent that the aforementioned injunctive terms apply to the specific Subject Vehicles or specific Defendants.

  11.  Except as otherwise specified in this Consent Decree, if Defendants reasonably believe they have violated or may violate any requirement of this Consent Decree, Defendants shall notify the California Attorney General of such violation and its likely duration in a written report submitted within 10 business days after the date Defendants first reasonably believe that a violation has occurred or may occur, with an explanation of the likely cause and of the remedial steps taken, or to be taken, to prevent or minimize such violation.

  12.  Nothing in this Consent Decree alters the requirements of federal or state law to the extent they offer greater protection to consumers or to the environment.

## V.   MONETARY PROVISIONS

  13.  **Monetary Payment**. Defendants shall pay to the California Attorney General $13,500,000 ("Total Settlement Payment"), to be used by the California Attorney General, at the sole discretion of the California Attorney General, for the enforcement of consumer protection and environmental laws by the California Attorney General, and to defray the costs of the investigation leading to this Consent Decree, the FCA/US/CA Consent Decree, and the First California Partial Consent Decree, and of the California Attorney General's ongoing monitoring of Defendants' compliance with these consent decrees.

  14.  **Allocation of Total Settlement Payment**. The Total Settlement Payment comprises (i) $8,300,000 to resolve the Consumer Protection Claims concerning the no fewer than

13,515 Subject Vehicles sold or leased in California; and (ii) $5,200,000 to defray the costs of the investigation leading to this Consent Decree, the FCA/US/CA Consent Decree, and the First California Partial Consent Decree, and of the California Attorney General's ongoing monitoring of Defendants' compliance with these consent decrees.

15. **Stipulated Penalties for Late Payment**. If Defendants fail to make the payment required under Paragraph 13 when due, then Defendants shall, in addition to the California Mitigation Payment, pay stipulated penalties directly to the California Attorney General as follows:

| Penalty Per Day | Period of Noncompliance |
| --- | --- |
| $20,000 | 1st through 30th day |
| $40,000 | 31st through 45th day |
| $80,000 | 46th day and beyond. |

16. Payments required to be made pursuant to this Consent Decree shall be made within thirty (30) calendar days of the date of entry, payable by wire transfer to the California Attorney General's Office pursuant to instructions provided by the California Attorney General's Office. Defendants are responsible for any bank charges they incur for processing wire transfers.

## VI. EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

17. Upon the Effective Date, and subject to the reservations in Paragraph 19, Defendants' satisfaction of the requirements in this Consent Decree shall resolve, settle, and release California's claims, asserted by and through Xavier Becerra, Attorney General of the State of California, against Defendants, their successors, and all affiliates, parents, or subsidiaries of Defendants identified in Appendix F of the FCA/US/CA Consent Decree ("Appendix F"), and any present or former directors, officers, or employees of Defendants or their affiliates, parents, or subsidiaries identified in Appendix F, provided that such persons were acting within the scope of their employment for the violations alleged in the California Complaint, and also as follows:

  a. All civil claims for relief that were brought or could be brought by the California Attorney General under California Business and Professions Code §§ 17200 et seq., 17500 et seq., and 17580.5, or under any other consumer protection, unfair trade and deceptive acts and practices laws, including any such claims in common law or equity, arising from or related to the Covered Conduct concerning the Subject Vehicles, including for civil penalties, fines, other monetary payments and injunctive relief.

b.　　All claims against Defendants that were brought or could be brought for relief to consumers (including claims for restitution, refunds, rescission, damages, disgorgement or other monetary payments, and attorneys' fees and costs), arising from or related to the Covered Conduct concerning the Subject Vehicles.  In exchange for this release of the California Attorney General's claims for relief to consumers, Defendants shall provide the relief to the consumers that is provided for in the FCA/US/CA Consent Decree, as well as the relief to consumers that is provided for in the consumer class action settlement concerning the Subject Vehicles to be filed by the Plaintiffs' Steering Committee ("FCA Consumer Class Action Settlement"), subject to judicial approval of the FCA/US/CA Consent Decree and the FCA Consumer Class Action Settlement. This paragraph does not release any claims held by individual consumers, nor create any right for any individual consumer to enforce.

　　　　c.　　All claims for costs and attorneys' fees, including as alleged in the California Complaint.

　　18.　　To the extent that any claims released herein are duplicative of claims to be released, settled, or resolved by California under the FCA/US/CA Consent Decree or First California Partial Consent Decree, those claims are not released unless or until the Court approves and enters the FCA/US/CA Consent Decree and the First California Partial Consent Decree.

