Robert J. Giuffra, Jr. (admitted *pro hac vice*)
William B. Monahan (admitted *pro hac vice*)
Thomas C. White (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2498
Telephone:    (212) 558-4000
Facsimile:    (212) 558-3588

*Attorneys for Defendants Fiat Chrysler Automobiles N.V., FCA US LLC, VM Motori S.p.A., and VM North America, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CHRYSLER-DODGE-JEEP ECODIESEL MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL CONSUMER AND RESELLER ACTIONS | Case No. 3:17-md-02777-EMC<br><br>The Honorable Edward M. Chen<br><br>**DEFENDANTS FIAT CHRYSLER AUTOMOBILES N.V., FCA US LLC, VM MOTORI S.p.A., AND VM NORTH AMERICA, INC.'S UNOPPOSED ADMINISTRATIVE MOTION TO APPROVE A QUALIFIED SETTLEMENT FUND** |

Defendants Fiat Chrysler Automobiles N.V., FCA US LLC ("FCA US"), VM Motori S.p.A., and VM North America Inc. (collectively, the "FCA Defendants") hereby move this Court for entry of an Order approving the establishment of a Qualified Settlement Fund (the "QSF"), created through the forthcoming escrow agreement among the FCA Defendants, Bosch Defendants, and Plaintiffs' Steering Committee (the "Escrow Agreement"), within the meaning of section 468B of the Internal Revenue Code of 1986, as amended (the "Internal Revenue Code"), and Treasury Regulations sections 1.468B-1, *et seq.* (the "Treasury Regulations").

In support of this Motion, the FCA Defendants respectfully state as follows:

1. In accordance with the Amended Consumer and Reseller Dealership Class Action Settlement Agreement and Release, dated January 18, 2019 (the "Settlement Agreement"), the FCA Defendants have agreed to a claims-based settlement wherein Defendants will pay Class Members on a per-claim basis through an escrow account maintained by Citibank, N.A.

2. The FCA Defendants submit this Motion seeking an order establishing the escrow account as a "qualified settlement fund" within the meaning of section 468B of the Internal Revenue Code.

3. Plaintiffs' Lead Counsel (Elizabeth Cabraser) and the Plaintiffs' Steering Committee ("PSC") do not oppose this motion.

**A.  The Qualified Settlement Fund**

4. The purpose of establishing the QSF is to accept, hold, and disburse the settlement funds owed by the FCA Defendants to participating Class Members and for administration of the settlement pursuant to, and in accordance with, the terms of the Settlement Agreement and the Escrow Agreement. Use of a qualified settlement fund allows the FCA Defendants to treat payments into the escrow account as deductible at the time those payments are made into the escrow account, rather than at the time Class Members are paid from the fund. To the FCA Defendants' knowledge, use of a qualified settlement fund will not have any impact to Class Members on the tax treatment of the payments they receive from the escrow account.

5. Section 1.468B-1(c)(1) of the Treasury Regulations requires that a qualified settlement fund be (i) "established pursuant to an order of a governmental authority, including a court of law"; (ii) "subject to the continuing jurisdiction of that governmental authority"; (iii) "established to resolve or satisfy one or more contested or uncontested claims"; and (iv) "otherwise segregated from other assets of the transferor."

6. Upon approval by this Court, the QSF will qualify as a "qualified settlement fund" under section 468B of the Internal Revenue Code and sections 1.468B-1, *et seq.* of the Treasury Regulations, because: (i) the QSF is being established pursuant to an order of this Court; (ii) the QSF will be subject to the continuing jurisdiction and supervision of the Court, which is consistent with the terms and conditions of the Settlement Agreement; (iii) the QSF is being established to resolve or satisfy Class Members' contested claims relating to alleged misrepresentations about the environmental characteristics of certain Ram 1500 and Jeep Grand Cherokee vehicles with 3.0 liter V6 diesel engines in the United States; and (iv) the QSF will be segregated from the general assets of any of the FCA Defendants.

**B.     Funding the Qualified Settlement Fund**

7. All payments made into the QSF will be made in accordance with Section 10 of the Settlement Agreement. Specifically, within ten business days after the Court enters the Final Approval Order, FCA US shall transfer or cause to be transferred $45 million into the QSF, which funds shall be used, as necessary, to compensate Class Members who submit valid claims pursuant to the Settlement Agreement. Such payments and the earnings thereon (collectively, the "Escrow Amounts") will be held by the QSF until disbursed by the Escrow Agent in accordance with the terms of the Settlement Agreement and Escrow Agreement. (*See* Settlement Agreement § 10.1.)

