September 29, 2020

Via ECF

The Honorable Edward M. Chen,
   United States District Court for the Northern District of California,
      450 Golden Gate Avenue,
         San Francisco, California 94102.

              Re:   *In re Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practices and Products Liability Litigation*, No. 17-md-2777 (N.D. Cal.)

Dear Judge Chen:

      On behalf of the FCA Defendants and the Bosch Defendants (together, "Defendants"), we write to bring to the Court's attention a dispute concerning certain Opt-Outs' failure to preserve their EcoDiesel Subject Vehicles (the "Trucks"), as well as the Opt-Outs' failure to provide Defendants with a reasonable opportunity to inspect those Trucks prior to disposal.[1]

      By this Letter-Motion, Defendants seek an order (1) dismissing with prejudice the claims of the five Opt-Outs who sold their Trucks to a third party after filing litigation but without providing Defendants with a reasonable opportunity to inspect, and (2) requiring the remaining Opt-Outs to provide Defendants with at least 30 days' advance notice before they sell or otherwise dispose or relinquish possession of their Trucks to a third party.

      The Opt-Outs' Trucks are central to these individual actions—indeed, the Trucks are the subject-matter of their actions. The Court's first pretrial order in this case reminded all parties "of their duty to preserve evidence that may be relevant to this action" and instructed them to "take reasonable steps to preserve all evidence that may be relevant to this litigation." (ECF No. 6 ¶ 10.) Although Defendants were not required to do so, Defendants emailed counsel for the Opt-Outs several times to remind them of their extant preservation obligations specifically with respect to the Trucks.[2] Notwithstanding those preservation obligations, ***at least eight Opt-Outs (and potentially many more) sold their Trucks after they had filed suit, and with no prior notice to Defendants***. Even worse,

---

[1] In accordance with Rule 4 of the Court's Civil Standing Order, Defendants provided their portion of this letter to counsel for the Opt-Outs on September 25, 2020, as well as offered to meet-and-confer early this week. Counsel for the Opt-Outs responded yesterday that they "do not view this as a discovery dispute" governed by Rule 4. Accordingly, Defendants are providing this Letter-Motion to the Court without the Opt-Outs' position, which the Opt-Outs have not agreed to provide, as required by Rule 4.

[2] Consistent with Rule 4, Defendants have not attached to this submission any of the correspondence with counsel for the Opt-Outs. However, Defendants would be pleased to provide the Court with any of that correspondence upon the Court's request.

five of those Trucks—previously possessed by Plaintiffs Russell Kious, Ariel Medrano, Mark Schumaker, Terri Turnbull, and Brian Way—were sold to *non-FCA* dealerships or to other third parties.  At least one Truck was then resold *again* before Defendants learned of the initial sale.  Fortunately, the remaining two vehicles were sold to FCA-authorized dealerships and, despite the Opt-Outs' belated notice, FCA was able to inspect those two Trucks prior to dealer resale.  In the few instances where counsel for the Opt-Outs has provided any advance notice of disposition, the notice has been limited (often just a few days prior to the anticipated sale, and often only to the FCA Defendants and no notice at all to the Bosch Defendants), which is particularly problematic logistically, given the challenges of coordinating inspections during the COVID-19 pandemic.

The Opt-Outs have claimed that they need not preserve their Trucks or provide Defendants with a reasonable opportunity to inspect because this litigation is a "common defect" case, where the same alleged defect allegedly exists in all Trucks.  There are at least three problems with this argument:  *First*, it is wrong as a matter of law.  In another "common-defect" case, where the alleged defect existed in all modems the defendant sold, Judge Koh held that "[Plaintiff] clearly bore a duty to preserve his Modem, because the Modem itself was obviously at least '*potentially relevant*' to his allegations that the Modem was defective."  *In re Arris Cable Modem Consumer Litig.*, 327 F.R.D. 334, 358 (N.D. Cal. 2018) (emphasis in original); *see also Erlandson* v. *Ford Motor Co.*, 2009 WL 3672898, at *4 (D. Or. Oct. 30, 2009) (rejecting plaintiffs' argument that "their particular Windstar is not relevant evidence because their claim is premised on a defect present in all Windstars").  *Second*, discovery has revealed that thousands of Truck owners, including many of the Opt-Outs, purchased products designed to illegally modify or even remove entirely the Trucks' emissions controls—despite alleging in the Complaints that the Trucks' ability to effectively reduce NOx was what a "reasonable consumer" expected.  (*See* ECF No. 362 at 18–19; *see, e.g.*, Tex. Compl. ¶ 7.)  Without the opportunity to inspect the Trucks, evidence of such illegal modifications and widespread tampering may be lost.  *Third*, in connection with the Class Plaintiffs' Complaint, this Court correctly held that a plaintiff's use of the vehicles, and the value derived therefrom, bears directly on the injury (if any) suffered by that plaintiff.  295 F. Supp. 3d 927, 958 (N.D. Cal. 2018).  An inspection of the Truck is therefore necessary to determine the value the Opt-Outs derived from their Trucks, including vehicle use and condition, mileage, and fuel economy.

For the five Opt-Outs who have already disposed of their Trucks without providing Defendants with advance notice and an opportunity to inspect, the appropriate remedy is dismissal of their claims with prejudice.  *E.g.*, *Erlandson*, 2009 WL 3672898, at *7 ("Plaintiff's disposal of the [vehicle] is so prejudicial to Defendant's ability to defend . . . that a sanction less than dismissal . . . would be meaningless."); *Jordan* v. *Ford Motor Co.*, 2010 WL 11627610, at *4, 7 (D. Ariz. Apr. 19, 2010) ("[D]ismissal is warranted as a sanction . . . [b]ecause plaintiff had 'some notice that the [vehicle was] potentially relevant to the litigation' . . . [and] her failure to preserve the [vehicle] was willful.").  For the remaining Opt-Outs who in the future intend to sell or otherwise dispose or relinquish possession of their Trucks to a third party, Defendants should be provided with at least 30 days' advance notice to schedule and perform an inspection.

The Honorable Edward M. Chen                                                                                     -3-

<div style="display: flex;">

Respectfully,

/s/ *Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.
William B. Monahan
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000
giuffrar@sullcrom.com
monahanw@sullcrom.com

***Counsel for the FCA Defendants***

</div>

<div>

Respectfully,

/s/ *Matthew D. Slater*
Matthew D. Slater
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
2112 Pennsylvania Ave., N.W.
Washington, D.C.  20037
(202) 974-1500
mslater@cgsh.com

***Counsel for the Bosch Defendants***

</div>

cc:     All counsel of record (by ECF)