　　19.　　California reserves, and this Consent Decree is without prejudice to, all claims, rights, and remedies against Defendants with respect to all matters not expressly resolved in Paragraph 17.  Notwithstanding any other provision of this Decree, California reserves all claims, rights, and remedies against Defendants with respect to:

　　　　a.　　Enforcement of the terms of this Consent Decree;

　　　　b.　　All rights reserved under the FCA/US/CA Consent Decree and First California Partial Consent Decree, except as provided under this Consent Decree, including in paragraph 17 of this Consent Decree;

　　　　c.　　Any criminal liability;

　　　　d.　　Any part of any claims for the violations of securities laws or the California False Claims Act, California Government Code §§ 12650 et seq.;

e. Any other claims of any officer or agency of the State of California other than CARB; and,

f. Any claims held by individual consumers.

20. This Consent Decree, including the release set forth in paragraph 17, does not modify, abrogate, or otherwise limit the injunctive and other relief to be provided by Defendants under, nor any obligation of any party or person under the FCA/US/CA Consent Decree or the First California Partial Consent Decree.

21. This Consent Decree shall not be construed to limit the rights of California to obtain penalties or injunctive relief, except as specifically provided in paragraph 17. California further reserves all legal and equitable remedies to address any imminent and substantial endangerment to the public health or welfare or the environment arising at any of Defendants' facilities, or posed by the Subject Vehicles, whether related to the violations addressed in this Consent Decree or otherwise.

22. In any subsequent judicial proceeding initiated by California for injunctive relief, civil penalties, or other relief, Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by California in the subsequent proceeding were or should have been brought in the instant case, except with respect to the claims that have been specifically released pursuant to paragraph 17.

23. This Consent Decree is not a permit, or a modification of any permit, under any federal, State, or local laws or regulations. Defendants are each responsible for achieving and maintaining complete compliance with all applicable federal, State, and local laws, regulations, and permits; and Defendants' compliance with this Consent Decree shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. California does not, by its consent to the entry of this Consent Decree, warrant or aver in any manner that Defendants' compliance with any aspect of this Consent Decree will result in compliance with provisions of the Clean Air Act, or with any other provisions of United States, State, or local laws, regulations, or permits.

24. Nothing in this Consent Decree releases any private rights of action asserted by entities or persons not releasing claims under this Consent Decree, nor does this Consent Decree limit any defense available to Defendants in any such action.

25. This Consent Decree does not limit or affect the rights of Defendants or of California against any third parties, not party to this Consent Decree, nor does it limit the rights of third parties, not party to this Consent Decree, against Defendants, except as otherwise provided by law.

26. Except for any person or entity released by paragraph 17, this Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not a party to this Consent Decree. No such third party shall be entitled to enforce any aspect of this Consent Decree or claim any legal or equitable injury for a violation of this Consent Decree.

27. Nothing in this Consent Decree shall be construed as a waiver or limitation of any defense or cause of action otherwise available to Defendants in any action. This Agreement is made without trial or adjudication of any issue of fact or law, without any admission of fact or law, and without any finding of liability of any kind.

## VII.  NOTICES

28. Except as specified elsewhere in this Consent Decree, whenever any notification, or other communication is required by this Consent Decree, or whenever any communication is required in any action or proceeding related to or bearing upon this Consent Decree or the rights or obligations thereunder, it shall be made in writing (except that if any attachment is voluminous, it shall be provided on a disk, hard drive, or other equivalent successor technology), and shall be addressed as follows:

| | |
|---|---|
| As to the California Attorney General by email: | judith.fiorentini@doj.ca.gov<br>jon.worm@doj.ca.gov<br>laurel.carnes@doj.ca.gov |
| As to California Attorney General by mail: | Judith Fiorentini<br>Supervising Deputy Attorney General<br>Consumer Law Section<br>California Department of Justice<br>600 West Broadway, Suite 1800<br>San Diego, CA 92101 |

|   |   |   |
|---|---|---|
| As to one or more of the Defendants by email: | | Robert J. Giuffra, Jr.<br>David M.J. Rein<br>Granta Y. Nakayama<br>Joseph A. Eisert |

giuffrar@sullcrom.com
reind@sullcrom.com
gnakayama@kslaw.com
jeisert@jkslaw.com

|   |   |   |
|---|---|---|
| As to one or more of the Defendants by mail: | | Robert J. Giuffra, Jr.<br>David M.J. Rein<br>Sullivan & Cromwell LLP<br>125 Broad Street<br>New York, New York 10004 |

Granta Y. Nakayama
Joseph A. Eisert
King & Spalding LLP
1700 Pennsylvania Ave., N.W., Suite 200
Washington, DC 20006

29. Any party may, by written notice to the other party, change its designated notice recipient or notice address provided above.

### VIII. EFFECTIVE DATE

30. The Effective Date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court or a motion to enter the Consent Decree is granted, whichever occurs first, as recorded on the Court's docket.