8. The FCA Defendants, Bosch Defendants, and PSC have agreed, and the Settlement Agreement states (*see* Settlement Agreement § 2.39), that Citi Private Bank shall serve as the escrow agent (the "Escrow Agent").

9. If and when the funding level of the QSF falls below 15% of the outstanding remaining liability to Class Members under the Settlement Agreement, the Escrow Agent shall notify FCA US in writing and, within seven business days, FCA US shall deposit such funds in the QSF as are necessary to bring the balance of the QSF back to no less than 15% of its respective outstanding remaining liabilities to Class Members; provided, however, that the minimum balance will in no event exceed the remaining maximum compensation due to all Class Members. (*See* Settlement Agreement § 10.1.)

10. The estimated maximum outstanding liability for the FCA Defendants under the Settlement Agreement is $279,960,800, and the outstanding remaining liabilities shall be calculated consistent with the Escrow Agreement.

**C. Payment of Claims**

11. Pursuant to the Settlement Agreement, upon receiving either (1) notice of approved claims from the FCA Defendants; or (2) notice of approved claims from the Claims Review Committee in the event of an appeal by a Claimant (as those terms are defined in the Settlement Agreement), the Claims Administrator shall present to the Escrow Agent a signed instruction (a "Claims Payment Instruction"). The Claims Payment Instruction shall include the dollar amount of funds required to be paid to fulfill the approved claims described above, and shall also list the FCA Defendants' respective share of the distribution.

12. The QSF will receive the funding amounts from FCA US and hold that sum, and the earnings thereon, until the QSF Administrator has completed all administration of such funds and income thereon, disbursements to Class Members, and payment of taxes and administrative costs in accordance with its terms, and subject to further approvals of this Court, if required.

13. Thereafter, the FCA Defendants, the Bosch Defendants, and the PSC shall jointly instruct the Escrow Agent in writing, two years plus thirty calendar days after the Effective Date (as defined in the Settlement Agreement), and upon the Escrow Agent's receipt of such written instruction from the Litigation Parties, which shall contain all relevant payment

instructions, the Escrow Agent shall disburse all remaining funds held in the QSF to the FCA Defendants.

WHEREFORE, the FCA Defendants respectfully request that the Court enter the order proposed herewith, which will: (i) approve the establishment of the QSF; (ii) ensure that the Court retains continuing jurisdiction and supervision over the QSF; and (iii) determine that the QSF is a "qualified settlement fund" within the meaning of section 468B of the Internal Revenue Code and the Treasury Regulations thereunder.

Dated: May 3, 2019

Respectfully submitted,

/s/ *William B. Monahan*
Robert J. Giuffra, Jr. (admitted *pro hac vice*)
William B. Monahan (admitted *pro hac vice*)
Thomas C. White (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2498
Telephone:   (212) 558-4000
Facsimile:   (212) 558-3588

*Attorneys for Defendants Fiat Chrysler Automobiles N.V., FCA US LLC, VM Motori S.p.A., and VM North America, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY this 3rd day of May, 2019, a true and correct copy of the foregoing was electronically filed and served electronically via the Court's CM/ECF system, which will automatically serve notice to all registered counsel of record.

/s/ *Megan Bradley*
Megan Bradley

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CHRYSLER-DODGE-JEEP ECODIESEL MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL CONSUMER AND RESELLER ACTIONS | Case No. 3:17-md-02777-EMC |

**[PROPOSED] ORDER APPROVING THE
ESTABLISHMENT OF A QUALIFIED SETTLEMENT FUND**

Upon the Unopposed Motion of Defendants Fiat Chrysler Automobiles N.V., FCA US LLC, VM Motori S.p.A., and VM North America Inc., and for good cause shown, the Court hereby orders as follows:

1. FCA's escrow account is established as a Qualified Settlement Fund (the "QSF");

2. the Court retains continuing jurisdiction and supervision thereof, in accordance with the terms of the forthcoming escrow agreement among the FCA Defendants, Bosch Defendants, and Plaintiffs' Steering Committee; and

3. FCA's escrow account is a "qualified settlement fund" within the meaning of section 468B of the Internal Revenue Code and the Treasury Regulations thereunder, and shall be operated in a manner consistent with the rules of Treasury Regulation Section 1.468B-1, *et seq.*

IT IS SO ORDERED.

DATED: _____, 2019        _____
                                     Edward M. Chen
                                     United States District Judge