### IX. RETENTION OF JURISDICTION

31. The Court shall retain jurisdiction over this case until termination of this Consent Decree, for the purpose of resolving disputes arising under this Consent Decree or entering orders modifying this Consent Decree, or effectuating or enforcing compliance with the terms of this Consent Decree.

### X. SIGNATORIES/SERVICE

32. Each undersigned representative of Defendants and the California Attorney General certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.

The California Attorney General represents that it has the authority to execute this Consent Decree on behalf of the State of California and that, upon entry, this Consent Decree is a binding obligation enforceable against the State of California under applicable law.

33. This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis. For purposes of this Consent Decree, a signature page that is transmitted electronically (*e.g.*, by facsimile or emailed "PDF") shall have the same effect as an original.

## XI. INTEGRATION

34. This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein, with the exception of the FCA/US/CA Consent Decree and First California Partial Consent Decree. The Parties acknowledge that there are no documents, representations, inducements, agreements, understandings or promises that constitute any part of this Consent Decree or the settlement it represents other than those expressly contained or referenced in this Consent Decree.

## XII. MODIFICATION

35. The terms of this Consent Decree may be modified only by a subsequent written agreement signed by the Parties. Where the modification constitutes a material change to this Decree, it shall be effective only upon approval by the Court. The California Attorney General will file any non-material modifications with the Court.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

# XIII. FINAL JUDGMENT

36. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment of the Court as to the California Attorney General and the Defendants. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

Dated and entered this 3rd day of May, 2019



_____
EDWARD M. CHEN
UNITED STATES DISTRICT JUDGE

FOR THE PEOPLE OF THE STATE OF CALIFORNIA, BY AND THROUGH XAVIER BECERRA, ATTORNEY GENERAL OF THE STATE OF CALIFORNIA:

Jan. 9, 2019
Date

*[signature: Judith]*

JUDITH A. FIORENTINI
Supervising Deputy Attorney General
JON F. WORM
LAUREL M. CARNES
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
600 West Broadway, Suite 1800
San Diego, CA 92101

*Attorneys for Plaintiff the People of the State of California*

FOR DEFENDANTS:

FOR FCA US LLC:

_____
CHRISTOPHER J. PARDI
NAFTA General Counsel and Secretary

FOR FIAT CHRYSLER AUTOMOBILES N.V.:

_____
GIORGIO FOSSATI
Corporate General Counsel and Secretary

FOR V.M. MOTORI S.P.A.:

_____
GIORGIO FOSSATI
Attorney-in-Fact

FOR V.M. NORTH AMERICA, INC.:

_____
GIORGIO FOSSATI
Attorney-in-Fact

FOR DEFENDANTS:

FOR FCA US LLC:

_____
CHRISTOPHER J. PARDI
NAFTA General Counsel and Secretary

FOR FIAT CHRYSLER AUTOMOBILES N.V.:

_____
GIORGIO FOSSATI
Corporate General Counsel and Secretary

FOR V.M. MOTORI S.P.A.:

_____
GIORGIO FOSSATI
Attorney-in-Fact

FOR V.M. NORTH AMERICA, INC.:

_____
GIORGIO FOSSATI
Attorney-in-Fact

COUNSEL FOR FCA US LLC, FIAT CHRYSLER AUTOMOBILES N.V., V.M. MOTORI S.P.A., and V.M. NORTH AMERICA, INC.:

*/s/ Robert J. Giuffra, Jr.*

ROBERT J. GIUFFRA, JR.
SCOTT D. MILLER
DAVID M.J. REIN
C. MEGAN BRADLEY
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004
giuffrar@sullcrom.com
millersc@sullcrom.com
reind@sullcrom.com
bradleyc@sullcrom.com

_____

GRANTA Y. NAKAYAMA
JOSEPH A. EISERT
ILANA S. SALTZBART
King & Spalding LLP
1700 Pennsylvania Ave., N.W., Suite 200
Washington, DC 20006
gnakayama@kslaw.com
jeisert@kslaw.com
isaltzbart@kslaw.com

COUNSEL FOR FCA US LLC, FIAT CHRYSLER AUTOMOBILES N.V., V.M. MOTORI S.P.A., and V.M. NORTH AMERICA, INC.:

ROBERT J. GIUFFRA, JR.
SCOTT D. MILLER
DAVID M.J. REIN
C. MEGAN BRADLEY
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004
giuffrar@sullcrom.com
millersc@sullcrom.com
reind@sullcrom.com
bradleyc@sullcrom.com

GRANTA Y. NAKAYAMA
JOSEPH A. EISERT
ILANA S. SALTZBART
King & Spalding LLP
1700 Pennsylvania Ave., N.W., Suite 200
Washington, DC 20006
gnakayama@kslaw.com
jeisert@kslaw.com
isaltzbart@kslaw.com